UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 DEC -8  A 10: 55

U.S. DISTRICT COURT
HARTFORD, CT.

SHAWN ROBINSON          :
                        :          PRISONER
    v.                  :     Case No. 3:02CV1943(CFD)(TPS)
                        :
MICHAEL HOLLAND, et al. :

RULING AND ORDER

Plaintiff has filed a second motion seeking appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

As the court stated in its previous ruling, the Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

In his first motion, plaintiff stated that he contacted two law firms seeking assistance and heard from one of them. He did not indicate that he has contacted Inmates' Legal Assistance Program. In this motion, plaintiff states that he cannot obtain

counsel on his own, but does not provide any information regarding attempts to obtain legal assistance from private law firms. He also states that Inmates' Legal Assistance Program will not appear on his behalf. He also disputes the adequacy of the legal assistance they provided him. The court concludes that plaintiff has not clearly shown that he cannot obtain legal assistance on his own.

Further, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Id. In Cooper v. Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." 877 F.2d at 173-74. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171.

Here, service has not yet been effected and defendants have not had an opportunity to respond to the amended complaint. Thus, the court cannot determine whether plaintiff's claims pass the test of likely merit. Accordingly, plaintiff's motion for appointment of counsel **(Dkt. #27)** is **DENIED WITHOUT PREJUDICE** to renewal at a later stage of litigation. Any renewed motion shall further document plaintiff's efforts to obtain pro bono counsel on his own.

**SO ORDERED.**

Entered this 8th day of December, 2004, at Hartford, Connecticut.

_____
Thomas P. Smith
United States Magistrate Judge