UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN ROBINSON, | : | PRISONER |
| *PLAINTIFF,* | : | NO. 3:02CV1943 (CFD)(TPS) |
| | : | |
| VS. | : | |
| | : | |
| MICHAEL L. HOLLAND ET AL., | : | |
| *DEFENDANTS.* | : | APRIL 6, 2005 |

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS
COMPLAINT**

**I.   FACTS**:

On or about November 1, 2002, plaintiff brought this action. In his third amended complaint, which is dated December 20, 2004, plaintiff alleges that alleges that on November 8, 1999, before his transfer to Wallens Ridge State Prison in Virginia, he was brutally beaten and assaulted by certain named defendants and a number of other prison guards. Plaintiff alleges that he sought the assistance of Major Kearney, who just laughed at the plaintiff. Plaintiff alleges that thereafter he was brought to Walker, C.I. where he was examined by defendants Bernard and Schreindorfer. Plaintiff alleged that Schreindorfer stated that plaintiff need to shower to remove mace from him but that the "guards" stated no. Finally, plaintiff alleges that he requested to be moved out of Northern C.I. prior to November 8, 1999 but defendant Myers refused.

Because plaintiff fails to set forth any allegations against defendants Seiffert, Lynch, Ames, Felton, Kuhlman, Stucenski, Thomas, Smith, Knapp, Jr., Daire, Lajoie, Zacharewicz, Wilcox and Pepe, this action must be dismissed as to them. In addition, because plaintiff fails to allege that defendants Strozier, Bernard or Schreindorfer did anything to violate any of his constitutional rights, this action should be dismissed as to them. Similarly, because an inmate has no right to be housed in any particular facility,

this action should be dismissed as to defendant Myers. Moreover, because plaintiff has not alleged any facts to suggest that defendants Seiffert, Lynch, Ames, Felton, Kuhlman, Stucenski, Thomas, Smith, Knapp, Jr., Daire, Lajoie, Zacharewicz, Wilcox, Pepe, Strozier, Bernard, Schreindorfer or Myers acted willful or wanton, plaintiff's pendent state law claims against them in their individual capacities should be dismissed under Connecticut General Statutes § 4-165. Finally, plaintiff's claims against the John Doe defendants must be dismissed.

## II. LEGAL ARGUMENT:

### A. STANDARD OF REVIEW:

When considering a Rule 12(b) motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws inferences from those allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1991), cert. denied, 504 U.S. 911 (1992). "[A]lthough a court considering a motion to dismiss for failure to state a claim is limited to the facts stated in the complaint, the complaint includes any written instrument attached to it as an exhibit and any statements or documents incorporated into it by reference." Paulemon v. Tobin, 30 F.3d 307, 308-309 (2d Cir. 1994); Cortec Indus., Inc. v. SUM Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991), cert. denied, 503 U.S. 960 (1992). In adjudicating a Rule 12(b)(6) motion, a district court may also consider matters of which judicial notice may be taken." Leonard v. Israel Discount Bank of New York, 1999 U.S. App. LEXIS 32906 (2d Cir. 1999) citing Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). Finally, a document outside the pleadings may be considered if "1) there was undisputed notice to plaintiffs of the document's contents and 2) the

document was integral to plaintiff's claim." Degrooth v. General Dynamics Corp., 837 F. Supp. 485 (D.Conn. 1993) affirmed 28 F.3d 103 (1994) cert. denied 115 S.Ct. 637 (1994).

The function of a motion to dismiss is merely "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Younger v. Chernovetz, 792 F. Supp. 173, 174 (D. Conn. 1992), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Frasier v. General Electric Co., 930 F.2d 1004, 1007 (2d Cir. 1991).

In Flaherty v. Coughlin, 781 F.2d 10, 13 (2d Cir. 1983) the Court held that "[C]ertain claims are so easily made and can precipitate such protracted proceedings with such disruption of governmental functions that . . . detailed fact pleading is required to withstand a motion to dismiss."  Complaints containing only conclusory, vague or general allegations of wrongdoing on the part of government officials will be dismissed. Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977). Thus, "a complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Telectronics Proprietary, Ltd. v. Medtronics, Inc., 687 F. Supp. 832, 836 (S.D.N.Y. 1988) (citations omitted). A complaint which fails to do so is subject to dismissal for having failed to state a claim upon which relief can be granted.

3

**B.  THE PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT PERSONAL INVOLVEMENT AS TO SEIFFERT, LYNCH, AMES, FELTON, KUHLMAN, STUCENSKI, THOMAS, SMITH, KNAPP, JR., DAIRE, LAJOIE, ZACHAREWICZ, WILCOX PEPE, STOZIER, BERNARD, SCHREINDORFER AND MYERS**

Here, plaintiff fails to allege any facts to suggest the sufficient personal involvement of the defendants Seiffert, Lynch, Ames, Felton, Kuhlman, Stucenski, Thomas, Smith, Knapp, Jr., Daire, Lajoie, Zacharewicz, Wilcox, Pepe, Stozier, Bernard, Schreindorfer and Myers. Accordingly, this action should be dismissed as to them.

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected,' the complainant to a deprivation of rights secured by the Constitution and laws." Rizzo v. Goode, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. § 1983). Where damages are sought in a § 1983 action, the defendant(s) must be responsible for the alleged constitutional deprivation. Thus, an allegation of personal involvement is a necessary prerequisite for a valid cause of action under § 1983. See, e.g., Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987); Johnson v. Glick, 481 F.2d 1028, 1034 (2d Cir.), cert. denied, 414 U.S. 1033 (1973), rev'd on other grounds, Graham v. Connor, 490 U.S. 386 (1989); McKinnon v. Patterson, 568 F.2d 930 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978). Consistent with the requirement that personal involvement is required for a claim under § 1983, the Supreme Court has ruled that the general doctrine of respondeat superior does not suffice to state a claim under § 1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692-95 (1978). Thus, in order to state a cognizable claim, the plaintiff must allege, and ultimately prove, "personal involvement of [the defendants] sufficient to support their liability for wrongful acts," not merely their

"linkage in the . . . chain of command." Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985).

Supervisory responsibility alone is not enough to confer exposure to liability. Williams v. Smith, 781 F.2d 313, 323 (2d Cir. 1986); Williams v. Vincent, 508 F.2d 541, 546 (2d Cir. 1974). A supervisory official may only be liable if it is alleged that he or she learned of the violation and failed to remedy the wrong, if he created or permitted the policy or wisdom under which the unconstitutional practices occurred, or if he was grossly negligent in managing subordinates who caused the violation. Williams v. Smith, 781 F.2d at 323-24; Meriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989). "A plaintiff must thus allege a tangible connection between the acts of the defendants and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986). An official cannot be held liable merely because he or she occupies a high position in the prison hierarchy. Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995). "Mere allegations that defendants knew of the wrongs does not establish personal involvement." Romer v. Morgenthau, 119 F. Supp. 2d 346, 355 (S.D.N.Y. 2000) citing De Jesus v. Sears, Roebuck and Co., 87 F.3d 65, 70 (2d Cir. 1996).

Moreover, "the Second Circuit has held that complaints with vague and conclusory allegations of a conspiracy to deprive a person of constitutional rights simply cannot withstand a motion for summary judgment." Katz v. Morgenthau, 709 F. Supp. 1219, 1235 (S.D.N.Y.) aff'd in part reversed in part, 892 F.2d 20 (2d Cir. 1989); see also Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996); Herrera v. Scully, 815 F. Supp. 713, (S.D.N.Y. 1993).

5

In the instant matter, the plaintiff fails to make any allegations whatsoever as to defendants Seiffert, Lynch, Ames, Felton, Kuhlman, Stucenski, Thomas, Smith, Knapp, Jr., Daire, Lajoie, Zacharewicz, Wilcox and Pepe. Without any allegations whatsoever, this action cannot proceed as to said defendants. Accordingly, the matter must be dismissed as to them

Plaintiff's only allegation as to defendant Stozier is that he photographed plaintiff after plaintiff alleges that he received some beating and after the photo was taken other named defendants began beating plaintiff some more. Plaintiff does not allege that Stozier was present during any of the alleged beatings. These allegations are not sufficient to base a civil rights action against defendant Stozier and thus this action should be dismissed as to him.

Similarly, plaintiff's only allegations as to Bernard and Schreindorfer are that they both visually inspected his injuries at Walker and that Schreindorfer requested that plaintiff be allowed to decontaminate himself but the "guards" refused to allow him to shower. Plaintiff does not allege that he suffered from any sufficiently serious condition and/or that Benard and Schreindorfer were deliberately indifferent to such condition. Accordingly, plaintiff's claims against these defendants should be dismissed.

> . . . the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. . . . prison officials must ensure that inmates receive adequate. . . . medical care. . . .

Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1976 (1994).

> Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation must be, objectively, sufficiently serious. . . The second requirement . . . [is that] a prison official must have a

6

>sufficiently culpable state of mind. [citations omitted]. In prison-
>conditions cases that state of mind is one of deliberate indifference
>to inmate health or safety. [citations omitted].

Id. at 1977.

In order to establish an unconstitutional denial of medical care, a prisoner must show that prison officials were deliberately indifferent to his serious medical needs. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) cert. denied, 115 S. Ct. 1108 (1995) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976). However, every claim by an inmate that he has not received adequate medical attention does not constitute a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285, 291 (1976). The official must have known of and disregarded, "an excessive risk to inmate health or safety." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). Differences of opinion between a prisoner and prison officials concerning the appropriate response and treatment of a medical complaint, or allegations of medical malpractice, generally do not satisfy the deliberate indifference standard. Id at 702.

Here, plaintiff fails to allege that he suffered from a sufficiently serious condition which cried out for medical attention and defendants Bernard and Schreindorfer ignored this condition. Plaintiff does not allege that he needed any particular type of medical condition but they failed to provide it. Rather, plaintiff alleges that Schreindorfer asked the guards to rinse plaintiff off and decontaminate him. Plaintiff fails to allege what other medical care, he should have received, but didn't for his condition. Without such allegations, this action cannot proceed as to defendants Schreindorfer or Bernard.

Finally, plaintiff alleges that prior to November 8, 1999, he had requested to be transferred from Northern C.I. but that defendant Myers had refused to transfer plaintiff.

Again, these allegations fail to state a cause of action. Plaintiff does not have the right to be housed at any particular correctional facility. See Olim v. Wakinekona, 461 U.S. 238, 248, 75 L. Ed. 2d 813, 103 S. Ct. 1741 (1983); Meachum v. Fano, 427 U.S. 215, 225, 49 L. Ed. 2d 451, 96 S. Ct. 2532 (1976) (Due Process Clause does not foreclose State's right to assign or transfer inmate to any state prison).

Because plaintiff's complaint is legally insufficient as to defendants Seiffert, Lynch, Ames, Felton, Kuhlman, Stucenski, Thomas, Smith, Knapp Jr., Daire, Lajoie, Zacharewicz, Wilcox, Pepe, Strozier, Bernard, Schreindorfer and Myers, this action should be dismissed as to them.

### C. DEFENDANTS HAVE STATUTORY IMMUNITY UNDER CONNECTICUT GENERAL STATUTES 4-165

In addition to having sovereign immunity, state officers and employees have statutory immunity.

More specifically, Conn. Gen. Stat. § 4-165 provides in pertinent part that "no state officer or employee shall be personally liable for damage or injury, not wanton or willful, caused in the performance of his duties and within the scope of his employment..." Conn. Gen. Stat. § 4-141 defines state officers and employees as including "every person elected or appointed to or employed in any office, position or post in the state government whatever his title, classification or function and whether he serves with or without remuneration or compensation." Conn. Gen. Stat. § 4-165 which provides immunity to state employees from personal liability for injury not wantonly or willfully caused in the performance of their duties and within the scope of their employment precludes plaintiff from maintaining his claims against these defendants. Sullivan v. State, 189 Conn. 550 554, 457 A.2d 1196 (1983).

As discussed above, plaintiff fails to make any allegations whatsoever as to defendants Seiffert, Lynch, Ames, Felton, Kuhlman, Stucenski, Thomas, Smith, Knapp, Jr., Daire, Lajoie, Zacharewicz, Wilcox and Pepe. Plaintiff has not alleged that these defendants acted wantonly or willfully and thus they have statutory immunity on plaintiff's state law claims. Accordingly, plaintiff's pendent state law claims must be dismissed as to them

Plaintiff also fails to allege that defendant Stozier acted willfully, wantonly or recklessly in photographing plaintiff. Again, defendant has immunity under Connecticut General Statutes §4-165 and plaintiff's pendent state law claims should be dismissed as to him.

Similarly, plaintiff alleges that defendants Bernard and Schreindorfer both visually inspected his injuries at Walker and that Schreindorfer requested that plaintiff be allowed to decontaminate himself but the "guards" refused to allow him to shower. Again, plaintiff has failed to set forth any allegations to suggest that Bernard or Schreindorfer acted willfully, wantonly or recklessly and thus plaintiff's state law claims against these defendants should be dismissed.

In addition, plaintiff alleges that prior to November 8, 1999, he had requested to be transferred from Northern C.I. but that defendant Myers had refused to transfer plaintiff. Again, plaintiff does not allege and cannot allege that defendant Myers acted willfully, wantonly or recklessly in failing to transfer plaintiff prior to November 8, 1999. Thus, plaintiff's pendent state law claims against defendant Myers also should be dismissed.

Finally, in paragraph 60, plaintiff attempts to sue all the state correctional defendants for the "tort of negligence in the performance of their correctional duties" Plaintiff cannot maintain this action against the individual state defendants for negligence. Connecticut General Statutes §4-165 prohibits such.

### D. PLAINTIFF'S CLAIMS FOR FALSE IMPRISONMENT ARE BARRED BY HECK V. HUMPHREY

It is undisputed and a matter of public record that in 1999, plaintiff was serving a 45 year sentence for assault in the second degree, rioting at a correctional institution, and possession of a weapon or dangerous instrument in a correctional institution. State v. Robinson, 227 Conn. 711 (1993). Nonetheless, plaintiff attempts to sue the correctional defendants for "false imprisonment." Because plaintiff may not seek to invalidate his criminal conviction through these civil proceedings, his pendent state law claim for false imprisonment should be dismissed.

In Heck v. Humphrey, 512 U.S. 477, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994), , the Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. 512 U.S. at 486-87 (footnote omitted). The Court's rationale was based, in part, on a desire to "avoid[] parallel litigation over the issues of probable cause and guilt," prevent "the creation of two conflicting resolutions arising out of the same or identical transaction," and preclude "a convicted criminal defendant [from making a] . . . collateral

attack on the conviction through the vehicle of a civil suit." Id. at 484 (internal quotation marks and citations omitted).

Because plaintiff's claim of false imprisonment is a collateral attack on his criminal conviction, those claims must be dismissed.

### E. ABSENT SERVICE OF PROCESS THIS LAWSUIT MUST BE DISMISSED AS AGAINST THE UNNAMED, UNSERVED "JOHN DOE" DEFENDANTS FOR LACK OF PERSONAL JURISDICTION

With respect to the unnamed correctional officers referred to only as "John Doe", the defendants raise the obvious defect in the service of process. Counsel cannot defend a lawsuit on behalf of individuals who remain unidentified. The lack of personal service upon such "John Doe" defendants thus deprives this court of personal jurisdiction over these individuals.

Rule 4 deals extensively with service of original process, which is the means by which the court secures jurisdiction over the defendant's person. Without jurisdiction over the person, the court cannot render a valid judgment against him. Such a judgment, absent personal jurisdiction, violates due process. See, generally, Moore's Federal Practice, ¶ 4.02[3]. Subsection (c) outlines the manner in which each defendant is to be physically serviced with process. Subsection (d) describes the specific persons who must be served.

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party serviced." Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444-45, 66 S.Ct. 242, 245-46, 90 L.Ed. 185 (1946). Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient

> relationship between the defendant and the forum. There also must
> be a basis for the defendant's amenability to service of summons.
> Absent consent, this means there must be authorization for service
> of summons on the defendant.

<u>Omni Capitol Intern v. Rudolph Wolff & Co., Ltd.</u>, 484 U.S. 97, 103, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987). Finally, subsection (j) of Rule 4 provides, in pertinent part, as follows:

> If a service of the summons and complaint is not made upon a
> defendant within 120 days after the filing of the complaint and the
> party on whose behalf such service was required cannot show good
> cause why such service was not made within that period, the
> actions should be dismissed as to that defendant without prejudice
> upon the court's own initiative with notice to such party or upon
> motion. . . .

John Doe defendants have not and cannot be served in their individual capacities because the Marshall's Office simply does not know who these individuals are. In the absence of service of process upon such individuals within 120 days, this court is without jurisdiction to hear this matter. Dismissal is the only appropriate remedy under such circumstances.

## **CONCLUSION:**

For all the foregoing reasons, it is respectfully submitted that the defendants' Motion to Dismiss should be granted.

        DEFENDANTS,

        Michael Holland, et al.

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL


        BY:__/s/_____
        Ann E. Lynch
        Assistant Attorney General
        Federal Bar No. ct 08326
        110 Sherman Street
        Hartford, CT 06105
        Tel.: (860) 808-5450
        e-mail: ann.lynch@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** was mailed this ___ day of April, 2005, first class postage prepaid, to:

Shawn Robinson, Inmate #1503529-430720
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625-0861

John W. Dietz, Esq.
Halloran and Sage, LLP
315 Post Road West
Westport, Ct 06880

        __/s/_____
        Ann E. Lynch
        Assistant Attorney General