

FILED

2005 MAY 18 P 4: 51

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN ROBINSON,
    Plaintiff,

V.

MICHAEL L. HOLLAND, et al

PRISONER
CIVIL ACTION NO.
3:02-cv-1943(CFD)

MAY 17, 2005

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

The undersigned defendant, John Zierdt, Jr., hereby files this memorandum of law in support of his motion to dismiss for lack of personal jurisdiction and insufficiency of service of process.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff, Shawn Robinson, is currently an inmate in the custody of the State of New Jersey Department of Corrections. His claims relate to his transfer from Northern Correctional Institution in Somers, Connecticut to the State of Virginia Wallens Ridge Prison on or about November 8, 1999. In his Third Amended Complaint dated December 20, 2004, the plaintiff invokes 42 U.S.C. §§ 1983, 1986, 1988 and claims violations of the First, Eighth and Fourteenth Amendments to the U.S. Constitution. The plaintiff also invokes the Court's supplemental jurisdiction for tort claims arising under Connecticut law. The undersigned defendant, John Zierdt, moves to dismiss the claims

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

against him in the third amended complaint on the grounds that this Court lacks personal jurisdiction over him, as well as insufficiency of service of process.

### III. LAW AND LEGAL STANDARD

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir.1996). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir.1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F.Supp. 784, 786 (D.Conn.1990) (citing Scheuer, 416 U.S. at 232). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir.1993). See also, Torres v. Pelligrino, 2004 WL 2095540 (D.Conn.)(Droney, J.).

315 Post Road West
Westport, CT 06880

2
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

When considering a motion to dismiss for lack of jurisdiction, the court may resolve jurisdictional factual issues by referring to evidence outside of the pleadings, such as affidavits or documentary exhibits. See Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir.2000) (subject matter jurisdiction); A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir.1993) (personal jurisdiction).

A.  Personal Jurisdiction

The undersigned defendant, John Zierdt, Jr., asserts that the Court lacks personal jurisdiction over him because the criteria of Connecticut's long-arm statute, Conn. Gen.Stat. § 52-59b, has not been satisfied. Furthermore, Mr. Zierdt's conduct does not conduct satisfy the "minimum contacts" requirement of the Due Process Clause of the Fourteenth Amendment.

When a defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff bears the burden of proving that the court has jurisdiction over the defendant. When personal jurisdiction is challenged through a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff has the burden of showing that the court has jurisdiction over the defendant. DiStephano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir.2001) (" 'When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." ') (quoting Bank Brussels Lambert v. Fiddler, Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir.1999). See also, Amerbelle

315 Post Road West
Westport, CT 06880

3
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

Corp. v. Hommel, 272 F.Supp.2d 189, 192 (D.Conn.2003); Metro. Life Ins. v. Robertson-Ceco Corp., 84 F.3d 560, 566-67 (2d Cir.1996); Ensign-Bickford Co. v. ICI Explosives USA, Inc., 817 F.Supp. 1018, 1026 (D.Conn.1993); Viera v. Tarvin, 2005 WL 356780 (D.Conn.)(Droney, J.).

The plaintiff must make a prima facie showing, which may include affidavits and other evidence, that the defendant's conduct was sufficient for the Court to exercise personal jurisdiction. Vague and conclusory allegations, however, "are not enough to establish personal jurisdiction." Harris v. Wells, 832 F.Supp. 31, 34 (D.Conn.1993) (citing Shaw v. American Cyanamid Co., 534 F.Supp. 527, 528 (D.Conn.1987)). See also, Sadler v. Roland, 2004 WL 2061127 (D.Conn.)(Droney, J.).

A federal court may exercise personal jurisdiction over a defendant who is not a citizen of the forum state only if the forum state's long-arm statute authorizes the exercise of such jurisdiction. See PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir.1997) ("In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules 'if the federal statute does not specifically provide for national service of process" ') (quoting Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir.1990); Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 105, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) (because section 1983 does not provide for service of process beyond state borders, the district court requires authorization from the state long-arm statute before it may exercise personal jurisdiction

315 Post Road West
Westport, CT 06880

4
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

over the out-of-state defendants). If the court concludes that the state's long-arm statute authorizes the exercise of jurisdiction over the defendant, the court must then determine whether the application of the statute satisfies the "minimum contacts" requirement of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. <u>International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)</u>.

<u>Connecticut General Statutes § 52- 59b(a)</u> governs the exercise of jurisdiction over nonresidents of the state. Under that statute, personal jurisdiction over a nonresident individual exists if the individual or his agent:

> (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer ... or a computer network ... located within the state.

B. <u>Insufficiency of Service of Process</u>

Alternatively, Defendant Zierdt asserts that he should be dismissed from this action because plaintiff's service of process was improper.

315 Post Road West
Westport, CT 06880

5

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195


**HALLORAN & SAGE LLP**
ATTORNEYS AT LAW

In a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of establishing that service was adequate. See Schnall v. Annuity & Life Re Ltd., 2003 U.S. Dist. LEXIS 23258 (D.Conn. Dec. 13, 2003).

## IV.   ARGUMENT

As indicated in the attached Affidavit of John Zierdt, Jr., Mr. Zierdt is a resident of the State of Alabama. Mr. Zierdt has never lived in or owned any real property in Connecticut. Mr. Zierdt was not physically present in Connecticut on or about November 8, 1999, for any of the events described in the plaintiff's complaint. Mr. Zierdt has never met the plaintiff in this action. Mr. Zierdt has not been served with with the Summons in this matter.

In the instant case, plaintiff has not alleged that defendant Zierdt transacted business, owned property, or used computers within Connecticut. Connecticut's long-arm jurisdiction statute does not confer jurisdiction over all torts which injure Connecticut residents. In order to be sued in Connecticut, an out-of-state tortfeasor must be shown to regularly conduct business or derive revenue in the state. The plaintiff has not asserted any facts or provided any evidence to make a prima facie showing that defendant Zierdt meets this standard, nor has the plaintiff shown that defendant Zierdt has any contacts with Connecticut, the forum state. Consequently, the Court should dismiss Mr. Zierdt from this action for lack of personal jurisdiction.

Furthermore, effective service of process is a necessary element for the Court to

exercise personal jurisdiction over a nonresident defendant. Defendant Zierdt has not been served with the Summons. Before addressing the service of process issue, however, plaintiff must demonstrate that defendant Zierdt in the first instance is subject to such service under Connecticut's long-arm statute. Because plaintiff fails to meet this burden, the Court must find that it lacks personal jurisdiction over Mr. Zierdt and dismiss him from this action.

## V. CONCLUSION

The plaintiff's method of service as to Mr. Zierdt is inadequate, insofar as Mr. Zierdt has not been served with a summons. Nevertheless, the plaintiff has not established that Mr. Zierdt is even *subject* to service, because he has not proved that the Court may exercise personal jurisdiction over Mr. Zierdt. Based upon the foregoing, defendant Zierdt respectfully requests that his motion to dismiss be granted.

DEFENDANT,
JOHN ZIERDT, JR.

By_____
JOHN W. DIETZ of
HALLORAN & SAGE LLP
Fed. Bar #ct 13432
315 Post Road West
Westport, CT 06880
(203) 227-2855
dietz@halloran-sage.com

315 Post Road West
Westport, CT 06880

7

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195

## CERTIFICATION OF SERVICE

This is to certify that on this 17th day of May, 2005, a true copy of the foregoing was sent via first class mail, postage prepaid, to all counsel and pro se parties of record as follows:

Plaintiff, Shawn Robinson, pro se:

Shawn Robinson
oso 1503529-430720
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625-0861

Various defendants, c/o:

Ann E. Lynch, Esq.
Attorney General's Office
110 Sherman Street
Hartford, CT 06105

_____
John W. Dietz

315 Post Road West
Westport, CT 06880

8
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No. 412195