UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 OCT -7 P 3: 49
U.S. DISTRICT COURT
BRIDGEPORT, CONN

SHAWN L. ROBINSON,
        Plaintiff
   V.
MICHAEL L. HOLLAND, ET AL.,
        Defendandts.

CIVIL ACTION

NO. 3:02-CV-1943(CFD)(TPS)

SEPTEMBER 17, 2005

## MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to Conn. Local Civ. Rule 83.10(b), and 28 USC § 1915, plaintiff respectfully comes before this Honorable Court seeking appointment of pro bono counsel to represent him in this action.

This is plaintiff's third motion for appointment of counsel in this matter, because he does not have the financial means to employ a private attorney to provide him with legal representation.

Furthermore, plaintiff was unable to obtain any of the lawyers on the court's pro bono list to take his case.

Plaintiff has wrote more than thirty of the pro bono attorneys from off the list the clerk of the court sent him, but he only got about seven responses. (See Attachments)

The best response plaintiff received, was from the law offices of LaBelle + LaBelle & Naab. (See Exhibit A)

When Attorney Geoffrey Naab wrote plaintiff back on July 22nd, he informed plaintiff that he could not represent him in this case, because there was too much work that needed to be done in too short of a time.

There were also several other law offices and lawyers who took an interest in plaintiff's case, but declined to give him any legal representation, after having him send them a copy of his complaint. (See Exhibits B & C)

Plaintiff has made every possible effort to obtain an attorney in this matter, but to no avail. (See Exhibits D to K)

The court has instructed plaintiff to demonstrate and document his efforts to obtain pro bono counsel on his own, and furthermore, he must indicate why the assistance available from Inmates' Legal Assistance Program (ILAP) is inadequate.

Plaintiff hopes the court is willing to indulge and endure his diatribe about the inadequate legal assistance of ILAP. Because he has built up a history of trying to get adequate legal assistance from ILAP over the past nine (9) years.

Prior to this action, plaintiff was already seeking assistance from ILAP for matters concerning Conn DOC staff arbitrarily placing him on administrative segregation, falsifying disciplinary reports, staff harassment, maltreatment, death threats and physical abuse by DOC staff at Northern Correctional Institution (NCI) in Somers, CT.

The first time plaintiff ever contacted ILAP for their aid and assistance, was in the year of 1996, when he had been working on an out-of-state transfer and re-classification complaint against the Connecticut Department of Correction (DOC). But plaintiff received a letter from ILAP Managing Attorney, Ms. Jane Starkowski, who told him that ILAP could not provide him legal assistance, because they only provided services to people who are incarcerated in a Connecticut institution. (See Exhibit M)

-2-

But when the plaintiff was transferred back to Connecticut and arbitrarily placed on administrative segregation at NCI Somers, the attorneys at ILAP still denied his request for legal assistance.

Whenever, plaintiff had brought up any complaint about the DOC and its staff to ILAP for assistance, it always seemed like they could not assist him in his legal endeavors, or that his cases did not meet their prima facie standard.

In this particular case, it took plaintiff over a few years of repeatedly requesting for legal assistance from ILAP, before they even put together a rough draft of this complaint for the plaintiff to file in court.

After plaintiff finally got his complaint filed, he asked ILAP to assist him in putting together his interrogatories and discovery motions for production of documents, but ILAP was quick to tell the plaintiff no! ILAP told plaintiff that he would have to wait until the defendants respond, before they did any discovery for him.

As this court can see, plaintiff is still waiting, and ILAP is fully aware of the discovery deadline.

It should also be pointed out, that ILAP failed to do a motion for leave to amend, before having plaintiff file his second amended complaint that they typed up, thus forcing this court to reject it.

ILAP even gave plaintiff some very bad legal advice on serving the defendants with the summons and complaint. When plaintiff made ILAP aware that some of the U.S. Marshals forms were being returned to him with "un-executed" written on them, ILAP told plaintiff that he did not have to worry about these defendants, because they were served, it only meant that they did not sign for the complaint.

But when the defendants had raised this issue, as one of their arguments in their motion to dismiss, ILAP promised to put together a motion to have the defendants served in person, via U.S. Marshals service. It has been almost seven (7) months, since ILAP made this promise to plaintiff, and as this court can see, plaintiff is still waiting for them to do this motion as well.

Furthermore, plaintiff had to pay another prisoner some of his commissary to help him put together a brief in opposition to the defendants' motion to dismiss, because ILAP had refused to address the erroneous legal argument that the defendants were putting forth to attack plaintiff's <u>due process of law</u> claim on being arbitrarily placed on administrative segregation.

Plaintiff wants to take his case to trial, and if he is unable to reach any settlement agreement, he will definitely be in need of a lawyer to represent him at trial, because ILAP will not provide any legal representation. (See Exhibit L)

Plaintiff has little to no knowledge of the law, and access to the law library is extremely limited. also, when plaintiff is sent back to NCI Somers, he will not be allowed access to the facility's law library. (See Exhibit N)

For the foregoing reasons, plaintiff prays that this Honorable Court grant his motion, and appoint counsel to represent him.

                                            Respectfully Submitted,
                                            THE PLAINTIFF PRO SE.

                                            */s/ Shawn L. Robinson*
                                            MR. SHAWN L. ROBINSON
                                            #430720-OS01503529
                                            P.O. BOX 861
                                            TRENTON, NJ 08625-0861

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed on this 17th day of September, 2005, via prison unit staff to all of the counsel on record as follows:

MS. ANN E. LYNCH, ESQ.
ASSISTANT ATTORNEY GENERAL
110 SHERMAN STREET
HARTFORD, CT  06105

MR. JOHN W. DIETZ, ESQ.
HALLORAN & SAGE, LLP
315 POST ROAD WEST
WESTPPORT, CT  06880

*MR. Shawn L. Robinson*
MR. SHAWN L. ROBINSON
THE PLAINTIFF   PRO SE