UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                          |   |                              |
|--------------------------|---|------------------------------|
|                          |   | PRISONER                     |
| SHAWN ROBINSON           | : | CIVIL NO. 3:02CV1943(CFD)(TPS) |
| V.                       | : |                              |
| MICHAEL HOLLAND, ET AL.  | : | NOVEMBER 2, 2005             |

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO COMPEL AND/OR FOR SANCTIONS

**FACTS**:

On or about July 19, 2005, co-defendants moved for permission to take the deposition of the plaintiff Shawn Robinson. The court granted this motion on or about July 29, 2005. Thereafter, on or about August 15, 2005 co defendants noticed plaintiff's deposition for Friday, October 21, 2005 at 10:00 AM.

The undersigned made travel arrangements and arrangements through the Connecticut Interstate Compact office, with the New Jersey prison officials for this deposition to occur.

Thereafter, on October 20, 2005, at approximately 3:30 Pm, the undersigned received a telephone call while in her car, en route to New Jersey, from Attorney John Dietz who represents the co-defendants in this case. Attorney Dietz advised that plaintiff had phoned him, stating that he would be unavailable for his deposition the following day. According to Attorney Dietz, Mr. Robinson represented that the next day was Ramadan and that plaintiff had purportedly filed with the court a motion for protective order. Thereafter, the undersigned called the federal court and spoke with the pro se law clerk who advised that the court had received no such paperwork from the plaintiff.

The undersigned then spoke with Attorney Dietz who advised that he had spoke to officials at New Jersey State Prison and that Ramadan did not officially began until 4 PM on October 21, 2005. Attorney Dietz further advised that Mr. Robinson told prison officials that he would not participate in his deposition because he did not want to miss the Jumah prayer service which occurs every Friday at the prison. Attorney Dietz stated that Mr. Robinson stated he would not participate in the deposition.

The undersigned had already made plans to travel to New Jersey, the car was packed and she was en route at the time she was advised the deposition was going to go off.

On Monday, October 24, 2005, the undersigned received a copy of the plaintiff's motion to postpone his deposition. In his motion, the plaintiff does not mention Ramadan or Jumah as the reason to postpone his deposition. Rather, he indicates only that he needs more time because he does not have an attorney representing him and filed a motion for appointment of counsel on September 13, 2005.

The undersigned spent 4 hours reviewing paperwork, to prepare for Mr. Robinson's deposition. In addition, the undersigned spent another two hours, packing, loading the car and readying her family for the undersigned's trip.

On October 27, 2005, the undersigned received a telephone call from inmate Shawn Robinson on her cell phone. Inmate Robinson wanted to know if the undersigned received his motion to post pone the deposition. The undersigned indicated that she had, on Monday October 24, 2005. The undersigned asked why Mr. Robinson did not mention Jumah or Ramadan in his motion for postponement and the undersigned questioned his sincerity in presenting these reasons to Attorney Dietz. Mr. Robinson indicated that he

2

needed to go to the Jumah prayer service before Ramadan began notwithstanding that he failed to mention these reasons in his moving papers.

In addition, Mr. Robinson learned that the undersigned had continued her travels to New Jersey after learning of the postponement. Upon learning this, Mr. Robinson indicated that the undersigned should have visited him on the evening of Thursday October 20, 2005. The undersigned then indicated that she would not have been able to get a court reporter for the evening of the 20th. Mr. Robinson replied, that he did not mean that defense counsel should have taken his deposition, on the 20th, he meant only that the undersigned should have come, visited and talked with him. Defense counsel advised Mr. Robinson that she had no interest in visiting him at the New Jersey State Prison unless he was being deposed.

The undersigned then advised Mr. Robinson that she would be seeking $500 as sanctions against him for his last minute cancellation of his deposition, for the undersigned's time spent in packing, loading the car and making preparations for her trip. Mr. Robinson stated that he would pay the State of Connecticut $500 if the court ordered him to do so, but would not agree that amount without a court order. [1]

In addition, the undersigned advised Mr. Robinson, that she would seek an order from this court, advising Mr. Robinson that if cancels or postpones his deposition with such short notice again and/or otherwise refuses to be deposed, that this action can be dismissed. Mr. Robinson stated that he understood my position.

Although plaintiff's deposition was noticed on August 15, 2005, plaintiff waited until October 20, 2005 before attempting to postpone the deposition. Although plaintiff

---

[1] Given plaintiff's position that he would not pay for the costs incurred, without a court order, the undersigned spent approximately 4 hours preparing this motion, memorandum and affidavit. Thus, the undersigned is seeking an additional $1,000 as sanctions in this case.

3

claims to have sent a motion to postpone on October 13, 2005, the actual motion was not postmarked until October 19, 2005. Because plaintiff's behavior caused defense counsel to waste at least 2 hours of her time in packing and preparing for her trip, plaintiff should be ordered to pay the State of Connecticut $500 for his actions. In addition, the undersigned estimates that she has spent approximately 4 hours in preparing the motion for sanctions, this memorandum and the attached affidavit and thus plaintiff should be ordered to pay an additional $1,000. Finally, this court should advise plaintiff that any such future conduct will result in the dismissal of this case.

**ARGUMENT**

Here, the court granted defense counsel permission to take plaintiff's deposition. Thus, in calling Attorney Dietz and advising that he could not submit to a deposition, plaintiff thwarted a court order, without the court's permission.

> While pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their action.

McDonald v. Head Crim. Court Supervisor Office, 850 F.2d 121, 124 (2d Cir. 1988).

"[I]n this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where they are clearly warranted." Jones v. Niagara Frontier Authority, 836 F.2d 731, 735 (2d Cir. 1987).

In Jones, this court upheld the district court's dismissal of a corporation's action when its president refused to answer questions at a court ordered deposition.

> . . . the Magistrate issued an order on March 9, 1987, requiring Jones to appear and give deposition testimony commencing on March 16, 1987. Both Jones and the Corporation's counsel appeared on March 16, but Jones refused to answer any questions put to him by opposing counsel. . .

4

> defense counsel telephoned Magistrate Maxwell for advice on how to proceed. The Magistrate advised Jones that he was obligated to answer all questions unless there was a legitimate claim of privilege. He also warned Jones that defendants might move for sanctions. . . Jones still refused to answer any questions, and the proceeding was terminated. . . We conclude that the district court did not abuse its discretion in this case by electing to impose the harsh sanction of dismissal. Walter Jones, as president of the plaintiff corporation, refused willfully and repeatedly to answer any questions at a court-ordered deposition.

Jones v. Niagara Frontier Transp. Authority, 836 F.2d at 734, 735.

The Second Circuit Court of Appeals also affirmed the district court's dismissal of a pro se complaint for failure to fully respond to defendants' discovery requests in Minotti v. Lensink, 895 F.2d 100 (2d Cir. 1990). "Because 'all litigants, including pro ses, have an obligation to comply with court orders,' [citation omitted], we find that the district court acted well within its discretion in dismissing Minotti's action." Minotti v. Lensink, 895 F.2d at 103.

Here the court granted defendants permission to depose plaintiff on or about July 29, 2005. Thereafter, on or about August 15, 2005 Attorney Dietz noticed plaintiff's deposition for Friday October 21, 2005 . Like Jones, McDonald and Minotti, here plaintiff received an order from the court that he must submit to a deposition. Nonetheless, plaintiff failed to participate in his deposition. Indeed, plaintiff waited over 2 months until literally, the afternoon of the eve of his out of state deposition to contact counsel and request that his deposition go off. Plaintiff's purported reason was that he wanted to attend a prayer service that occurred every Friday and because Ramadan started on Friday. Because plaintiff waited over 2 months before seeking to postpone his deposition, plaintiff should be ordered to pay the State of Connecticut $1,500, representing the two hours the undersigned spent packing, loading her car, readying her

5

family and driving to plaintiff's deposition in New Jersey and the time spent preparing the papers for this motion. In addition, plaintiff should be warned by this court that if he attempts to postpone his deposition again, at the last minute, and/or refuses to participate in his deposition, that this action will be dismissed.

>                    DEFENDANTS
>                    Michael Holland, Et Al.
>                    RICHARD BLUMENTHAL
>                    ATTORNEY GENERAL
>
> BY:__/s/_____
>     Ann E. Lynch
>     Assistant Attorney General
>     110 Sherman Street
>     Hartford, CT  06105
>     Tel.:  (860) 808-5450
>     Fax:  (860) 808-5591
>     E-Mail:  ann.lynch@po.state.ct.us
>     Federal Bar #ct08326

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 2nd day of November, 2005:

Shawn Robinson, Inmate #1503529-430720
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625-0861

John W. Dietz, Esq.
Halloran and Sage, LLP
315 Post Road West
Westport, Ct 06880

                                                __/s/_____
                                                  Ann E. Lynch
                                                  Assistant Attorney General