UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN ROBINSON | : PRISONER<br>: CIVIL NO. 3:02CV1943(CFD)(TPS) |
| V. | : |
| MICHAEL HOLLAND, ET AL. | : NOVEMBER 2, 2005 |

### AFFIDAVIT OF ANN E. LYNCH

1. I am over the age of 18 and understand and believe in the obligations of an oath.

2. I am licensed to practice law in Connecticut, New York and Rhode Island. I have been admitted to practice law in Connecticut since 1990 and admitted to practice in the United States District Court for the District of Connecticut since 1991. I have been admitted to practice before the United States Court of Appeals for the Second Circuit since 1996 and admitted to practice before the United States Supreme Court since 2002. I have practiced law for almost 15 years.

3. I am an Assistant Attorney General representing the State of Connecticut and many of the defendants in this matter. As such, I am duly familiar with the facts set forth below.

4. I left private practice in December 1994. At the time I left private practice, my billing rate was $150 an hour. I believe that $250 an hour is an acceptable hourly rate for my time given the number of years I have continuously practiced law and my level of expertise.

5. On or about July 19, 2005, co-defendants, Zierdt, Reid, Napier, Ryan II and Tavarez ("Transcor defendants") moved for permission to take the deposition of the plaintiff Shawn Robinson. The court granted this motion on or about July 29, 2005.

6. On or about August 15, 2005 Transcor defendants noticed plaintiff's deposition for Friday, October 21, 2005 at 10:00 AM.

7. The undersigned made travel arrangements to go to New Jersey on October 20, 2005 for the 10:00 AM deposition in Trenton New Jersey on October 21, 2005.

8. In addition, I had the Connecticut Interstate Compact office make arrangements with the New Jersey prison officials for this deposition to occur on October 21, 2005.

9. On the evening of October 19, 2005, I spent approximately 4 hours reviewing documents preparing for the plaintiff's deposition. The undersigned is not seeking costs associated with this 4 hour review.

10. On October 20, 2005, I left work, went home, packed my suitcase and car, and readied my children for my trip to New Jersey.

11. At approximately 3:30 Pm, I received a telephone call, on my cell phone, while in my car, from Attorney John Dietz who represents the Transcor defendants in this case. Attorney Dietz advised that plaintiff had phoned him, interrupted another deposition that Attorney Dietz was in, and stated that he would be unavailable for his deposition the following day. According to Attorney Dietz, plaintiff represented that the next day was Ramadan and that plaintiff had purportedly filed with the court a motion for protective order.

12. Immediately upon hanging up with Attorney Dietz, I called the federal court and spoke with the pro se law clerk and inquired if the court had received any motion to

2

continue or other paperwork from the plaintiff to indicate that he was seeking a postponement. The pro se law clerk indicated that she would look into the matter.

13. The undersigned then spoke with Attorney Dietz who advised that he had spoke to officials at New Jersey State Prison and that Ramadan did not officially began until 4 PM on October 21, 2005. Attorney Dietz further advised that plaintiff told prison officials that he would not participate in his deposition because he did not want to miss the Jumah prayer service which occurs every Friday at the prison. Attorney Dietz stated that he told plaintiff, if the undersigned had already left for New Jersey and if he could not reach me, the deposition could not be postponed.

14. Thereafter, I called the pro se law clerk back at the federal court. She advised that the court was unable to find any paperwork filed by the plaintiff seeking a postponement of his deposition.

15. I then called Attorney Dietz back. Attorney Dietz stated that his client would not want to pay his hourly rate and his travel expenses for a trip to New Jersey, if the deposition would not go forward.

16. I had already made plans to travel to New Jersey, the car was packed and I was en route at the time I was advised the deposition was going to go off. I conservatively estimate that I spent approximately 2 hours, in preparing for my trip for the deposition: ie, leaving my office, going home to pack, loading the car, readying my children for my trip and in talking with both Attorney Dietz and the court about the postponement of the deposition.

17. On Monday, October 24, 2005, the undersigned received a copy of the plaintiff's motion to postpone his deposition. In his motion, the plaintiff does not mention Ramadan

3

or Jumah in moving to postpone his deposition. Rather, he indicates only that he needs more time because he does not have an attorney representing him and that he filed a motion for appointment of counsel on September 13, 2005.

18. On October 27, 2005, I received a telephone call from plaintiff on my cell phone. I was startled to receive such a call on her cell phone. Apparently, given that plaintiff waited until the afternoon of the 20th to seek a postponement of his deposition and that I had already left the office for New Jersey, Attorney Dietz, through an oversight, had given plaintiff my cell phone number.

19. During this conversation on October 27, 2005, plaintiff asked if the undersigned received his motion to post pone the deposition. I indicated that I had, on Monday October 24, 2005 after I had returned from New Jersey. I asked why plaintiff did not mention Jumah or Ramadan in his motion for postponement and I questioned his sincerity in presenting these reasons to Attorney Dietz on the afternoon of October 20, 2005.

20. In addition, I asked that if Jumah was a weekly prayer service, why did plaintiff wait until October 20, 2005 before raising this as a grounds for postponing his deposition.

21. Plaintiff indicated that he needed to go to the weekly Jumah prayer service before Ramadan began notwithstanding that he failed to mention this prayer service in his moving papers. In addition, during our telephone conversation on October 27, 2005, plaintiff indicated he wasn't really thinking about Jumah when he first received the notice of deposition and thus did not mention it earlier.

22. Finally, plaintiff stated he was confused as to the date of his deposition because I put the wrong date of the deposition in defendants' motion to have a correctional officer

present. However, in his motion to postpone deposition, plaintiff indicates that his deposition was scheduled to take place on October 21, 2005.

23.   Also during this phone conversation, plaintiff told the undersigned that if she traveled to New Jersey she should have visited him on the evening of Thursday October 20, 2005.

24.   I stated that I would not have been able to get a court reporter for the evening of October 20th. Plaintiff replied, that he did not mean that defense counsel should have taken his deposition, on the 20th, he meant only that I should have come, visited and talked with him. I advised plaintiff that I had no interest in visiting him at the New Jersey State Prison unless he was being deposed.

25.   I then advised plaintiff that I would be seeking $500 as sanctions against him for his last minute cancellation of his deposition, for the two hours of my time spent packing, loading her car, making preparations for her trip, beginning her travels to New Jersey, before the cell phone call from Attorney Dietz, and then the time spent on her cell phone with Attorney Dietz, her office and the federal court clerks. Plaintiff stated that he would pay the State of Connecticut $500 if the court ordered him to do so, but would not agree to pay that amount without a court order.

26.   In addition, the undersigned advised plaintiff, that she would seek an order from this court, advising him that if cancels or postpones his out of state deposition with such

5

short notice again and/or otherwise refuses to be deposed, that this action can be dismissed. Plaintiff stated that he understood the undersigned's position.

27.    I conservatively estimate that I have spent approximately 4 hours in preparing this motion to compel, my affidavit and the memorandum in support thereof.

*Ann E. Lynch*

Ann E. Lynch

Subscribed and sworn to before me this 2nd day of ~~October~~ November, 2005.

*Beverly J. O'Brien*

~~Commissioner of the Superior Court~~
Notary Public--My commission expires ___/___/____.

My Commission Exp. May 31, 2009

              DEFENDANTS
              Michael Holland, Et Al.
              RICHARD BLUMENTHAL
              ATTORNEY GENERAL

BY: _____
              Ann E. Lynch
              Assistant Attorney General
              110 Sherman Street
              Hartford, CT 06105
              Tel.: (860) 808-5450
              Fax: (860) 808-5591
              E-Mail: ann.lynch@po.state.ct.us
              Federal Bar #ct08326

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 2nd day of November, 2005:

Shawn Robinson, Inmate #1503529-430720
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625-0861

John W. Dietz, Esq.
Halloran and Sage, LLP
315 Post Road West
Westport, Ct 06880

                                _____
                                Ann E. Lynch
                                Assistant Attorney General