UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SHAWN ROBINSON
      -Plaintiff

                                        PRISONER
V.                             CASE NO. 3:02CV1943(CFD)(TPS)

MICHAEL HOLLAND, ET AL.
      -Defendants

## RULING AND ORDER

Pending are plaintiff's motions for appointment of counsel and in-hand service and defendants' motions to withdraw appearance and to compel and/or for sanctions.

### I.    Motion to Withdraw Appearance [Dkt. #100]

Assistant Attorney General Ann E. Lynch moves to withdraw her appearance for defendants Lynch and Stucenski. Counsel filed a special appearance on behalf of several defendants to enable her to file a motion to dismiss on the ground of insufficiency of service of process. In her appearance, counsel indicated her intent to withdraw that appearance should the motion to dismiss be denied. The court denied the motion on November 15, 2005. Counsel states that defendants Lynch and Stucenski are no longer state employees, she has no authority to represent them and she has been unable to establish an attorney-client relationship with them. Counsel's

motion to withdraw appearance is **GRANTED**.

## II.   Motion for In-Hand Service [Dkt. #91]

Plaintiff asks the court to order in-hand service on defendants Holland, Deary, Falk, Manley, Faneuff, Seiffert, Kearney, Correia, Lynch, Felton, Mitchell, Kuhlman, Stucenski, Smith, Thomas, Knapp, Daire, Chapman, Bernard, Schreindorfer, Lajoie, Zacharewicz, Myers, Pepe, Zierdt, Napier, Bendelow, Tavarez, Plute, Ryan and Reid.

A review of the court docket reveals that defendants Zacharewicz, Faneuff and Manley returned signed waivers of service of summons forms on March 4, 2005.  Thus, in-hand service is not needed for these three defendants.

Defendants Zierdt, Napier, Ryan and Reid appeared on April 13, 2005.  Defendant Bendelow appeared on April 18, 2005 and defendant Tavarez on July 7, 2005.  Defendants Zierdt, Ryan and Tavarez only filed motions to dismiss on the grounds of lack of personal jurisdiction and insufficiency of service of process.  On November 15, 2005, the court denied these motions without prejudice.  Although the court noted that the motions could be renewed, none of these defendants has filed a renewed motion to dismiss.  Thus, the court assumes that defendants Napier, Reid and Bendelow have decided not to challenge the adequacy of service and that defendants Zierdt, Ryan and Tavarez have abandoned their challenge.

Assistant Attorney General Lynch filed a special appearance on

behalf of many of the remaining defendants for purposes of filing a motion to dismiss challenging the adequacy of service of process. When the court denied the motion, she moved to withdraw her appearance only for defendants Lynch and Stucenski. Thus, the court assumes that defendant Lynch has decided not to challenged the sufficiency of process for the remaining defendants for whom she filed the special appearance.

Accordingly, plaintiff's motion is **GRANTED** as to defendants Plute, Lynch and Stucenski only. Plaintiff shall complete a service form and a summons form for each of these three defendants and return them to the court with two copies of his second amended complaint, filed January 4, 2005. Plaintiff shall use each defendant's current address on the forms. Failure to return completed forms and copies will result in the dismissal of all claims against these three defendants. When the forms and copies are returned, the Clerk will send service packets to the U.S. Marshal Service.

### III. Motion for Appointment of Counsel [Dkt. #88]

Plaintiff has renewed his motion for appointment of counsel. In the ruling denying plaintiff's second motion for appointment of counsel, the court informed plaintiff that, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502

U.S. 996 (1991). The Second Circuit has cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." Cooper v. A. Sargenti Co., 877 F. 2d 170, 173-74 (2d Cir. 1989). The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171.

Although a significant time has passed since plaintiff filed his previous motion the case has still not progressed to the point where the court can adequately evaluate the merits of plaintiff's claims. Plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE** to renewal at a later stage of litigation.

### IV.    Motion to Compel and for Sanctions [Dkt. #94]

On July 29, 2005, the court granted defendants' motion to depose plaintiff. In August 2005, the deposition was noticed for Friday, October 21, 2005, at 10:00 a.m. Plaintiff is confined in a New Jersey correctional facility.

Assistant Attorney General Lynch made arrangements with the New Jersey prison officials for the deposition and made travel arrangements. On the afternoon of October 20, 2005, while she was en route to New Jersey, AAG Lynch received a telephone call from Attorney Dietz who represents other defendants in this case. Plaintiff had contacted Attorney Dietz and stated that he was unavailable to be deposed the following morning. That same day,

plaintiff sent a motion for protective order to the court. The motion was not received until October 24, 2005. Plaintiff stated to Attorney Dietz that he could not attend the deposition because October 21, 2005, was the first day of Ramadan and also that he wanted to attend the weekly Jumah service that afternoon. In his motion for protective order, however, plaintiff stated only that he needed an additional sixty days to prepare for the deposition because he was not represented by counsel.

AAG Lynch asks the court to order plaintiff to pay sanctions of $1,500.00 for her time spent preparing for the deposition and traveling. In addition, she asks the court to order that, if plaintiff again cancels or postpones his deposition on short notice or otherwise refuses to participate in a scheduled deposition, the action will be dismissed.

The Second Circuit has held that "all litigants, including pro ses, have an obligation to comply with court orders." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). "When they flout that obligation they, like all litigants, must suffer the consequences of their actions." Id.

Because plaintiff had not been specifically informed of the consequences of his action, the court declines to impose sanctions at this time. Defendants are directed to reschedule plaintiff's deposition. Plaintiff is cautioned that if he cancels or postpones the deposition on short notice or refuses to participate in the

deposition, the court will impose sanctions.  Possible sanctions are a monetary payment or dismissal of this action.

### V.    Conclusion

Assistant Attorney General Lynch's motion to withdraw her appearance for defendants Lynch and Stucenski [**Dkt. #100**] is **GRANTED**.  Plaintiff's motion for in-hand service [**Dkt. #91**] is **GRANTED** as to defendants Plute, Lynch and Stucenski and **DENIED** as to all other defendants referenced in the motion.  Plaintiff's motion for appointment of counsel [**Dkt. #88**] is **DENIED** without prejudice to renew at a later stage of litigation.  Defendants' motion to compel and for sanctions [**Dkt. #94**] is **GRANTED** to the extent that plaintiff is on notice that failure to attend and fully participate in any deposition scheduled in the future will result in the imposition of sanctions.

Plaintiff shall complete a service form and a summons form for each of these three defendants, Plute, Lynch and Stucenski, and return them to the court with three copies of his second amended complaint, filed January 4, 2005, within **twenty (20)** days.  Plaintiff shall use each defendant's current address on the forms.  Failure to return completed forms and copies will result in the dismissal of all claims against these three defendants.  Upon receipt of the forms and copies, the Clerk is directed to forward service packets to the U.S. Marshal Service.  The Marshal shall effect in-hand service on defendants Plute, Daniel Lynch and M.

Stucenski within **thirty days (30)** from the date service packets are delivered to the U.S. Marshal Service and file a return of service within **ten (10)** days after service is effected. Defendants Plute, Lynch and Stucenski shall appear within **thirty (30)** days from the date of service.

**SO ORDERED this 1st day of February, 2006, at Hartford, Connecticut.**

>                           /s/ Thomas P. Smith
>                           **Thomas P. Smith**
>                           **United States Magistrate Judge**