UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2006 MAR 13 P 3: 21

U.S. DISTRICT COURT

|  |  |
|---|---|
| SHAWN L. ROBINSON, | CIVIL ACTION |
| Plaintiff, | |
| -VS- | NO. 3:02-CV-1943(CFD)(TPS) |
| MICHAEL L. HOLLAND, ET AL., | 29 DECEMBER 2005 |
| Defendants. | |

**MOTION FOR ENLARGEMENT OF TIME**

Plaintiff Shawn L. Robinson comes before this here Honorable Court, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Rule 7(b) of the Local Rules of Civil Procedure, respectfully requests for an enlargement of time on the Discovery Deadline, which this Court set for January 1, 2006.

Plaintiff will need an additional ninety (90) days, up to and including March 31, 2006, so he can try to complete the discovery in this here case.

This is plaintiff's second request for an enlargement of time, and is not a means to delay these here proceedings.

Also, plaintiff wants to inform the Court of the recent prison lock down here at this facility, that lasted for two (2) weeks.

Plaintiff was unable to do any kind of legal work on his case, because there was no law library passes or legal calls.

It should also be noted that there was a mass shakedown during the lock down, and each prisoner was subjected to a thorough search

of their body and all personal belongings in their cells, including the plaintiff.

Plaintiff is fully aware and understand that this Court has no judicial jurisdiction over New Jersey State Prison and can't legally intervene into any of the problems that he is going through with DOC officials and staff at this here facility, due to the fact that this prison is in another state and not in the District of Connecticut or within the U.S. Second Circuit, but falls under the Third Circuit.

Besides the problems that plaintiff continue to endure here at this facility with his mail and access to the law library, he also is still unable to get any legal representation or adequate legal assistance from the Inmates' Legal Assistance Program (ILAP) therein the State of Connecticut.

Plaintiff only ask that the court take into consideration some of these problems that he is faced with every day, because it really impedes on his diligent efforts to prosecute this case.

It should also be noted, that plaintiff did not receive any of the interrogatories and discovery which ILAP prepared for him, until December 21, 2005.

ILAP sent thirty-nine (39), of plaintiff's forty (40) Requests For Production and Interrogatories altogether in one (1) packet, but they failed or refused to address plaintiff's due process claim that he made against some of the defendants for arbitrarily and illegally having him placed in administrative and disciplinary segregation.

Plaintiff is unable to mail out all of his interrogatories and request for production, before the court's discovery deadline expire on January 1, 2006, because indigent prisoners here are only entitle

to send out so much legal mail a month.

Furthermore, plaintiff is now going to have even more problems with getting postage, because the Department of Correction and State of Connecticut has placed a 2 million dollar lien on him.

This lien only occurred after plaintiff had declined to accept the defendants' settlement proposal for $5,000.00. **(See Exhibit A)**

WHEREFORE, plaintiff respectfully requests that this Honorable Court grant him an additional ninety (90) days for an enlargement of time, up to and including March 31, 2006, so he can try to complete his discovery.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF  PRO SE.

Mr. Shawn L. Robinson
#430720 - OS01503529
P.O. Box 861
Trenton, NJ  08625-0861

CERTIFICATION

I hereby certify that on this 29th day of December, 2005, that a copy of the foregoing will be mailed to all counsel on record, via plaintiff's unit staff:

Ms. Ann E. Lynch, Esq.
Attorney General Office
110 Sherman Street
Hartford, CT  06105

Mr. John W. Dietz, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT  06880

MR. SHAWN L. ROBINSON
The Plaintiff  Pro Se

-3-

Exhibit A.



| | | |
|---|---|---|
| RICHARD BLUMENTHAL<br>ATTORNEY GENERAL | | MacKenzie Hall<br>110 Sherman Street<br>Hartford, CT 06105-2294 |

Office of The Attorney General
# State of Connecticut
May 18, 2005

Shawn Robinson
Oso 1503529-430720
New Jersey State Prison
P.O. Box 861
Trenton, Nj 08625-0861

### FOR SETTLEMENT PURPOSES ONLY

RE: **ROBINSON V. HOLLAND, ET AL.**, 3:02CV1943(CFD)(TPS)

Dear Mr. Robinson:

    I am writing in regard to the above-captioned case. As you know, the Office of the Attorney General intends to vigorously defend this matter on behalf of the state of Connecticut, its employees, agents and officials. It is our position that there are substantive defenses to your claims and that the defendants will prevail at trial or by dispositive motion before trial. Before incurring the additional costs of defending this lawsuit, however, it is my responsibility to inquire about your position with regard to settlement. If you are interested in discussing settlement of your claims as to the State of Connecticut, its agents, employees and officials, please forward a settlement demand to my attention.

    In formulating a settlement demand, you should keep in mind certain realities. First, this office prevails in the vast majority of its excessive force cases, including cases with more egregious allegations than yours. Second, even if you prevail on liability, your alleged injuries are minor, meaning that you are unlikely to recover a significant award of damages. Finally, even if you obtain monetary damages after trial, the State of Connecticut, as it is permitted to do by statute and regulation, will seek to recover those funds to offset the costs of your incarceration.

    On the other hand, a reasonable, good faith monetary demand will receive serious consideration. Moreover, I would agree not to seek recovery of costs of incarceration out of any settlement funds.

    Finally, you should understand that I have not yet sought or obtained any settlement authority with regard to a monetary settlement. The purpose of this letter is to elicit a demand from which I can formulate my recommendations to my supervisors and my clients, who have final authority to approve or reject my recommendations with regard to settlement.

      I look forward to hearing from you. If I do not receive a reply within a reasonable time period, I will consider that you are not interested in settlement.

                                      Very truly yours,

                                      Ann E. Lynch
                                      Assistant Attorney General

*EXHIBIT A.*

MR. SHAWN L. ROBINSON
#430720-OS01503529
P.O. BOX 861
TRENTON, NJ  08625-0861

21 OCTOBER 2005

MS. ANN E. LYNCH, ESQ.
ASSISTANT ATTORNEY GENERAL
110 SHERMAN STREET
HARTFORD, CT  06105-2294

RE:  CASE NO. 3:02-CV-1943(CFD)(TPS)

Dear Ms. Lynch:

    I must apologize for my long delay in responding to your letter, that you wrote me on May 18, 2005, about the settlement proposal in this here civil action.

    As you already know, I was very busy and tied up with working on all of the motions to dismiss, as well as a number of other legal and personal matters on my own.

    This letter is probably no longer necessary, and is just a waste of valuable time, since we have already discussed it at great lengths during the telephonic conference settlement on August 11, 2005, which we could not come to any agreement on. But since I had told you that I was going to write you, when we talked on the phone, I like to keep my word.

    I want to make it perfectly clear, that I did not file this case simply to get some money. I am more inclined to take my case all the way to trial, just so I can expose some of the malfeasance and brutal maltreatment that was inflicted on me by the named defendants in this case, and other DOC staffs and officials in Conn.

    It is a real insult for you and the Attorney General's office to offer me some money, so I can purchase a little bit of stuff from off of the prison's commissary, after being brutally beaten mercilessly and methodically tortured by some of these defendants.

    I feel like this offer is a spit in my face, and is just a slap on the defendants' wrist. Because what these defendants did to me on November 8, 1999, was an outright crime, which seems like they indeed had planned. Also, this brutal attack was without provocation, and I suffered severe injuries, and I continue to suffer from some of them.

    Before I would even consider accepting any kind of settlement in this here case, I must be assured that all the defendants who planned and carried out this brutal assault on me, will definitely have their DOC employment terminated, and have all those who failed to intervene or protect me from this crime, be demoted and suspended from work.

This is my main position on some of the requirements that I want to see be met in any settlement proposal, besides getting the medical treatment that I need, before I would consider a settlement. If this is not included in the packet, then I have no desire to settle out of court.

Plus, Mr. Robert Joslyn received nearly $20,000.00, in his case, and he only got slapped around a little bit. So when you offer me no more than one fourth (1/4) of what Mr. Joslyn had receive in his out of court settlement, it only adds further insult to injury.

Also in your letter, you was very adamant about how vigorously you and the Office of the Attorney General are going to defend all of these defendants in this matter. You even made a very subtle threat about taking any money that I might win after trial, for the costs of my incarceration. But on the other hand, if I would accept a reasonably small settlement, you would not seek to recover any funds for my lengthy incarceration costs.

You do not seem to have any compunction about representing these defendants on this sadistic and cowardly criminal act. You made that perfectly clear, when I had asked you, if you would represent any of these defendants, even if you had learned and found out that some of them had indeed assaulted me, after you kept telling me how badly you did not want to inform any of the defendants that you and the Office of the Attorney General could not represent them at trial, if I would not take your offer and settle my lawsuit out-of-court.

I must admit, you was absolutely right about Kevin King's case being a lot different than my case, because I am not a rapist! He got exactly what he deserved! Kevin King's case stems from an attempted escape, which DOC staff and officials decided to handle in their most barbaric and terroristic manner.

Now, when the jury awarded King the $2.7 million dollars, it was blown up in the media, with DOC staff and officials all out in the streets protesting, including the lady correction officer who he had physically assaulted during his attempted escape, and this office for the state was real quick to use all this information, as a mitigating factor to get the jury's award reduced.

Well, if you try to compare Kevin King's case to my case, then I definitely should be offered and awarded much more money than he got. Because I did not do anything to these defendants, for any of them to jump on me and treat me like an animal! And at trial, I hope to show how a lot of these defendants just arbitrarily attacked me, and used sadistic force on my persons without any provocation.

I am not going to accept any settlement, that will allow my case to become trivialized and just swept under the rug, so the defendants and DOC staff can continue to carry on business as usual. I think you and the Attorney General's Office needs to definitely do something to try stopping DOC employees from jumping on prisoners, and arbitrarily using excessive force, instead of trying to cover up for them.

It is very hard to believe, that after the incident with inmate Kevin King, the State of Connecticut actually allowed all or most of the employees who were named as defendants in his lawsuit to continue their employment for the Department of Correction.

The defendants in this lawsuit must pay for what they did to me. And I do not mind paying any expenses to offset the financial cost of the unlawful conviction and false imprisonment, that has been imposed on me, as long as these defendants are punished. Because at least the taxpayers will receive some of their hard earned money back that they had paid bad service for to the Connecticut Department of Correction.

Now, since you mentioned about seeking to recover any funds that I might receive in this here lawsuit for monetary damages, I want you to send me the total amount of the cost to keep me incarcerated for $55\frac{1}{2}$ years?

If none of these defendants are going to serve any jail time for the crime they committed against me, then at the very minimum, I must demand that defendants Michael L. Holland, Jerry L. Wawrzyk, Randy R. Sabettini, Micheal E. Deary, William D. Faneuff, Nelson B. Correia, John Falk, Stephen A. Rhodes, Michael T. Mitchell and John Norwood be required to pay monetary damages that is equivalent to the full legal fine of criminal assault, and the other remaining named defendants be required to pay $5,000.00 for allowing the above group of defendants to brutally assault me and deny me medical treatment.

If you are a true proponent for justice and civil rights, I think you must agree, that my settlement demands are quite lenient and very reasonable, especially in aspect to the monetary damages?

We must come to an agreement on the main part of my settlement proposal, before we can proceed in addressing the remaining issues of this packet, because I expect to be compensated for all of the days I had to spend unlawfully on administrative segregation status from the date of May 19, 1997, until April 16, 2002, which include getting all of my good time restored, that was arbitrarily forfeited and withheld from me.

Your expeditious response to my settlement proposal will be very appreciated.

THANK YOU VERY MUCH<br>
SINCERELY,<br>
<br>
_____<br>
MR. SHAWN L. ROBINSON<br>
THE PLAINTIFF   PRO SE

cc: File.



RICHARD BLUMENTHAL
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
# State of Connecticut
November 15, 2005

Shawn Robinson
Oso 1503529-430720
New Jersey State Prison
P.O. Box 861
Trenton, Nj 08625-0861

### FOR SETTLEMENT PURPOSES ONLY

RE: **ROBINSON V. HOLLAND, ET AL.**, 3:02CV1943(CFD)(TPS)

Dear Mr. Robinson:

Thank you for your letter dated October 21, 2005. In your letter, you wrote that writing the letter was just a waste of your time. Given your demand, it appears it was. The attached document shows the lien which the Connecticut Department of Correction currently has as to any monies you have and/or will subsequently receive. Thus, even if you are somehow able to prevail in this case, the Connecticut DOC will have a lien of almost 2 million dollars against the proceeds.

It is for this reason that I believe our original offer to settle this case for a small amount of money, waiving the lien as to the settlement proceeds only was most generous. However, given your demand, there is no sense in further pursuit of any settlement discussions.

Very truly yours,

Ann E. Lynch
Assistant Attorney General



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### 24 WOLCOTT HILL ROAD
### WETHERSFIELD, CONNECTICUT 06109

**Assessed Cost of Incarceration**
Conn. Gen. Stat. 18-85a/Regulations 18-85a-1 to 18-85a-4
Shawn Robinson #148846 (DOB █████)

Date of Sentence - 09/04/1987
Regulation Start Date - 10/01/1997, Amended 11/06/2001
Maximum Sentence release date - 03/16/2042
Per Diem Based on "Inmate Per Capita Cost" as calculated by the Office of the Comptroller for FY1997-98, FY1998-99, FY1999-00, FY2000-01, FY2001-02, FY2002-03 & FY2003-04.

**09/04/1987 - 11/10/2005 Sentence to Date**

| Days | | Location | Per diem rate | Amount | Period |
|---|---|---|---|---|---|
| 273 | days | Northern CI | $213 | $58,149 | 10/01/1997 - 06/30/1998 |
| 365 | days | Northern CI | $206 | $75,190 | 07/01/1998 - 06/30/1999 |
| 131 | days | Northern CI | $205 | $26,855 | 07/01/1999 - 11/08/1999 |
| 235 | days | Wallens Ridge VA | $205 | $48,175 | 11/09/1999 - 06/30/2000 |
| 365 | days | Wallens Ridge VA | $170 | $62,050 | 07/01/2000 - 06/30/2001 |
| 36 | days | Wallens Ridge VA | $172 | $6,192 | 07/01/2001 - 08/05/2001 |
| 92 | days | Northern CI | $172 | $15,824 | 08/06/2001 - 11/05/2001 |
| 161 | days | Northern CI | $99 | $15,939 | 11/06/2001 - 04/15/2002 |
| 76 | days | Cuscom to NJ | $99 | $7,524 | 04/16/2002 - 06/30/2002 |
| 365 | days | Cuscom to NJ | $96 | $35,040 | 07/01/2002 - 06/30/2003 |
| 24 | days | Cuscom to NJ | $104 | $2,496 | 07/01/2003 - 07/24/2003 |
| 5 | days | MacDougall/Walker CI | $104 | $520 | 07/25/2003 - 07/29/2003 |
| 208 | days | Cuscom to NJ | $104 | $21,632 | 07/30/2003 - 02/22/2004 |
| 3 | days | MacDougall/Walker CI | $104 | $312 | 02/23/2004 - 02/25/2004 |
| 623 | days | Cuscom to NJ | $104 | $64,792 | 02/26/2004 - 11/10/2005 |

Assessed Cost of Incarceration - Sentence to Date   **$440,690**

**11/10/2005 - 03/16/2042 Maximum Sentence**

| Days | | Location | Per diem rate | Amount | Period |
|---|---|---|---|---|---|
| 13,275 | days | Cuscom to NJ | $104 | $1,380,600 | 11/10/2005 - 03/16/2042 |

Assessed Cost of Incarceration - 11/10/2005 to Maximum Sentence   **$1,380,600**

Assessed Cost of Incarceration   **$1,821,290**