UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SHAWN ROBINSON                       :
                                     :              PRISONER
     v.                              :   CASE NO. 3:02CV1943(CFD)(TPS)
                                     :
MICHAEL HOLLAND, et al.              :

## RULING AND ORDER

On February 2, 2006, the court denied plaintiff's third motion for appointment of counsel. The court stated that, although a significant amount of time had passed since the court denied plaintiff's second motion for appointment of counsel, it still had not had an opportunity to address the merits of plaintiff's claims. Thus, the court was unable to determine whether plaintiff's claims possess likely merit. (See Doc. #105.)

Plaintiff has filed a fourth motion for appointment of counsel. He states that he has provided a letter from Inmates' Legal Assistance Program stating that he "satisfie[d] their prerequisites of the prima facie standard" and asks the court what he must do to be eligible for appointment of counsel.

As the court stated in its previous ruling, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance."

Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The Second Circuit has cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." Cooper v. A. Sargenti Co., 877 F. 2d 170, 173-74 (2d Cir. 1989). The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171.

Thus far, the only motions filed in this case concern the adequacy of service of process. The court has not had an opportunity to evaluate the merits of plaintiff's claims. While the letter from Inmates' Legal Assistance Program suggests that plaintiff's claims, as alleged in the complaint, are not frivolous, it does not enable the court to determine their likelihood of success. Thus, plaintiff's motion for appointment of counsel [**doc. #120**] is **DENIED** without prejudice.

**SO ORDERED this 31st day of May, 2006, at Hartford, Connecticut.**

                                        /s/ Thomas P. Smith
                                        **Thomas P. Smith**
                                        **United States Magistrate Judge**