UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN L. ROBINSON,<br><br>        Plaintiff,<br><br>-VS-<br><br>MICHAEL L. HOLLAND, ET AL.,<br><br>        Defendants. | CIVIL ACTION<br><br>NO. 3:02-CV-1943(CFD)(TPS)<br><br>20 JUNE 2006 |

## MOTION FOR ENLARGEMENT OF TIME

Plaintiff Shawn L. Robinson comes before this here Honorable Court, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Rule 7(b) of the Local Rules of Civil Procedure, respectfully requests for an enlargement of time to fulfill the Court Order, that was issued on May 31, 2006.

Plaintiff will not be able to meet the court deadline, because right now he does not know the whereabouts of these defendants, thus he cannot complete the service and summons forms.

The Department of Correction and State's Attorney General will not give plaintiff the defendants' current mailing address. There is no Connecticut telephone directory here, and plaintiff does not have any attorney or private investigator to ascertain these addresses on his behalf.

Plaintiff request that the defendants, via the Department of Correction or Attorney General be required to provide the current addresses or whereabouts of defendants, Daniel K. Lynch and David M. Stucenski to the U.S. Marshals or the pro se law clerk, Mrs. Mary E.

Larsen, so service can be effected upon these defendants.

If the Court does not issue an order to have the defendants or the State's Attorney General to provide plaintiff with the correct addresses of these individuals, it is most unlikely that plaintiff will be able to ascertain any of these addresses on his own.

Plaintiff is totally baffled by the Court Order, because he is trying to figure out how does the Court expect him to provide any of the defendants' current home or work addresses to the U.S. Marshals' Service, especially while he is being incarcerated out-of-state, and has no personal contact with the outside world.

The defendants are not going to give this plaintiff a furlough or provide him with this information.

The defendants must to be elated and feel that this is a gift, because now they can avoid a public trial and fighting the merits of plaintiff's complaint, by claiming they were never officially served with the summons and complaint, since the plaintiff is unable to get any current address for service.

This order should help the defendants tremendously, since Conn has changed the civil law on statute of limitation for those who are incarcerated.

WHEREFORE, plaintiff prays that this motion for enlargement of time will be granted for ninety (90) days.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF PRO SE.

Mr. Shawn L. Robinson
Mr. Shawn L. Robinson
#430720 - 0S01503529
P.O. Box 861
Trenton, NJ 08625-0861

CERTIFICATION

I hereby certify that on this 20th day of June 2006, that a copy of the foregoing will be mailed to all counsel on record, via prison staff on plaintiff's housing unit, to the following:

Ms. Ann E. Lynch, Esq.
Attorney General Office
110 Sherman Street
Hartford, CT  06105

Mr. John W. Dietz, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT  06880

*Mr. Shawn L. Robinson*
MR. SHAWN L. ROBINSON
The Plaintiff Pro Se