UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN L. ROBINSON,

        Plaintiff,

-vs-

MICHAEL L. HOLLAND, ET AL.,

        Defendants.

CIVIL ACTION

NO. 3:02-CV-1943(CFD)(TPS)

11 AUGUST 2006

## MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

Plaintiff Shawn L. Robinson comes before this Honorable Court, pursuant to 28 U.S.C. 1915 and Rule 83.10(b)4 of the Local Rules of Civil Procedure, respectfully requests that counsel be appointed to represent him in this here civil action, due to the recent events.

Plaintiff must renew his motion for appointment of counsel, so he can try to have the summons and service process completed on the named defendants in the court order, because the Trenton New Jersey State Prison is back on lockdown, and the prisoners are not allowed to use the law library, law books, legal materials or make any kind of legal telephone calls.

According to New Jersey prison officals and the news report of the media, prison guards planted a loaded gun inside of the prison.

It is also rumored that this is just a big ploy by some prison guards that works here, who wants to get the prison locked down and shaken down.

If Trenton State Prison is allowed to extend this lockdown for the next several months, as stated by its employees, then plaintiff

will definitely need legal counsel appointed to represent him in this matter, due to these circumstances. (L.Civ.R. 83.10(b)3.)

Also, plaintiff must submit a memorandum of law in opposition to the defendants' recent motion to dismiss. [Dkt. No.128]

Plaintiff will not be able to do any kind of legal research on his response to the defendants' motion to dismiss, without access to a law library and law books.

Pursuant to Local Rule 83.10(b)4(v), this is a relevant factor in making the determination that the interests of justice will best be served by the appointment of counsel in this complex matter.

Plaintiff's case has some very exceptional circumstances, that is going to require an attorney to litigate, because of the serious nature and complexity of the events and legal issues.

If the court will not take these factors into considerarion in appointing counsel, plaintiff ask that he be allowed to demonstrate his likelihood of success, so he can pass the Court's meritorious test, now that it has been quite sometime since the defendants have filed their response to plaintiff's amended complaint, and the case has survived several motions for dismissal.

The court should also take plaintiff's mental health into some consideration, because he is presently being prescribed Risperdal by New Jersey State Prison's psychiatric department.

This is a very strong psychotropic medication, that leaves the plaintiff feeling extremely lethargic. It will definitely have some serious effect on plaintiff's ability to present his case.

Also plaintiff has some physical disability that makes it very difficult for him to work on his case. The injuries he suffered to

his eyes, during this brutal attack by the defendants, has caused him to sometime error when preparing or reading documents.

This case is going to require extensive documentary discovery, deposition of prison officials, including locating and interviewing all individuals who were eyewitnesses to this brutal beating.

The complaint alleges that the plaintiff was brutally attacked and tortured by a gang of prison guards, some of whom actively beat and kicked him, as others watched and failed to intervene.

It also alleges that supervisory officials were aware of the violent propensities of some these guards, as well as the animosity that they had towards plaintiff, and are liable for failing to take any action to control them or protect plaintiff from their abuse.

Also the complaint alleges that plaintiff was denied immediate medical treatment, and arbitrarily placed in administrative and punitive segregation.

Since plaintiff is unable to conduct any kind of investigation into the allegations or legal issues in this case, the court should appoint counsel, because he has no control of the prison corruption and malfeasance that is going on.

Plaintiff is up against professional state and private lawyers who represent the defendants, without an attorney, plaintiff do not stand a chance.

The plaintiff's allegation, if proved, clearly would establish a constitutional violation. The unprovoked and injurious beating he alleged in the civil complaint clearly states an Eighth Amendment violation. See: Hudson v. McMillian, 112 S.Ct. 995, 1000(1992). The allegations of being denied medical treatment amounts to deliberate

indifference to plaintiff's medical needs. See: Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976). And the unlawful placement of plaintiff on administrative and punitive segregation arbitrarily are plain violations of his due process rights. See: Ponte v. Real, 471 U.S. 491, 497, (1985). On its face, this is a meritorious case.

Due to the foregoing reasons, and as well as under the present circumstances, the appointment of counsel in this case is warrant.

WHEREFORE, the court should grant the plaintiff's motion and appoint counsel in this case, as interpreted in McClain v. Manson, 343 F. Supp. 382 (D. Conn. 1972).

RESPECTFULLY SUBMITTED,
The Plaintiff Pro Se.

Mr. Shawn L. Robinson
#430720 - OS01503529
P.O. Box 861
Trenton, NJ 08625-0861

### CERTIFICATION

I hereby certify that on this 11th day of August, 2006, that a copy of the foregoing will be mailed to all counsel on record, via plaintiff's unit staff:

Ms. Ann E. Lynch, Esq.
Attorney General Office
110 Sherman Street
Hartford, CT 06105

Mr. John W. Dietz, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT 06880

MR. SHAWN L. ROBINSON
The Plaintiff Pro Se