# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN ROBINSON, | : | PRISONER |
| | : | CASE NO. 3:02CV1943 (CFD)(TPS) |
| Plaintiff, | : | |
| V. | . | |
| MICHAEL L. HOLLAND, ET AL. | . | |
| Defendants. | : | December 13, 2006 |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUSDGMENT

I.   INTRODUCTION

The present case arises from the incarcerated plaintiff's transport from Northern C.I. in Connecticut to Wallens Ridge State Prison in Virginia, on November 8, 1999. The transport was performed by employees of Transcor America (hereafter "Transcor", a private entity in the business of interstate transportation of prisoners. The plaintiff claims that just prior to the transport, he was subject to excessive force by guards employed by the Department of Corrections of the State of Connecticut. The plaintiff further alleges that employees of Transcor, while not directly involved in the alleged excessive use of force, did not intervene and stop or otherwise prevent the use of force by the D.O.C. officers. The undersigned Transcor employees, JOHN ZIERDT, JR., HENRY SCOTT REID, ANTHONY NAPIER, DAVID RYAN, II, B.D. BENDELOW and JOSE TAVAREZ hereby move for judgment in their favor as both the plaintiff's federal

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

and state law claims are time-barred by C.G.S. § 52-577. Additionally, the Court lacks personal jurisdiction over these defendants as they have not been served with a summons and complaint in this matter which has now been pending for over four years. Finally, the defendants move for judgment in their favor as the plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act.

II.   ARGUMENT

A.   SUMMARY JUDGMENT STANDARD.

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) (emphasis in the original). While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986) (Feinberg, C.J.),

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

cert. denied, 480 U.S. 932, 94 L. Ed. 2d 762, 107 S. Ct. 1570 (1987). The non-moving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Finally, "mere conclusory allegations or denials" in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. <u>Quinn v. Syracuse Model Neighborhood Corp.</u>, 613 F.2d 438, 445 (2d Cir. 1980) *quoting* <u>S.E.C. v. Research Automation Corp.</u>, 585 F.2d 31, 33 (2d Cir. 1978).

B. <u>THE PLAINTIFF'S CLAIMS ARE TIME-BARRED BY CONNECTICUT'S TWO AND THREE YEAR STATUTES OF LIMITATIONS.</u>

In the present case, the plaintiff's claims against the individual employees of Transcor are time-barred as they were not named as defendants until well after the expiration of Connecticut's three year statute of limitations, C.G.S. § 52-577.

"Since Congress did not enact a statute of limitations governing actions brought under § 1983, the courts must borrow a state statue of limitations." <u>Lounsbury v. Jeffries</u>, 25 F.3d 131, 133 (2nd Cir. 1994). The appropriate statute of limitations to be applied to an intentional tort brought pursuant to § 1983, is Conn. Gen. Stat. § 52-577. <u>Id</u>. at 134. Under Connecticut General Statute section 52-577, "No action founded upon a tort shall be brought but within three years from the date of the act or omission

3

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

complained of." This statute is more "general" or "residual" personal injury statute of limitations for claims founded upon a tort, and applies specifically to intentional torts and 42 U.S.C. § 1983 actions. Id. Clearly, C.G.S. § 52-577 applies to all of the plaintiff's constitutional claims.

Additionally, the plaintiff's state law claims set forth in Count Two of the Third Amended Complaint are governed either by the two year statute of limitations for negligence, recklessness and wanton misconduct pursuant to C.G.S. § 52-584, or the three year period contained in C.G.S. § 52-577.

The alleged unconstitutional acts and omissions occurred on November 8, 1999. Therefore, the statute of limitations for bringing an action expired on November 8, 2002. The original Summons and Complaint were filed on October 31, 2002. In the defendants in the original complaint were all identified as "duly appointed employees of the Department of Corrections for the State of Connecticut." There was no mention of the undersigned defendants or Transcor in the original Complaint. See Complaint at par. 4. None of the undersigned defendants was named in the original Complaint, nor were their any allegations that any of the defendants were employees of Transcor. An Amended Complaint was subsequently filed on April 7, 2003, which, for the first time, named and identified "Scott Reed, Anthony Napier, B.D. Bendelow, J. Tavarez, and D. Ryan" as defendants and "employees of Transcor, America, Inc." See Amended Complaint at par. 5. This Amended Complaint was filed approximately *155 days* after

315 Post Road West
Westport, CT 06880

4
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

the filing of the original Complaint. A Second Amended Complaint was filed on January 5, 2004, which added John Zierdt as a defendant. The Second Amended Complaint was stricken by the Court on September 21, 2004. See "Ruling and Order" at docket entry 24. A Third Amended Complaint was then filed on January 4, 2005, which formally added John Zierdt as a defendant.

The undersigned defendants were only added as parties well after the expiration of the statute of limitations under C.G.S. § 52-577. As there was no mention of the undersigned defendants, or any claims against Transcor or its employees in the original Complaint, any and all claims set forth against the undersigned defendants do not relate back to the original Complaint. Therefore, the federal claims set forth in Count One of the Third Amended Complaint, as well as, the state law claims set forth in Count Two are time barred.

C. <u>THE DEFENDANTS ARE ENTITLED TO JUDGMENT IN THEIR FAVOR BECAUSE THE COURT LACKS PERSONAL JURISDICTION.</u>

The Court lacks personal jurisdiction as the defendants have never been served with the Amended Complaint and Summons.

The defendants hereby adopt and incorporate the arguments set forth in their Renewed Motion to Dismiss filed on July 31, 2006, as well as, the various motions to

315 Post Road West
Westport, CT 06880

5
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

dismiss which were previously filed.[1]  Additionally, on April 10, 2006, the Court ordered the plaintiff to complete forms for service of the amended complaint and submit them to the U.S. Marshal to effect in-hand service on the undersigned defendants within 30 days of receipt of papers.  See Order in docket entry 116.  The service forms were completed and handed to the U.S. Marshal on August 1, 2006.  These forms were returned to court unexecuted on October 20, 2006.  To date, the undersigned defendants have not been served with the Amended Complaint in this matter, which has been pending for over four years.  Additionally, we are now seven years removed from the alleged acts and omissions contained in the Amended Complaint.  Justice and fairness, as well as, the Federal Rules of Civil Procedure now dictate that this matter be dismissed as to the undersigned defendants.

D. <u>THE DEFENDANT, JOHN ZIERDT, IS ENTITLED TO JUDGMENT IN HIS FAVOR AS HE WAS NOT IN THE STATE OF CONNECTICUT AT THE TIME OF THE ALLEGED INCIDENT.</u>

By the Third Amended Complaint, the plaintiff added John Zierdt, Jr., the president of Transcor, as a defendant.  Mr. Zierdt was not present at Northern CI on November 8, 1999, and did not witness or participate in the incident.  In fact, Mr. Zierdt was not even in the state of Connecticut at the time of the alleged incident.  These facts have been proven through the Requests for Admissions which were served on the

---

[1] See docket entries 43, 56, 66 and 68, all of which were denied without prejudice on November 15, 2005, (see docket entry 99).

6

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

plaintiff on or about July 13, 2006, which have been attached as Exhibit B. Therefore, Mr. Zierdt is entitled to judgment in his favor.

Liability of supervisory officials has been limited to the following circumstances: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of the plaintiff. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). Additionally, there must be an affirmative link between the alleged constitutional deprivation and the act of the supervisor that caused the alleged violation. See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002). In Poe, the Court held that a § 1983 claim against a supervisor "rest[ed] on the concept of notice." Id.

According to the allegations of the Third Amended Complaint, the alleged deprivation of constitutional rights occurred when excessive force was used on the plaintiff buy officers of the Department of Corrections when the plaintiff was being prepared for transportation. This alleged unreasonable force was used in the bathroom at Northern CI and while the plaintiff was being walked from the building to the bus. Mr. Zeirdt, as president of Transcor, was not present during these incidents and was not

7

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

even in the state of Connecticut when these incidents allegedly occurred. He was not present and did not participate or witness any of the incidents alleged in the plaintiff's Complaint. There is absolutely no evidence that Mr. Zierdt knew anything about this incident or had any involvement in this incident. Rather, Mr. Zierdt is being sued only because of the position he held at Transcor as of November 8, 1999. This is insufficient basis for a claim under 42 U.S.C. § 1983.

Therefore, there is no factual basis upon which to hold Mr. Zeirdt liable for any of the plaintiff's injuries in this case, and he is entitled to judgment in his favor.

III. CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment should be granted.

DEFENDANTS,
JOHN ZIERDT, JR
HENRY SCOTT REID, ANTHONY NAPIER
DAVID RYAN, II, B.D. BENDELOW
JOSE TAVAREZ

By _____
Robert A. Rhodes of
HALLORAN & SAGE LLP
Fed. Bar #ct13583
315 Post Road West
Westport, CT 06880
(203) 227-2855

315 Post Road West
Westport, CT 06880

8
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

HALLORAN
& SAGE LLP

## CERTIFICATION OF SERVICE

This is to certify that on this 13th day of December, 2006, a true copy of the foregoing was sent via first class mail, postage prepaid, to all counsel and pro se parties of record as follows:

Shawn Robinson
oso 1503529-430720
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625-0861

Ann E. Lynch, Esq.
Attorney General's Office
110 Sherman Street
Hartford, CT 06105

_____
Robert A. Rhodes

922870v 1
315 Post Road West
Westport, CT 06880

9

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195