UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SHAWN ROBINSON | PRISONER<br>: CIVIL NO. 3:02CV1943(CFD)(TPS)<br>:<br>:<br>: |
| V. | :<br>: |
| MICHAEL HOLLAND ET AL | : JANUARY 10, 2007 |

**LOCAL RULE 56(A)(1) STATEMENT**

    1.  Plaintiff is currently incarcerated pursuant to a July 18, 1991 mittimus issued in Connecticut Superior Court, TTD CR90-42299T for violation of a) Connecticut General Statutes § 53a-60(a)(5), assault in the second degree, one count sentencing plaintiff to 10 years, b) Connecticut General Statutes §53a-179b, rioting in a correctional institution, one count sentencing plaintiff to 25 years consecutive to count 1, and c) Connecticut General Statutes §53a-174a, possession of weapon or dangerous instrument in correctional institution, sentencing plaintiff to 10 years consecutive to counts 1 and 2 for a total effective sentence of 45 years.   See mittimus attached hereto.

    2.   On November 8, 1999, plaintiff left the Northern Correctional Institution for a transfer to the Wallens Ridge Correctional Institution in Virginia.  Plaintiff's deposition p. 18-19, 49.

    3.   Prior to November 1999, plaintiff had been housed out of state and knew that Lynn Milling was the person he was to contact if he had any problems.  Plaintiff's deposition p. 79.

4. In addition, a handbook which was provided to all Connecticut inmates upon their arrival in Virginia, summarized the grievance procedure for out of state inmates. Exhibit A to Milling affidavit.

5. Under the grievance procedure, individual employee actions were grievable. Exhibit A to Milling affidavit. See also Administrative Directive 9.6 attached hereto as Exhibt A to Chartier Affidavit.

6. Under the grievance procedure, the Interstate Compact Supervisor was the Unit 1 Reviewer and the Director of Offender Classification and Population Management was the Level 2 Reviewer. Exhibit A to Milling affidavit. According to the inmate handbook and Administrative Directive 9.6, all grievances were to be filed within 30 days of the cause. Exhibit A to Milling affidavit; exhibit A to Chartier affidavit.

7. Plaintiff filed two grievances on or about January 17, 2000. Affidavit of Lynn Milling par. 8. Plaintiff's deposition transcript p. 73-81. Plaintiff testified that he knew, from his days with the Federal Bureau of Prisons that he needed to send grievances to Major Milling. Plaintiff's deposition p. 78-79.

8. In Grievance 2VA-00-10 plaintiff wrote:

On November 8, 1999, DOC staff brutally assaulted Mr. Robinson at Northern C.I. prior to his transfer and seriously injured him. Staff denied him medical treatment and took his eye glasses. DOC staff Holland, Deary, Falk, Serkosky, Warczyk and others viciously attack him without provocation and are trying to cover it up.

See Grievance attached as Exhibit B to Milling Affidavit.

9. Under Action Requested plaintiff wrote:

Provide the full names of all the staff involved-notify the State Police of this crime-Preserve all evidence-Provide copy of pictures and reports-Return eye glasses-Provide medical aid.

Exhibit B to Milling Affidavit.

    10. Plaintiff's grievance was denied in part. Under the reasons section, Major Milling wrote:

> With regards to the names of DOC and TransCor staff, state police notification, evidence collection and requests for pictures and photos, the grievance is denied as the DOC and State Police are currently investigating the matter. With respect to medical aid, the grievance is denied as you were seen by medical staff at WRSMU on 11/8/99 and at WRSP upon arrival on 11/9/99. You may request to see medical at WRSP if you feel you need medical care. With respect to the eyeglass request, your grievance is upheld. WRSP has ordered new glasses for you.

Exhibit B to Milling Affidavit.

    11. Plaintiff never appealed this Level I decision to the next Level. Affidavit of Frederick Levesque par. 6; Plaintiff's deposition p. 77-78.

    12. The DOC's Inmate Grievance Form which plaintiff used in this case requires, in paragraph 2, that an inmate "[s]pecify dates, places, *personnel involved*, and how you were affected, …" See Exhibits B and C to Milling Affidavit.

    13. However, in his grievance regarding the alleged use of force, plaintiff only named defendants Holland, Deary, Falk, and Wawrzyk. Exhibit B to Milling affidavit.

    14. In the grievance he filed about his classification in Virginia, plaintiff named no staff. Exhibit C to Milling Affidavit.

    15. At his deposition, plaintiff testified that he recalled C/O Sabettini being present when he was being assaulted.. Plaintiff's deposition p. 120.

    16. Additionally, plaintiff testified that he called out to Major Kearney who was in the area when plaintiff was being assaulted. Plaintiff's deposition p. 136-37.

17. Plaintiff testified that defendants Correia and Faucher carried him to the bus and that he was being kicked as he was carried to the bus. Plaintiff's deposition p. 147-49.

18. Plaintiff also testified that he recalled Holland, Manley, Norwood Strozier Wawrzyk, Ames, Felton and Rhodes being present in the picture room while he was getting beaten. Plaintiff's deposition p. 148, 181-84.

19. Plaintiff testified that he Stuckenski and Kuhlman were present while plaintiff was getting beaten. Plaintiff's deposition p. 181.

20. Plaintiff thought he saw Officer Seiffert in the area while he was allegedly being beaten. Plaintiff's deposition p. 183, 193. Plaintiff also testified that he also saw Officers Lynch, Chapman and Germond when he was allegedly being assaulted. Plaintiff's deposition p. 181, 194.

21. Plaintiff testified that he definitely knew the following kicked or punched him: Holland, Wawrzyk, Sabettini, Deary, Norwood, Faucher, Rhodes, Faneuff, Correia, Ames, Feltman, Mitchell, Pepe and Wilcox. Plaintiff's deposition p. 185.

22. Plaintiff testified that he named Captain Zacharewicz and Major Lajoie as defendants only because he believed that if Captain Zacharewicz and Major Lajoie had told staff not to assault plaintiff, he would not have been beaten. Plaintiff's deposition p. 189-193. Plaintiff acknowleged that neither defendant did anything physical to him. Plaintiff's depo p. 190-191.

23. Similarly, plaintiff testified with regard to Lt. Knapp that he must have "had prior knowledge" that plaintiff would be assaulted. Plaintiff's deposition p. 193.

Plaintiff based this belief solely upon Lt. Knapp's rank, that he was a good lieutenant who plaintiff had never had a problem with in the past. Plaintiff's deposition p. 194.

24. Plaintiff filed numerous level 2 grievances prior to November 1999. See attached level 2 grievances.

>DEFENDANTS
>Jerry Wawryzk Et Al.
>
>RICHARD BLUMENTHAL
>ATTORNEY GENERAL
>
>BY:__/s/_____
>Ann E. Lynch
>Assistant Attorney General
>110 Sherman Street
>Hartford, CT  06105
>Federal Bar #ct08326
>E-Mail: ann.lynch@po.state.ct.us
>Tel.: (860) 808-5450
>Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this ____ day of January, 2007:

>Shawn Robinson, Inmate #430720
>New Jersey State Prison
>P.O. Box 861
>Trenton, NJ 08625-0861
>
>Robert Rhodes, Esq.
>Halloran and Sage, LLP
>315 Post Road West
>Westport, Ct 06880

>__/s/_____
>Ann E. Lynch

5

                                Assistant Attorney General