UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2007 JUL 30 P 2: 04
U.S. DISTRICT COURT

| | | |
|---|---|---|
| SHAWN L. ROBINSON | : | CIV. NO. |
| PLAINTIFF | | 3:02 CV 1943 (CFD)(TPS) |
| V. | : | |
| MICHAEL L. HOLLAND, ET AL | : | |
| DEFENDANTS | : | ___3RD JULY___, 2007 |

## PLAINTIFF'S 56(a)(2) STATEMENT OF DISPUTED MATERIAL FACTS

Pursuant to Rule 56(a)(2) of the Local Rules of Civil Procedure, the plaintiff submits the following statement of material facts annotated to the exhibits filed herewith as to which there is a genuine issue to be tried.[1]

1. Defendant, Scott Reed, was an employee of Transcor America, Inc. (Third Amended Complaint ¶ 5, Second Amended Answer of Defendants Zierdt, Reid, Napier, Bendelow, Tavarez and Ryan (hereinafter "Answer") ¶5 ).

2. Defendant, Anthony Napier, was an employee of Transcor America, Inc. (Third Amended Complaint ¶5, Answer ¶5).

3. Defendant, B.D. Bendelow, was an employee of Transcor America, Inc. (Third Amended Complaint ¶5, Answer ¶5).

4. Defendant, J. Tavariez, was an employee of Transcor America, Inc. (Third Amended Complaint ¶5, Answer ¶5).

5. Defendant, D. Ryan, II, was an employee of Transcor America, Inc. (Third

---

[1] The plaintiff submitts that the defendants' 56(a)(1) statement of facts numbers 1, 2, 3, 5, and 16 are not disputed. The remaining facts are disputed or not material..

Amended Complaint ¶5, Answer ¶5).

6.  Transcor America, Inc. transported inmates, including plaintiff, from Connecticut to facilities in Virginia in 1999. (Third Amended Complaint ¶¶10, 26, 27, Answer ¶26, Connecticut DOC answer to C.H.R.O. No. 0040317, (hereinafter, "CHRO Response"), attached here to as Exhibit 3, ¶18, Memorandum from Lieutenants Kelly, Meehan and Saavedra to Vincent Santopietro, Director of Security for Connecitcut DOC, (hereinafter "Internal Memo"), atached hereto as Exhibit 4, p. 1, ¶3).

7.  On or about November 8, 1999, Transcor America, Inc. employees placed the plaintiff into restraints in preparation for his transfer from Connecticut to Wallens Ridge State Prison in Big Stone Gap, VA. (Third Amended Complaint ¶10, Deposition of Shawn Robinson, , p. 18, l. 23-25, p. 19, l. 1-3, p. 22, l. 9-12, 21, p. 23, l. 2-3, 6-7, p. 24, l. 7-11).

8.  On or about November 8, 1999, after placing the plaintiff into restraints, Transcor America, Inc. employees watched the plaintiff be assaulted by correction officials. (Deposition of Shawn Robinson, p. 37, l. 9-23).

9.  On or about November 8, 1999, after being assaulted by correction officials, plaintiff requested assistance from Transcor America, Inc. employees, including a request for medical attention and to have the incident reported to the State Police. (Third Amended Complaint ¶26, Answer ¶26, Deposition of Shawn Robinson, p. 45, l. 12-17, p. 46, l. 8-18, p. 48, l. 21-25, p. 49, l. 1-6).

10. Plaintiff originally filed his Complaint in this matter on or about October 31, 2002. In his original complaint, the plaintiff listed on the title page, "Seven John Does, including

Transcor's Director and Five Employees." (Court Doc. No. 2)

11. The Court then, on December 12, 2002, ordered the plaintiff to file an amended complaint within twenty (20) days to describe the methods in which the plaintiff had exhausted his administrative remedies. (Court Doc. No. 6).

12. After filing for and being granted additional time within which to comply with the Court's order, the plaintiff filed his First Amended Complaint on April 7, 2003, naming defendants Reid, Napier, Bendelow, Tavarez, Ryan and Plute, as well as a John Doe defendant, as employees of Transcor America, Inc. The plaintiff went on to describe how after the assault on him by Connecticut Department of Correction employees, he was placed on a bus under the custody of the Transcor employee defendants and requested to said defendants that he be transported to a hospital for medical treatment. (Court Doc. No. 18, ¶¶ 5, 26- 27).

13. While waiting for the Court to rule on his Motion to Proceed *In Forma Pauperis*, the plaintiff filed a Second Amended Complaint on or about January 5, 2004; wherein, he named defendants Zierdt, Napier, Bendelow, Tavarez, Ryan and Plute, as well as a John Doe defendant as employees of Transcor America, Inc. (Court Doc. No. 21, ¶5).

14. The Court then struck plaintiff's Second Amended Complaint for failure to request leave to amend on September 21, 2004 and ordered that the operative complaint in this matter be plaintiff's First Amended Complaint filed on April 7, 2003. (Court Doc. No. 24).

15. Plaintiff then filed a Motion to Amend and a Third Amended Complaint, identical to his Second Amended Complaint on December 23, 2004. (Court Doc. No. 30).

16. Plaintiff's Motion to Amend was granted on January 4, 2005, which includes that one defendant, Zierdt, was added to the action. (Court Doc. No. 31).

17. The plaintiff attempted to contact defendant Zierdt in writing, after the incident, in order to report same to the proper Transcor America, Inc. officials. (Third Amended Complaint ¶40, Deposition of Shawn Robinson, p. 50, l. 11-21, p. 51, l. 2-5, Affidavit of Shawn Robinson ¶ 7).

RESPECTFULLY SUBMITTED,

By/s/ Shawn L. Robinson
Shawn Robinson, PRO SE
#430720
P.O. Box 861
Trenton, NJ 08625-0861

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July 2007 that a copy of the foregoing (Statement of Disputed Facts) will be mailed to all counsel on record, via my unit staff to the following:

Ms. Ann E. Lynch, Esq.
Attorney General Office
110 Sherman Street
Hartford, CT  06105

Mr. Robert A Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT  06880

MR. SHAWN L. ROBINSON
The Plaintiff  Pro Se