UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2007 AUG -3 P 2: 53
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

| | |
|---|---|
| SHAWN L. ROBINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> -VS- ) <br> ) <br> MICHAEL L. HOLLAND, ET AL., ) <br> ) <br> Defendants. ) | CIVIL ACTION <br><br> NO. 3:02-CV-1943(CFD)(TPS) <br><br> 30 JULY 2007 |

### PLAINTIFF'S 56(a)(2)STATEMENT OF DISPUTED MATERIAL FACTS

Pursuant to Rule 56(a)(2) of the Local Rules of Civil Procedure plaintiff submits the following statement of disputed material facts annotated to the exhibits filed herewith as to which there is a genuine issue to be tried.

1. During all times mentioned in this complaint, the defendants and each of them separately and in concert acted jointly, willful and in conspiracy with each other and each defendant aided and abetted the others in carrying out the acts and omissions described herein, and thereby deprived the plaintiff of his rights, secured to him by the First, Eighth and Fourteenth Amendments to the United States Constitution and laws of the State of Connecticut.

2. At all times mentioned in this complaint, the defendants acted jointly, in conspiracy and in concert with each other, as they tried to cover up their misconduct. Each defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendant but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries.

3. In this here civil matter, plaintiff would be legally exempt from the exhaustion requirement, as mandate in the Prison Litigation Reform Act (PLRA), because plaintiff was immediately transferred out the State of Connecticut after he was brutally beaten and denied any medical health treatment; therefore, he was no longer in the custody of the Connecticut Department of Correction, and no grievance forms were readily available as mandated in defendants' Exhibit A of Admin Directive 9.6, <u>Inmate Grievaces</u>, page 2, section (3)(E) <u>Definitions</u>, and section (5) <u>Access</u>; page 4, section (10)(A) <u>Filing A Grievance</u>.

4. Plaintiff is further exempt in the exhaustion requirement as to his claims of being denied medical health treatment, and arbitrarily placed in punitve segregation, pursuant to Administrative Directive 9.6, <u>Inmate Grievances</u>, on page 3, subsection (6)(B)(4) and (6) that that is titled: <u>Non-Grievable</u>. See Defendants' Exhibit A.

5. Defendants' defense of plaintiff not appealing his grievances to Level 2, and failure to exhaust all available administrative remedies, is subjected to estoppel, because they failed to provide grievance forms or an appeal form, so he could appeal to Level 2, as required in Admin Dir. 9.6, <u>Inmate Grievance</u>, page 5, section (15), <u>Level 1 Review</u>. See Defendants' Exhibit A.

6. Furthermore, the sworn affidavit of Major Lynn Milling confirms that plaintiff never received any Level 2 appeal grievance forms, because she did not include an appeal form with her disposition. See Exhibit B. Major Lynn Milling's actions in this here case definitely subject the defendants' defense of exhaustion to the estoppel rule.

7. Plaintiff was removed from the prison general population, and unlawfully placed on administrative segregation in the Restrictive

Housing Unit, that was Called Northern CI, after his security level was arbitrarily increased to a Level 5.

8. Plaintiff did not file this here complaint to challenge the legality or validity of his criminal conviction, and the defendants should know this by now, because of all the complaints he made about being in Northern CI on administrative segregation, as well as their Motion to Dismiss.

9. Also, on September 13, 2006 plaintiff filed an objection to the stenographically transcribed deposition of March 20, 2006, pursuant F.R.Civ.P. 32(d)(4), and Local Civil Rule 30(a) based on some thirty (30) errors contained within the transcript, after the defendants failed to correct them. [See Certified Errata Sheet of Plaintiff]

10. Plaintiff even wrote the stenographer about the discrepancies, that he discovered in the transcribed deposition, but never got any response to his correspondence.

RESPECTFULLY SUBMITTED,<br>
THE PLAINTIFF PRO SE.<br>
/s/ Mr. Shawn L. Robinson<br>
Mr. Shawn L. Robinson<br>
#430720 - OS01503529<br>
P.O. Box 861<br>
Trenton, NJ 08625-0861

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July 2007 that a copy of the foregoing (Statement of Disputed Facts) will be mailed to all counsel on record, via my unit staff to the following:

Ms. Ann E. Lynch, Esq.
Attorney General Office
110 Sherman Street
Hartford, CT  06105

Mr. Robert A Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT  06880

                                              MR. SHAWN L. ROBINSON
                                              The Plaintiff  Pro Se