UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN ROBINSON | : CIVIL NO. 3:02CV1943(CFD)(TPS) |
| | : |
| | : |
| V. | : |
| | : |
| MICHAEL HOLLAND ET AL | : AUGUST 9, 2007 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION
TO MOTION FOR SUMMARY JUDGMENT**

Defendants moved for summary judgment on or about January 11, 2007. After receiving several extensions of time plaintiff was ordered to file his response by July 30, 2007. On or about August 3, 2007, plaintiff filed his response to the motion for summary judgment. Plaintiff's response included only a memorandum of law and a Local Rule 56(a)(2) statement. Plaintiff did not file any affidavits or any other documentary evidence despite being advised of the dangers of not filing any proof. See Notice to Pro Se Litigant Opposing Motion for Summary Judgment and page 5 of Defendants Memorandum of law in support of their motion for summary judgment.

For all the reasons set forth in defendants' January 11, 2007 motion for summary judgment and attached documentation and for the following reasons, defendants respectfully submit that their motion for summary judgment should be granted.

**1.  Plaintiff's Failure to File a Level 2 Grievance Should Not be Excused**

Plaintiff concedes he did not file a Level 2 grievance. Instead he argues that he should be excused from the exhaustion requirement.  However, because he has not presented any proof that suggests that administrative remedies were not available to him, that defendants are estopped from raising exhaustion, and/or that special circumstances

justify his failure to exhaust his administrative remedies, summary judgment should be granted in this case.

> [W]hile the PLRA's exhaustion requirement is 'mandatory' Porter, 534 U.S. at 524. . . .certain caveats apply. Giano v. Goord, 380 F.3d 670, 677 92d Cir. 2004). These caveats fall into three categories: when (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such as way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement.

Ruggiero v. County of Orange, 467 F.3d 170, 176 (2d Cir. 2006).

Although plaintiff concedes he did not fully exhaust his claims, plaintiff argues that his failure to exhaust does not warrant the granting of a summary judgment in this matter. More specifically, plaintiff claims he was unable to file a Level 2 grievance. However, plaintiff has not provided any evidence to support this contention.

In his deposition testimony, which was previously provided to the court, plaintiff testified that he did not file a Level 2 grievance because he was told the matter was under investigation, and "[y]ou can't appeal something that's under investigation." Plaintiff's deposition p. 77-78; Defendants' Local Rule 56(a)(1) statement par. 11. Plaintiff now advances three additional arguments, without any sworn statements or evidence, as to why he could not file a Level II grievance.

First, plaintiff argues that he was not in Connecticut's custody having been transferred to Virginia the day of the alleged assault and thus could not file a grievance with Connecticut. This claim is readily disposed of by an examination of Connecticut General Statutes §18-106, the Interstate Corrections Compact. Under this compact, a sending state may contract with a receiving state for the confinement of inmates.

However, such inmates remain within the jurisdiction of the sending state.  Id. Moreover, the validity of plaintiff's belief that he could not file a grievance with Connecticut because he was in Virginia is belied by the fact that on January 17, 2000, he filed a Level I grievance with Connecticut Officials about the November 8, 1999 incident.  Defendants' Local Rule 56(a)(1) statement par. 7-8.  This grievance was not denied out of hand as being untimely.  Rather, it was responded to, on the merits, by the Level I reviewer.  Defendants' Local Rule 56(a)(1) statement par. 7-10.

In his attempt to have the court excuse his failure to exhaust his administrative remedies, plaintiff also claims, that he did not have the Level 2 appeal form.  Plaintiff's 56(a)(2) statement of material facts in dispute par. 5-6.  Assuming arguendo that this court somehow interprets plaintiff's testimony in his deposition as supporting such an argument, this claim still must be rejected.[1]  In Ruggiero, the plaintiff made a similar

---

[1] Plaintiff's deposition testimony on the subject of appealing the Level I denial was as follows:
> A. . . . .Here's the grievance you're talking about.  Here's the grievance. You didn't turn to that page.  Q.  What's the date of that grievance, Mr. Robinson?  A.  That is January 17th as well.  (Reading).  That says on November 8, 1999 DO staff brutally assaulted Mr. Robinson at North C.I. prior to his transfer and seriously injured him.  Staff denied him medical treatment and took his eyeglasses.  DOC staff Holland, Deary, Faucher, Serkosky and others visually attacked him without provocation and are now trying to cover it up.  And they tod me I would have to—for the investigation, I would have to wait, and medical staff.  I would have to get that on—at Wallens Ridge State Prison.  Q.  Did you appeal that Level 1 review that you just looked at?  A.  They didn't send no paperwork, no. They didn't send nothing.  I don't see nothing here.  Q.  Did you attempt to write to anybody to appeal the Level 1 response?  A.  You can't appeal something that's under investigation. (Reading)  This says with regard— this is thereasons and why they denied it.  They said with regards to the name of DOC and TransCor out of the State Police notification, evidence collection and requested for pictures and photos, the grievance is denied, as the DOC and the State Police are currently investigating the matter.  11.

Plaintiff's deposition p. 76-78 referenced in Local Rule 56(a)(1) statement par.

3

argument which was rejected by the Second Circuit Court of Appeals. Specifically, Ruggiero argued that defendants were estopped from claiming failure to exhaust because they did not provide plaintiff with an inmate handbook. In rejecting this argument, the Second Circuit Court of Appeals held that whether or not an inmate had received an inmate handbook, was irrelevant on the exhaustion question.

> Whether or not Ruggiero actually possessed the handbook, he nowhere claims that he was unaware of the grievance procedures contained within it or that he did not understand those procedures. In our prior cases recognizing that defendants' actions may estop them from raising non-exhaustion as a defense, each prisoner alleged that defendants took affirmative action to prevent him from availing himself of grievance procedures. E.g., Ziemba, 366 F.3d at 162 (beating, threatening, and denying grievance forms and writing implements); Hemphill, 380 F.3d at 687 (threats of retaliation). **Ruggiero does not allege beatings or threats of retaliation for filing a grievance or that he made any attempt to file a grievance and was denied that opportunity by Defendants-Appellants. He points to no affirmative act by prison officials that would have prevented him from pursuing administrative remedies**.

Id at 177.

Similarly, here, plaintiff has not provided any sworn statement or other evidence that he was prohibited from filing a level 2 grievance because of some affirmative act by the prison officials. Plaintiff does not dispute and cannot dispute that prior to November 1999, Plaintiff filed numerous level 2 grievances. Defendants Local Rule 56(a)(1) statement par. 24. He was thus aware of those procedures. Plaintiff has pointed to no attempt by him to file a level 2 grievance which was thwarted by defendants. Because plaintiff cannot establish that he should be excused from the exhaustion requirement, summary judgment should be rendered in defendants' favor.

Finally, plaintiff argues that because he is also suing about the alleged denial of medical treatment and since the provision of medical services is not grievable,

defendants' motion for summary judgment should be denied. Plaintiff's memorandum of law p. 9. However, this disregards the fact that issues regarding Health Services diagnosis and treatment are grievable through a medical grievance process. Exhibit A to Affidavit of Roger Chartier, p. 5, and Exhibit A to Affidavit of Lynn Milling; Local Rule 56(a)(1) statement. Plaintiff's last contention also disregards the fact that plaintiff raised the failure to provide medical treatment in his grievance, and the grievance was addressed on the merits, and denied on the basis that plaintiff received medical treatment. Defendants' Local Rule 56(a)(1) statement par. 8-10.

Because plaintiff's claim that he was prevented from filing a grievance about the events which allegedly transpired on November 8, 1999 is without merit, summary judgment should issue in favor of the defendants.

**2.  Plaintiff Has Failed to Exhaust as to All Defendants**

Defendants moved for summary judgment on January 10, 2007. Subsequent to the filing of the motion for summary judgment the United States Supreme Court decided Jones v. Bock, 127 S.Ct. 910, 922-23 (2007). In Jones, the Court held that whether or not individual defendants needed to be listed in a grievance to properly exhaust was dependent upon whether the particular state's grievance system required it.

> In Woodford, we held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules," 548 U.S., at  , 126 S. Ct. 2378, 165 L. Ed. 2d, at 377 -- rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. As the MDOC's procedures make no mention of naming particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted Exhaustion is not

5

per se inadequate simply because an individual later sued was not named in the grievances. We leave it to the court below in the first instance to determine the sufficiency of the exhaustion in these cases.

Id(emphasis added).

In the case at bar, Administrative Directive 9.6(10) entitled Filing a Grievance states in relevant part, "A. A grievance must be filed, in writing on the Inmate Grievance From CN 9601, Attachment A. . . . ." Defendants' Local Rule 56(a)(1) statement par. 12. This form states that an inmate is to "indicate the events and reasons that led you to file this grievance. Specify dates, places, <u>personnel involved</u>, and how you were affected. . . ." (emphasis added). Defendants' Local Rule 56(a)(1) statement par. 12. Under the procedures which governed the filing of Mr. Robinson's grievance, in this case, he was obligated to specify the individuals involved in the alleged use of force. Plaintiff filed a grievance only as to defendants Holland, Deary, Falk and Wawryzk. Thus to the extent, plaintiff's Level 1 January 17, 2000 grievance somehow satisfies plaintiff's obligation to exhaust his administrative remedies, plaintiff has exhausted his claims only as to defendants Holland, Deary, Falk and Wawryzk. The plaintiff is, consequently, barred by the PLRA from bringing suit against any of the other defendants since they were not identified in either grievance.[2]

---

[2] Plaintiff testified at length at his deposition that he witnessed defendants Sabettini, Kearney, Correia, Faucher, Manley, Norwood Strozier, Ames, Felton, Rhodes Stuckenski and Kuhlman, Seiffert, Faneuff, Feltman, Mitchell, Pepe and Wilcox either participate in beating him and/or their presence in the immediate area. See Local Rule 56(a)(1) statement par. 15-21.

**CONCLUSION**

Wherefore, all the foregoing reasons, and those set forth in their memorandum of law dated January 10, 2007, defendants respectfully move for summary judgment in this case.

>                            DEFENDANTS
>                            Jerry Wawryzk Et Al.
>
>                            RICHARD BLUMENTHAL
>                            ATTORNEY GENERAL
>
> BY:    ____/s/_____
>                            Ann E. Lynch
>                            Assistant Attorney General
>                            110 Sherman Street
>                            Hartford, CT  06105
>                            Federal Bar #ct08326
>                            E-Mail:  ann.lynch@po.state.ct.us
>                            Tel.: (860) 808-5450
>                            Fax: (860) 808-5591

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this  9th  day of August, 2007:

>    Shawn Robinson, Inmate #430720
>    New Jersey State Prison
>    P.O. Box 861
>    Trenton, NJ 08625-0861
>
>    Robert Rhodes, Esq.
>    Halloran and Sage, LLP
>    315 Post Road West
>    Westport, Ct 06880

>                            ____/s/_____
>                            Ann E. Lynch
>                            Assistant Attorney General