```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SHAWN ROBINSON                     :
                                   :           PRISONER
     v.                            :  Case No. 3:02cv1943(CFD)(TPS)
                                   :
MICHAEL HOLLAND, et al.            :
```

**RULING ON MOTION FOR SUMMARY JUDGMENT [Doc. # 144]**

Plaintiff Shawn Robinson currently is confined at the New Jersey State Prison in Trenton, New Jersey. He brings this civil rights action pro se, pursuant to 28 U.S.C. § 1915. Robinson alleges that he was assaulted and beaten by several Connecticut correctional officers in November 1999, as he was being transferred to the Wallens Ridge State Prison in Virginia. Defendants Zierdt, Reid, Napier, Ryan, Bendelow and Tavarez are employed by Transcor America, a private business entity that provides interstate prisoner transport. Robinson contends that these defendants failed to intercede to protect him from assault and failed to provide medical assistance following the assault. Defendants Zierdt, Reid, Napier, Ryan, Bendelow and Tavarez ("the Transcor defendants") have filed a motion for summary judgment. For the reasons that follow, the motion is granted.

I. Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P.; Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The moving party may satisfy this burden by demonstrating the absence of evidence supporting the nonmoving party's case. See PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam). The court construes the facts in the light most favorable to the nonmoving party. See Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ., 444 F.3d 158, 162 (2d Cir.), cert. denied, 127 S. Ct. 382 (2006).

II. Discussion

The Transcor defendants move for summary judgment on three grounds:[1]  (1) the claims against them are time-barred, (2) the court lacks personal jurisdiction and (3) defendant Zierdt was not in Connecticut at the time of the incident.

The limitations period for filing an action pursuant to 42 U.S.C. § 1983 is three years. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). The incident giving rise to this action

---

[1] The Transcor defendants also adopt all of the arguments asserted by the remaining defendants in their motion to dismiss, filed January 11, 2007. See Docs. ## 151, 153. Because the court has concluded that the claims against the Transcor defendants are time-barred, the court did not consider these arguments.

occurred on November 8, 1999.  Thus, the limitations period expired on November 8, 2002.

Robinson commenced this action by complaint filed October 31, 2002, eight days before the limitations period expired.  The original complaint lists nine correctional officers and seven John Doe defendants in the case caption.  In the section of the complaint labeled "Parties," Robinson states that all of the John Doe defendants "were duly appointed employees of the Department of Corrections for the State of Connecticut."  (Compl., Doc. #2, at 2-3.)  Thus, Robinson did not include any Transcor employee in the original complaint.  A review of the allegations in the original complaint reveals no reference to any action or inaction by any Transcor defendant.  Some of the Transcor defendants are included in the first amended complaint.  However, the first amended complaint is dated and presumably filed,[2] April 1, 2003, 144 days after the limitations period expired.

In opposition to the motion for summary judgment, Robinson states that the caption of the original complaint includes "Seven John Does, including Transcor's Director and Five Employees."

---

[2] The Second Circuit has held that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).  The earliest Robinson could have given the amended complaint to prison officials for mailing is April 1, 2003, the date on the first page of the amended complaint.

(Pl.'s Rule 56(a)2 Statement, Doc. #166-1, ¶ 10.)  As noted above, no such language is contained in the original complaint filed with the court.

Lack of knowledge of the identity of a defendant is not a mistake for which an amended pleading is allowed to relate back to the date of the original pleading.  See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469-70 (2d Cir. 1995), op'n mod'd and aff'd, 74 F.3d 1366, 1367 (2d Cir. 1996) (Rule 15(c) does not permit an amendment to relate back where new defendants were not added to the original complaint because the plaintiff did not know their identities; lack of knowledge cannot be characterized as mistake).  Here, Robinson did not reference any of the Transcor defendants in the original complaint.  Thus, his claims against the Transcor defendants cannot relate back to the filing of the original complaint.  The Transcor defendants' motion for summary judgment is granted on the ground that the claims against them are time-barred.

III. Conclusion

The motion for summary judgment filed by defendants Zierdt, Reid, Napier, Ryan, Bendelow and Tavarez [**Doc. # 144**] is **GRANTED**.

Defendant Plute also is a Transcor employee.  Although defendant Plute has not been served with process, the court concludes that all claims against him also are time-barred.  All

claims against defendant Plute are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    **SO ORDERED** this 5th day of September, 2007, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge