UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN ROBINSON                    :
                                  :          PRISONER
     v.                           :   Case No. 3:02cv1943(CFD)(TPS)
                                  :
MICHAEL HOLLAND, et al.           :

**<u>RULING ON MOTION FOR SUMMARY JUDGMENT [Doc. # 147]</u>**

Plaintiff Shawn Robinson currently is confined at the New Jersey State Prison in Trenton, New Jersey. He brings this civil rights action pro se, pursuant to 28 U.S.C. § 1915. Robinson alleges that he was assaulted and beaten by several Connecticut correctional officers in November, 1999 as he was being transferred to the Wallens Ridge State Prison in Virginia. Defendants Holland, Wawrzyk, Sabettini, Deary, Norwood, Falk, Faucher, Rhodes, Manley, Faneuff, Seiffert, Kearney, Correia, Lynch, Strozier, Ames, Felton, Mitchell, Kuhlman, Thomas, Smith, Knapp, Daire, Chapman, Germond, Bernard, Schreindorfer, Lajoie, Zacharewicz, Wilcox, Pepe and Myers ("the DOC defendants") are employed by the Connecticut Department of Correction.[1] They have filed a motion for summary judgment. For the reasons that follow, the motion is granted in part.

---

[1] Defendant Stucenski was employed by the Connecticut Department of Correction at the time of the incident. Service on defendant Stucenski was effected on July 20, 2007. At this time, defendant Stucenski is not represented.

I.   <u>Standard of Review</u>

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. <u>See</u> Rule 56(c), Fed. R. Civ. P.; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986). The moving party may satisfy this burden by demonstrating the absence of evidence supporting the nonmoving party's case. <u>See</u> <u>PepsiCo, Inc. v. Coca-Cola Co.</u>, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam). The court construes the facts in the light most favorable to the nonmoving party. <u>See</u> <u>Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.</u>, 444 F.3d 158, 162 (2d Cir.), <u>cert. denied</u>, 127 S. Ct. 382 (2006).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must do more than vaguely assert the existence of an unspecified disputed material fact or offer speculation or conjecture. <u>See</u> <u>Western World Ins. Co. v. Stack Oil, Inc.</u>, 922 F.2d 118, 121 (2d Cir. 1990). Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments suggested therein. <u>See</u> <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994). Despite this liberal interpretation, however, a "bald assertion," unsupported by

2

evidence, cannot overcome a properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

II. Facts[2]

On November 8, 1999, Robinson was transferred from Northern Correctional Institution in Somers, Connecticut, to the Wallens Ridge Correctional Institution in Big Stone Gap, Virginia. He alleges that, immediately prior to his transfer, he was assaulted by many of the DOC defendants.

This was not Robinson's first out-of-state confinement. He knew from his previous out-of-state confinement that Major Lynn Milling was the contact person for out-of-state inmates and that he should send any grievances to her. In addition, all inmates transferred to Virginia received a handbook upon their arrival which summarized the grievance procedure that Connecticut inmates confined out-of-state should follow. Inmates were informed that the Interstate Compact Supervisor, Major Milling, was the Level 1 Reviewer and the Director of Offender Classification and Population Management was the Level 2 Reviewer. All grievances were to be filed within thirty days of the incident underlying the grievance.

---

[2] The facts are taken from the DOC defendants' Local Rule 56(a)1 Statement, Doc. #147-2 (Part 3), and Robinson's Local Rule 56(a)2 Statement, Doc. #168-1.

3

On January 17, 2000, Robinson filed two grievances. In the first grievance, Robinson stated that DOC staff assaulted him prior to his transfer, seriously injured him, denied him medical care and took his eyeglasses. He specifically identified defendants Holland, Deary, Falk, Serkosky and Warczyk. For relief, Robinson requested the names of all staff involved in the incident and asked that the State Police be notified, all evidence be preserved, he be provided copies of all pictures and reports, his eyeglasses be returned and he be provided medical treatment. Major Milling denied the grievance in part. She informed Robinson that DOC officials and the Connecticut State Police were investigating the incident and, therefore, she could not provide him names, pictures and reports. She denied the grievance with respect to the request for medical treatment because Robinson had been seen by medical staff in Virginia. She upheld the grievance with regard to new eyeglasses and informed Robinson that Virginia officials has ordered him a new pair of glasses. Robinson did not appeal the denial of this grievance.

During his deposition, Robinson identified other defendants as being present during the assault. He testified that he included defendants Zacharewicz and Lajoie as defendants because he believed that he would not have been assaulted if one of them told staff not to assault him. Neither defendant was involved in

the assault. Robinson also testified that, because of his rank, defendant Knapp must have known that he would be assaulted.

III. Discussion

Robinson filed the Third Amended Complaint pursuant to 42 U.S.C. §§ 1983, 1986 and 1988 for violations of his rights under the Eighth and Fourteenth Amendments.  In addition, he asks the court to exercise supplemental jurisdiction over state law claims of assault and battery, intentional infliction of emotional distress, false imprisonment and negligence.  (Third Am. Compl., ¶¶ 2, 58-61.)

The DOC defendants move for summary judgment on five grounds:  (1) Robinson failed to fully exhaust his administrative remedies, (2) defendants Zacharewicz, Lajoie and Knapp were not personally involved in the alleged constitutional violations, (3) Robinson fails to state cognizable claims pursuant to 42 U.S.C. §§ 1985 or 1988, (4) Robinson cannot maintain a common law cause of action for false arrest and (5) the defendants are statutorily immune from common law claims for negligence.

    A.   Exhaustion of Administrative Remedies

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust "administrative remedies as are available" before bringing an "action ... with respect to prison conditions."  The Supreme Court has held that this provision

requires an inmate to exhaust administrative remedies before filing any type of action in federal court, see Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of whether the inmate may obtain the specific relief he desires through the administrative process. See Booth v. Churner, 532 U.S. 731, 741 (2001). Inmates must properly exhaust their administrative remedies. This requirement includes complying with all procedural requirements, including filing deadlines. See Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378, 2386-87 (2006).

The Second Circuit recognizes three exceptions to the exhaustion requirement: "(1) administrative remedies were not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)).

The administrative remedies for the Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Grievances. During the relevant time period, section 6(A) provided that the following matters were grievable:

6

> 3.  Individual employee and inmate actions including any denial of access of inmates to the Inmate Grievance Procedure other than as provided herein.
>
> 5.  Any other matter relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the Department of Correction, to include rights under the Americans with Disabilities Act, except as noted herein.

(Chartier Aff., Doc. #147-3, Ex. A, Connecticut Department of Correction Administrative Directive 9.6, effective Aug. 16, 1999.)

Robinson's claims that the defendants used excessive force against him, denied him medical treatment and improperly confined him in administrative segregation fall within these sections. Thus, administrative remedies were available to Robinson.

All affirmative defenses must be plead in the answer. See Fed. R. Civ. P. 8(c). The DOC defendants did not include failure to exhaust administrative remedies as an affirmative defense in their answer. Thus, they have forfeited this defense. See Arizona v. California, 530 U.S. 392, 409 n.3 (2000) (a party generally forfeits an affirmative defense by failing to raise it). Even if the defendants had not forfeited the defense, the motion for summary judgment should be denied for the following reasons.

The third exception to the exhaustion requirement requires the court to consider whether there are any special circumstances that would justify Robinson's failure to exhaust available administrative remedies.

Administrative Directive 9.6, section 10(G), requires that the grievance be filed within thirty days from the date of the occurrence or discovery of the cause of the grievance. Robinson was obviously aware immediately of the use of excessive force. Thus, he should have filed his grievance on or before December 8, 1999, thirty days from the date of the incident. Robinson did not file his grievance until January 17, 2000.

Robinson stated in his deposition that he did not have any inmate grievance forms when he arrived in Virginia. When he received some of his property, he found a Level 1 grievance form and submitted the grievance to Major Milling. (Robinson Dep., attached to Doc. #147-2, at 78.) Robinson send the grievance to Major Milling because he knew, from a prior out-of-state incarceration, that she was the contact person for inmate problems. (Robinson Dep. at 78-79.) The grievance was accepted and acted upon; it was not rejected as untimely filed. See Woodford v. Ngo,___ U.S. ___, 126 S. Ct. 2378, 2387-88 (2006) (holding that claim not properly exhausted where grievance was dismissed because prisoner had missed deadlines set by the

8

grievance policy).

Robinson states that Major Milling did not send him a Level 2 grievance form when she returned the Level 1 grievance with her decision. (Robinson Dep. at 77.) In addition, although Robinson conceded in his deposition that he probably did receive an Inmate Handbook after he arrived in Virginia, he did not recall when he received the handbook. (Robinson Dep. at 73.) The DOC defendants have not provided any evidence showing that Robinson received the handbook or had other access to a Level 2 grievance form or knew to whom a Level 2 grievance should have been submitted in time to submit a Level 2 grievance in this matter.

The court concludes that a genuine issue of material fact exists regarding whether special circumstances exist that would justify Robinson's failure to exhaust his administrative remedies. Thus, the DOC defendants' motion for summary judgment is denied on this ground.

The DOC defendants also contend that Robinson has not exhausted his administrative remedies against all defendants named in the complaint because only a few of the defendants were referenced in his January 17, 2000 grievance. They also urge the court to dismiss all claims under the "total exhaustion" rule.

Under the total exhaustion rule, the district court would be required to dismiss the entire complaint if the inmate had not

9

fully exhausted his administrative remedies with regard to any claim included therein.  After the DOC defendants filed their motion for summary judgment, the Supreme Court disclaimed the total exhaustion rule and held that inmates need not include every defendant in their administrative grievances.  See Jones v. Bock, ___ U.S. ___, 127 S. Ct. 910, 922-23 & 925-26 (2007).  Accordingly, the DOC defendants' motion for summary judgment also is denied on the ground that Robinson did not totally exhaust his administrative remedies.

    B.    Personal Involvement

The DOC defendants next argue that Robinson has not established the personal involvement of defendants Lajoie, Zacharewicz and Knapp in the alleged constitutional violations.

In an action filed pursuant to 42 U.S.C. § 1983, liability is imposed only on the official causing a constitutional violation.  It is settled law in this circuit that in a civil rights action for monetary damages against a defendant in his individual capacity, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation.  See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  Robinson has named all defendants in their individual capacities only.

Defendants Lajoie, Zacharewicz and Knapp are supervisory officials. Because the doctrine of respondeat superior is inapplicable in section 1983 cases, see Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999), supervisors are not automatically liable under section 1983 when their subordinates commit a constitutional tort. Robinson may show supervisory liability by demonstrating one or more of the following criteria: (1) the defendant actually and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his supervision of the correctional officers who committed the constitutional violation; and (5) the defendant failed to act in response to information that unconstitutional acts were occurring. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003). In addition, Robinson must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury. See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).

Robinson stated during his deposition that defendants Zacharewicz, Lajoie and Knapp did not participate in the assault

and were not present during the assault. He named defendants Zacharewicz and Lajoie because he believed that if either defendant had told correctional staff not to assault him, the assault would not have occurred. He named defendant Knapp because Robinson believed that defendant Knapp must have known that he would be assaulted. (Robinson Dep. at 190-92, 193-94.) Robinson conceded that he had no evidence that these defendant knew that he would be assaulted on November 8, 1999, and has present no such evidence in opposition to this motion. He argues that the motion for summary judgment should be denied because he sufficiently plead a claim of supervisory liability.

Allegations in the third amended complaint are insufficient to oppose a motion for summary judgment. See Carey v. Crescenzi, 923 F.2d at 21 ("bald assertion," unsupported by evidence, insufficient to oppose summary judgment). Robinson has presented no evidence to support his allegations that defendants Zacharewicz, Lajoie and Knapp improperly supervised the other DOC defendants, implemented policies that permitted the alleged assault to occur or should have been aware that he would be assaulted on November 8, 1999. He has presented no evidence showing a causal connection between the actions of any one of the three defendants and the alleged assault. Thus, he fails to meet his burden in opposition to the motion for summary judgment. The

12

DOC defendants' motion for summary judgment is granted as to all federal law claims against defendants Zacharewicz, Lajoie and Knapp. Because all federal law claims against these three defendants have been dismissed, the court declined to exercise supplemental jurisdiction as to any state law claims against defendants Zacharewicz, Lajoie and Knapp. See 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over state law claims where all federal claims have been dismissed); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases) (Where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts).

    C.   <u>Section 1986 and 1988 Claims</u>

Robinson states in each of the operative complaints that he brings this action pursuant to 42 U.S.C. §§ 1983, 1986 and 1988. (Compl., Doc. #2, at 2; Am. Compl., Doc. #18, at 2; Third Am. Compl., Doc. #32, at 2.)

The DOC defendants move for summary judgment on claims brought pursuant to 42 U.S.C. § 1985. As Robinson has not indicated in any complaint that he brings this action pursuant to section 1985, the DOC defendants' motion for summary judgment on this ground is denied as moot. The DOC defendants do not address

any conspiracy claims brought pursuant to section 1983.

Robinson does, however, reference 42 U.S.C. § 1986. Section 1986 provides no substantive rights; it provides a remedy for the violation of section 1985. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 222 n.28 (1970) (Brennan, J., concurring in part and dissenting in part). Thus, a prerequisite for an actionable claim under section 1986 is a viable claim under section 1985. Robinson has not brought any claim pursuant to section 1985.

In addition, the limitations period for filing a section 1986 claim is one year. See 42 U.S.C. § 1986. Robinson did not file this action until nearly three years after the incident occurred. Thus, any section 1986 claim is time-barred. The section 1986 claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Robinson also invokes 42 U.S.C. § 1988. Section 1988(a) provides that the district courts shall exercise their jurisdiction over civil right cases in conformity with federal law where appropriate or state law. This section, however, does not provide an independent cause of action. See Moor v. Alameda County, 411 U.S. 693, 702-06, reh'g denied, 412 U.S. 963 (1973).

If Robinson is seeking attorney's fees pursuant to section 1988(b), his claim also fails. A pro se litigant is not entitled to attorney's fees under section 1988. See Kay v. Ehrler, 499

U.S. 432, 435 (1991).  The DOC defendants' motion for summary judgment is granted as to any claims pursuant to 42 U.S.C. § 1988.

    D.    <u>Common Law False Arrest Claim</u>

Robinson includes a common law claim for false imprisonment.  (Third Am. Compl. ¶ 61.)  The DOC defendants argue that this claim is not cognizable because Robinson was lawfully confined in the custody of the Connecticut Department of Correction at all times relevant to this action.

Under state law, a person who was arrested pursuant to a facially valid warrant cannot bring an action for false imprisonment.  <u>See</u> <u>Outlaw v. City of Meriden</u>, 43 Conn. App. 387, 392 (1996).  On July 18, 1991, Robinson was sentenced to a total effective term of imprisonment of 45 years.  (Judgment Mittimus, attached to Doc. #147-2.)  He does not argue that his arrest or conviction were invalid.  Thus, as a sentenced prisoner, Robinson cannot bring a common law action for false imprisonment regarding actions taken after his conviction.  The DOC defendants' motion for summary judgment is granted as to the false imprisonment claim.

In his opposition, Robinson explains that his false imprisonment claim actually is a claim that he has improperly been classified to Administrative Segregation and housed at

15

Northern Correctional Institution.  Robinson does not contest the DOC defendants' argument that false imprisonment is not applicable.  The DOC defendants have not addressed the improper classification claim in their motion.  Thus, that claim remains pending.

    E.    <u>Common Law Negligence Claim</u>

Finally, the DOC defendants contend that they are statutorily immune from suit for common law negligence claims.  In response, Robinson states that the claims against the DOC defendants could rise to the level of malicious, wanton or reckless conduct and argues that the motion should be denied as premature on this ground.

Connecticut General Statutes § 4-165 provides in relevant part:  "No state officer or employee shall be personally liable for damages or injury not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment."  In considering this statute, the Connecticut Appellate Court has held that wanton, reckless or malicious conduct is "more than negligence, more than gross negligence."  <u>Manifold v. Ragaglia</u>, 94 Conn. App. 103, 115-16 (2006).

Robinson alleges that the defendants were "negligen[t] in the performance of their correctional duties."  (Third Am. Compl., ¶ 60.)  He does not include in this paragraph any

16

allegations of malicious, wanton or reckless conduct. Although he now argues that the alleged assault could be classified as wanton, reckless or malicious, he did not assert that claim in paragraph 60. He included only a claim of simple negligence. Because section 4-165 provides that the DOC defendants are not personally liable for negligent acts, the motion for summary judgment is granted as to all state law negligence claims.[3]

III. Conclusion

The DOC defendants' motion for summary judgment [**Doc. # 147**] is **GRANTED** as to all federal law claims against defendants Zacharewicz, Lajoie and Knapp, all claims pursuant to 42 U.S.C. § 1988, and all common law claims for false imprisonment and negligence. The court declines to exercise supplemental jurisdiction over any state law claims against defendants Zacharewicz, Lajoie and Knapp. All claims pursuant to 42 U.S.C. § 1986 are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as lacking an arguable legal basis. Because Robinson has not identified the defendants included in the Third Amended Complaint as John Doe One through Six in over 2½ years, all claims against these defendants are **DISMISSED** for failure to prosecute.

---

[3] To the extent that a claim for wanton, reckless or malicious conduct may be found in other paragraphs of the Complaint, that claim remains pending.

The case will proceed to trial on the remaining federal and state law claims against defendants Holland, Wawrzyk, Sabettini, Deary, Norwood, Falk, Faucher, Rhodes, Manley, Faneuff, Seiffert, Kearney, Correia, Lynch, Strozier, Ames, Felton, Mitchell, Kuhlman, Stucenski, Thomas, Smith, Daire, Chapman, Germond, Bernard, Schreindorfer, Wilcox, Pepe and Myers.

**SO ORDERED** this 5th day of September, 2007, at Hartford, Connecticut.

>/s/ Christopher F. Droney
>Christopher F. Droney
>United States District Judge