UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN ROBINSON,                           :
                                          :   CASE NO: 3:02CV1943 (CFD)(TPS)
        Plaintiff,                        :
                                          :
V.                                        :
                                          :
MICHAEL L. HOLLAND, ET AL.                :
                                          :
        Defendants.                       :   September 4, 2007

**DEFENDANT'S MEMORANDUM OF LAW IN REPLY TO THE PLAINTIFF'S OBJECTION TO MOTION FOR SUMMARY JUSDGMENT**

I.  INTRODUCTION

The undersigned defendants, JOHN ZIERDT, JR., HENRY SCOTT REID, ANTHONY NAPIER, DAVID RYAN, II, B.D. BENDELOW and JOSE TAVAREZ ("Transcor Defendants") hereby file the present memorandum in reply to the plaintiff's opposition to the defendants' Motion for Summary Judgment. The defendants specifically address the plaintiff's arguments that: (1) the Amended Complaint of April 7, 2003 relates back to the original complaint of October 31, 2002; (2) the naming of John Doe defendants constitutes a mistake of identity under FRCP 15(c); and (3) the filing of an appearance by counsel constitutes a waiver of any challenge to personal jurisdiction. The undersigned defendants also adopt and incorporate the arguments set forth by the Connecticut defendants concerning the plaintiff's failure to exhaust his administrative remedies contained in their memorandum of law dated August 9, 2007. The failure of

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

the undersigned defendants to address any other issues or arguments raised by the plaintiff in his opposition papers should not be construed as any kind of express or implied withdrawal or abandonment of any arguments set forth in the defendants Motion for Summary Judgment. See Local Rule 7(d).

II.   ARGUMENT

A.   THE AMENDED COMPLAINT IN WHICH THE TRANSCOR EMPLOYEES ARE NAMED AS DEFENDANTS DOES NOT RELATE BACK TO THE ORIGINAL COMPLAINT.

The relation back doctrine set forth in Rule 15(c) does not apply to the Amended Complaint in the present case. The plaintiff's Amended Complaint filed on April 7, 2003, does not relate back to the filing of the original complaint because it was not filed within the statute of limitations or within 120 days of the filing of the original complaint. The Amended Complaint was filed 158 days after the original complaint. Further, since there are no claims or allegations against either Transcor or its employees in the original complaint, the defendants could not possibly have had notice of any claims or potential claims against them until the filing of the Amended Complaint.

Rule 15 has been held to require that for an amendment adding new parties to relate back to the filing of the original complaint, the amendment must be based on the same acts or transaction set forth in the original complaint and the amendment must made within 120 days of the filing of the original complaint. Further, the amendment

2

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

must be based on some type of mistake in identifying the proper parties. A lack of information concerning the identity of the proper party is not considered a mistake.

> The Rule only permits an amendment to relate back when the newly added defendant is on notice that he is the intended target of the suit. Fed.R.Civ.P. 15(c)(3). The notice component of the Rule is a crucial requirement because it ensures that the policy underlying the statute of limitations is upheld. Schiavone, 477 U.S. at 31 ("[t]he linchpin [for relation back] is notice"). Relation back permits otherwise untimely claims because the defendant is on notice of the plaintiff's claim within the time by which the plaintiff must have served the initial complaint. Id.; see Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 19 (2d Cir.1997) (quoting Fed.R.Civ.P. 15, advisory committee's notes (1991)) ("The [1991 Amendments] ... prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense."). Hence, Rule 15(c) does not disrupt the protections guaranteed by the statute of limitations or its underlying policy: if a potential defendant is not put on notice that he will be sued within 120 days after the complaint is filed, that defendant may consider himself safe from suit once the limitations period expires. See Schiavone, 477 U.S. at 31.

Davies v. Jindal, 2007 WL 1491305 *6 (D. Conn.) (May 22, 2007, Droney, J.). The failure to name a party because a plaintiff lacks sufficient knowledge of their identity does not constitute a mistake under Rule 15(c).

> We are compelled to agree with our sister circuits that Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities. Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.

Barrow v. Wethersfield Police Department, 66 F.3d 466, 470 (2d Cir. 1995) ), op'n mod'd and aff'd, 74 F.3d 1366, 1367 (2d Cir.1996).

3

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

Additionally, the naming of John Doe defendants does not relate an amendment back to the original complaint because the subsequent replacement of a John Doe defendant constitutes a change in the party sued. This change is not based on a mistake, but rather, is based on a lack of knowledge and therefore does not fall within Rule 15(c).

> Barrow's failure in his first three complaints to specify the defendants' names, and his listing of ten "John Does" in the complaint of July 1, 1991, were because he did not know the arresting officers' names. His amended complaint identifying six police officers by name-filed, by any calculation, after the statute of limitations had run-did not correct a mistake in the original complaint, but instead supplied information Barrow lacked at the outset. Since the new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met.

Barrow v. Wethersfield Police Department, 66 F.3d 466, 470 (2d Cir. 1995), op'n mod'd and aff'd, 74 F.3d 1366, 1367 (2d Cir. 1996).

> Lack of knowledge of the identity of a defendant is not a mistake for which an amended pleading is allowed to relate back to the date of the original pleading. See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469-70 (2d Cir.1995), op'n mod'd and aff'd, 74 F.3d 1366, 1367 (2d Cir.1996) (Rule 15(c) does not permit an amendment to relate back where new defendants were not added to the original complaint because the plaintiff did not know their identities; lack of knowledge cannot be characterized as mistake). Thus, even if the plaintiff discovered the identities of the John Doe defendants, the claims against them would be time-barred.

Tsuma v. Uncasville State Police, 2007 WL 2089588 *1, n. 2 (D.Conn.)(July 18, 2007, Covello, J.)

315 Post Road West
Westport, CT 06880

4
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

In the present case, the allegations of the original complaint, filed on October 31, 2002, make no mention of the undersigned defendants. Transcor itself was not even named as a defendant in the original complaint and is not mentioned the any of the allegations of the original complaint.[1] The only allegations are against the Department of Corrections officers and are based solely on their conduct. This is not a situation in which the plaintiff made any type of mistake about the names of the individuals. In fact, he claims that some time after this incident, he wrote to the president of Transcor asking for their "help" because he "didn't want *Connecticut* to get away with what *they* did to me." (See "Plaintiff's Deposition Testimony" at p. 50, lns. 11-16 attached as Exhibit A of Statement of Facts dated December 13, 2006.) The plaintiff also testified at his deposition on March 20, 2006, that the Transcor Defendants did not use any force on the plaintiff. Therefore, it is abundantly clear that there was no mistake concerning identities and that his true intention was only to sue the Connecticut employees. At some point his strategy changed, but this was not due to any mistake. The absence of a mistake is further supported by the fact that the Transcor defendants were not substituted or "changed" for any of the original defendants.

Finally, there is no evidence that the Transcor defendants were ever on notice that they would be sued prior to the filing of the Amended Complaint, or even later. The

---

[1] Despite a claim that the cover page of the original complaint contains Transcor, the actual complaint does not contain Transcor or any of its employees as defendants and makes no mention of TransCor or any of its employees. Transcor has never been named as a party defendant.

315 Post Road West
Westport, CT 06880

5
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

plaintiff even admits in his opposition brief that "no defendants were served with a Notice or Complaint until after some time after October 20, 2004. (See page 12 of plaintiff's opposition memorandum.) This means that no notice could have been had by the Transcor Defendants until almost two years after the filing of the original complaint and almost two years after the expiration of the statute of limitations.[2] Therefore, it is impossible for the Transcor Defendants to have received notice of any allegations against them within 120 days of October 31, 2002.

This clear lack of notice coupled with the fact that the plaintiff has never made a claim that the Transcor employees used any force on the plaintiff, clearly demonstrates that the undersigned defendants did not have notice of any claims against them and would have had no reason to believe that there were any potential claims against them. Therefore, the allegations against the Transcor Defendants do not relate back to the filing of the original complaint and the claims are time barred by Connecticut's statute of limitations.

---

[2] Almost three years after the expiration of the statute of limitations for claims of negligence, C.G.S. § 52-584.

315 Post Road West
Westport, CT 06880

6
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

### B. THE FILING OF APPEARENCES OF COUNSEL DID NOT WAIVE ANY CHALLENGES TO THE COURT'S PERSONAL JURISDICTION.

The filing of appearances of counsel has not waived any claims regarding lack of personal jurisdiction. There is no requirement of the filing of a 'special appearance' in order to challenge personal jurisdiction. FRCP 12(h)(1) allows a defendant to challenge personal jurisdiction in either a motion to dismiss or as an affirmative defense or both.

> Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him. He is no longer required at the door of the federal courthouse to intone that ancient abracadabra of the law, *de bene esse*, in order by its magic power to enable himself to remain outside even while he steps within. He may now enter openly in full confidence that he will not thereby be giving up any keys to the courthouse door which he possessed before he came in.

Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 874 (3d Cir.1944).

Additionally, Connecticut state courts have also recently held that the filing of a general appearance does not constitute a waiver of any challenge to personal jurisdiction. See Bove v. Bove, 93 Conn.App. 76, 78 n. 3, cert. denied, 277 Conn. 919 (2006). Special appearances are no longer recognized or required in state court. Id. Further, Connecticut Practice Book § 10-30 provides that any defendant wishing to contest the court's jurisdiction may do even after filing a general appearance, so long as the motion is filed within 30 days of the appearance. While this procedural rule is not

7

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

binding on the District Court, the Transcor defendants nonetheless filed Motions to Dismiss contesting personal jurisdiction within 30 days of appearances of counsel.

Therefore, the appearance of counsel on behalf of the Transcor defendants has not waived any claims concerning the lack of personal jurisdiction. In fact, the defendants raised these claims in several Motions to Dismiss and their Affirmative Defenses. Therefore, any challenges to personal jurisdiction were properly raised and preserved under the Federal Rules of Civil Procedure.

III. CONCLUSION

For the foregoing reasons, as well as, those set forth in the memorandum of law dated December 13, 2006, the Defendants' Motion for Summary Judgment should be granted.

DEFENDANTS,
JOHN ZIERDT, JR.
HENRY SCOTT REID, ANTHONY NAPIER
DAVID RYAN, II, B.D. BENDELOW
JOSE TAVAREZ

By _____
Robert A. Rhodes of
HALLORAN & SAGE LLP
Fed. Bar #ct13583
315 Post Road West
Westport, CT 06880
(203) 227-2855

8

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

## CERTIFICATION OF SERVICE

This is to certify that on this 4th day of September, 2007, a true copy of the foregoing was sent via first class mail, postage prepaid, to all counsel and pro se parties of record as follows:

Shawn Robinson
oso 1503529-430720
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625-0861

Ann E. Lynch, Esq.
Attorney General's Office
110 Sherman Street
Hartford, CT 06105

Robert A. Rhodes

1033048
315 Post Road West
Westport, CT 06880

9

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195