UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN L. ROBINSON, ) | CIVIL ACTION |
| Plaintiff, ) | |
| -vs- ) | NO. 3:02-CV-1943(CFD)(TPS) |
| MICHAEL L. HOLLAND, ET AL., ) | 12 SEPTEMBER 2007 |
| Defendants. ) | |

## PLAINTIFF OBJECTS TO DEFENDANTS' AMENDED ANSWER

Plaintiff Shawn L. Robinson comes before this Honorable Court, pursuant to Rule 32(d)(4), of the Federal Rules of Civil Procedure, to file an objection to the defendants' motion to amend their 2005 answer to plaintiff's amended civil complaint.

Plaintiff objects to the defendants' deceitful attempt to try to preserve a defense, in which they totally waived in their answer dated November 23, 2005.

The defendants want this Honorable Court to believe that this was merely an oversight by counsel, but this affirmative defense or argument was never addressed in their 2005 Motion to Dismiss.

After all of plaintiff's personal belongings and legal papers had been thoroughly searched and perused by DOC officials and staff in New Jersey, the defendants made the affirmative defense argument three (3) years later, that plaintiff's claims were never exhausted administratively for the very first time in this civil action.

It seems that the defendants must have reached the conclusion that the plaintiff would not be able to prove that he exhausted his

administrative remedies or attempted to exhaust them.

Plaintiff is presently preparing an opposition to defendants' response dated August 9, 2007, about the exhaustion requirements in this matter, and plaintiff is planning on using this here oversight as one of his arguments.

It would be very prejudicial to allow the defendants to amend their answer and add this affirmative defense at this juncture, due to the fact it has already been incorporated as a waiver defense in plaintiff's arguments, as well as the fact he could not depose any- on the matter, because the dispositive motions deadline has passed.

Furthermore, if plaintiff makes any mistake or oversight, the defendants are quick to penalize him for it.

Plaintiff should be allowed the chance to argue the waiver in his opposition.

WHEREFORE, the defendants should not be allowed to amend this affirmative defense in their answer, but only to argue it in thier motion for summary judgment.

RESPECTFULLY SUBMITTED,
The Plaintiff Pro Se.

Mr. Shawn L. Robinson
#430720 - OS01503529
P.O. Box 861
Trenton, NJ  08625-0861

## CERTIFICATION

I hereby certify that on this 12th day of September 2007, that a copy of the foregoing will be placed into a sealed legal envelope and personally giving to 1-Right's prison staff to be mailed to the following:

Ms. Ann E. Lynch, Esq.
Attorney General Office
110 Sherman Street
Hartford, CT  06105-2294

Mr. Robert A Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT  06880-4739

                                    MR. SHAWN L. ROBINSON
                                    The Plaintiff  Pro Se