UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN ROBINSON | : | PRISONER |
| | : | CIVIL NO. 3:02CV1943(CFD)(TPS) |
| VS. | : | |
| | : | |
| MICHAEL L. HOLLAND, ET AL. | : | SEPTEMBER 19, 2007 |

## ANSWER

1). That part of paragraph 1 which begins with phrase, "Michael L. Holland" and ends with phrase "withholding of needed medical treatment" is denied as inaccurate, incomplete and/or misleading. As to the remaining allegations in paragraph 1, defendants are without sufficient knowledge or information and therefore leave plaintiff to his proof.

2). As to the allegations in paragraph 2, defendants are without sufficient knowledge or information to form a belief and therefore leave plaintiff to his proof.

3). As to the allegations in paragraph 3, defendants admit that the plaintiff is a citizen of the United States, was lawfully committed to the custody of the Connecticut Commissioner of Correction and incarcerated at the Northern Correctional Institution on November 8, 1999. Defendants further admit that plaintiff is currently incarcerated under the Interstate Compact agreement in New Jersey State Prison. The remaining allegations in paragraph 3 are denied as inaccurate, incomplete and/or misleading.

4). As to the allegations in paragraph 4 defendants admit that on November 8, 1999, the following individuals were employed by the Connecticut Department of Correction:

Holland, Wawrzyk, Sabettini, Deary, Norwood, Falk, Faucher, Rhodes, Manley, Faneuff, Seiffert, Kearney, Correia, Lynch, Strozier, Ames, Felton, Mitchell, Kuhlman, Jr., Stucenski, Thomas, Smith, Knapp, Jr. Daire, Chapman, Germond, Bernard, Schreindorfer, Lajoie, Zacharewicz, Pepe, Wilcox and Myers.

5). As to the allegations in paragraph 5, defendants are without sufficient knowledge or information to form a belief and therefore leave plaintiff to his proof.

6). As to the allegations in paragraph 6 defendants admit that on November 8, 1999, the following individuals acted under color of law: Holland, Wawrzyk, Sabettini, Deary, Norwood, Falk, Faucher, Rhodes, Manley, Faneuff, Seiffert, Kearney, Correia, Lynch, Strozier, Ames, Felton, Mitchell, Kuhlman, Jr., Stucenski, Thomas, Smith, Knapp, Jr. Daire, Chapman, Germond, Bernard, Schreindorfer, Lajoie, Zacharewicz, Pepe, Wilcox and Myers.

7). Paragraphs 7, 8 and 9 are denied as inaccurate, incomplete and/or misleading.

8). As to the allegations in paragraph 10, defendants admit that on November 8, 1999, plaintiff was a Connecticut inmate committed to the custody of the Connecticut Commissioner of Correction and was placed into Transcor Restraints for transportation to Virginia. As to the remaining allegations in paragraph 10, defendants have insufficient knowledge or information to form a belief and therefore leave plaintiff to his proof.

9). Paragraph 11 is denied as inaccurate, incomplete and/or misleading.

10). As to the allegations in paragraph 12, defendants admit that first defense cap-stun was used by Lt. Holland because plaintiff was pulling away from staff and kept moving his arms

in a jerky fashion. The remaining allegations in paragraph 12 are denied as inaccurate, incomplete and/or misleading.

11). As to the allegations in paragraph 13, defendants admit only that plaintiff was taken to the prone position after the first defense cap-stun was used. The remaining allegations in paragraph 13 are denied as inaccurate, incomplete and/or misleading.

12). Paragraphs 14, 15, and 16 are denied as inaccurate, incomplete and/or misleading.

13). As to the allegations in paragraphs 17, 18, 19, 20, 21, 22, 23, and 24 defendants admit only that while staff was attempting to photograph plaintiff, he actively resisted staff and his head had to be held in place. Thereafter, when staff attempted to escort plaintiff to the bus, he also began actively resisting staff, necessitating staff bringing plaintiff to the prone position. The remaining allegations in paragraphs 17, 18, 19, 20, 21, 22, 23 and 24 are denied as inaccurate, incomplete and/or misleading.

14). Paragraph 25 is denied as inaccurate, incomplete and/or misleading.

15). That part of paragraph 26 which states, "After the plaintiff was brutally beaten and tortured by those defendants who worked at Northern CI," is denied as inaccurate, incomplete and/or misleading. As to the remaining allegations in paragraph 26, defendants are without sufficient knowledge or information and therefore leave plaintiff to his proof.

16). As to the allegations in paragraph 27, defendants admit only that plaintiff stated that he had been maced and his eyes were very irritated. As to the remaining allegations in

paragraph 27, defendants are without sufficient information or knowledge to form a belief and therefore leave plaintiff to his proof.

17). As to the allegations in paragraphs 28, 29, 30, 31, defendants admit only that given plaintiff's complaints of very irritated eyes, plaintiff was taken off of the transportation bus and seen by medical staff at Walker Reception and Special Management Unit. Plaintiff's eyes were flushed, his abrasions washed, and Betadine prep applied to his abrasions. The remaining allegations in paragraphs 28, 29, 30 and 31 are denied as inaccurate, incomplete and /or misleading.

18). Paragraph 32 is denied as inaccurate, incomplete and/or misleading.

19). Paragraph 33 is admitted.

20). As to the allegations in paragraph 34, defendants admit only that plaintiff was sent to the infirmary on November 9, 1999 at Wallens Ridge State prison.

21). As to the allegations in paragraphs 35, 36, 37 and 38 defendants admit only that Captain Maynard from the Connecticut Department of Correction was in Virginia and did interview the plaintiff and pictures were taken of plaintiff in Virginia.

22). As to the allegations in paragraph 39, defendants admit that on November 9, 1999, plaintiff had a lumbar spine series, complete which showed no significant abnormality and a chest pa and lateral which was normal. The remaining allegations in paragraph 39 are denied as inaccurate, incomplete and misleading.

23).    That part of paragraph 40 which states, "Because plaintiff was housed in an out-of-state prison, the formal Department of Correction inmate grievance forms were not available to plaintiff" and "regarding the brutal assault on November 8, 1999" is denied.  The remaining allegations in paragraph 40 are admitted.

24).    As to the allegations in paragraph 41, Defendants admit that initially, upon receipt of plaintiff's correspondence to the Commissioner of Correction and the Commissioner on Human Rights and Opportunities, plaintiff's allegations were investigated and responses thereafter filed.

25).    As to the allegations in paragraph 42, defendants admit only that custody officials have no authority or expertise to second guess medical decisions.

26).    As to the allegations in paragraph 43, defendants admit that Connecticut Department of Correction staff shared classification information with the Virginia Correctional authorities.

27).    As to the allegations in paragraph 44, defendants admit that during the approximately two years plaintiff was at Northern, prior to his transfer to Wallens Ridge, he received numerous disciplinary reports including threats, interfering with safety and security and attempted assault on DOC employee.  As to that part of paragraph 44 which states, "Prior to this incident on November 8, 1999 plaintiff requested to be transferred out of Connecticut or Northern C.I."  Defendants are without sufficient knowledge or information to form a belief and therefore leave plaintiff to his proof.

28).    As to the allegations in paragraph 45, defendants admit only that plaintiff would complain that he was being retaliated against by some correctional staff, for plaintiff's slashing of the throat of a correctional officer at Somers state prison in April 1990.  Defendants further admit that given plaintiff's dangerous propensities, the only prison that he could be housed in Connecticut was the Northern Correctional Institution.

29).    Paragraphs 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 58, 59, 60, and 61 are denied as inaccurate, incomplete and/or misleading.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

At all relevant times the defendants carried out their duties with the good faith belief that they were acting lawfully and not in violation of any known rights of the plaintiff.  The defendants, are therefore, entitled to qualified good faith immunity from any judgment of money damages.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to allege the personal involvement in any alleged constitutional deprivation of defendants Seiffert, Ames, Felton, Kuhlman, Stucenski, Thomas, Smith, Knapp, Jr., Daire, Lajoie, Zacharewicz, Wilcox, Pepe. Strozier, Bernard, Schreindorfer or Myers.

### **THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to allege that the following defendants acted willfully and wantonly: Seiffert, Ames, Felton, Kuhlman, Stucenski, Thomas, Smith, Knapp, Jr., Daire, Lajoie, Zacharewicz, Wilcox, Pepe. Strozier, Bernard, Schreindorfer or Myers.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's negligence and false imprisonment claims against the defendants are barred by Connecticut General Statutes § 4-165.

### **FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust his administrative remedies.

DEFENDANT,
Wawryzyk

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:_____/s/_____
    Ann E. Lynch
    Assistant Attorney General
    Federal Bar No. ct08326
    110 Sherman Street
    Hartford, CT  06105
    Telephone No.:  (860) 808-5450
    Fax No.:  (860) 808-5591
    E-Mail:  ann.lynch@po.state.ct.us

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed to the following on this 19th day of September, 2007:

Shawn Robinson, No. oso1503529-430720
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625-0861

Robert Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT  06880

                                                          /s/
                                                Ann E. Lynch
                                                Assistant Attorney General