UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                                  |   |                        |
|----------------------------------|---|------------------------|
| SHAWN L. ROBINSON,               | ) | CIVIL ACTION           |
|         Plaintiff,               | ) |                        |
|   -vs-                           | ) | NO. 3:02-CV-1943(CFD)(TPS) |
| MICHAEL L. HOLLAND, ET AL.,      | ) | 09TH OCTOBER 2007      |
|         Defendants.              | ) |                        |

## PLAINTIFF OBJECTS TO DEFENDANTS' AMENDED ANSWER

Plaintiff Shawn L. Robinson comes before this Honorable Court, pursuant to Rule 12(g)(h), of the Federal Rules of Civil Procedure, to file an objection to the defendants' [#185] motion for leave to amend their [#101] answer and affirmative defenses, that they filed in 2005 to plaintiff's [#32] amended complaint.

Plaintiff objects to the defendants' deceitful attempt to try to preserve a defense, in which they totally waived in their answer dated November 23, 2005. [#101]

The defendants want this Honorable Court to believe that this was merely an oversight by counsel, but this affirmative defense or argument was never addressed in their 2005 Motion to Dismiss. [#43]

After all of plaintiff's personal belongings and legal papers had been thoroughly searched and perused by DOC officials and staff in New Jersey, the defendants began their argument of plaintiff not administratively exhausting his claims, as an affirmative defense.

It seems the defendants must expect for this Court to totally disregard the Federal Rules of Civil Procedure, and exempt them

from waiver or preservation of certain defenses, as to Rule 12(h).

The court should not allow the defendants to amend a defense, in which they blatantly waived, especially after it has been argued and ruled on.

It will be very prejudicial and extremely unfair to plaintiff at this juncture, if the defendants are afforded the opportunity to amend their answer and affirmative defenses, as to the allege issue of his failure to exhaust their administrative remedies, because it gives them a chance to take another bite at the apple, after it was already thoroughly argued in thier motion for summary judgment.

The defendants and their counsel are trying to manipulate and mislead this Honorable Court into believing that this was some kind of oversight, and counsel was unaware that plaintiff did not appeal the formal grievance he filed, until they deposed him afterwards.

Plaintiff would like to point the Court's immediate attention to the defendants' original answer [101] on page 5, paragraph 23 to plaintiff's amended complaint [#32], in which they clearly deny the assertion of paragraph 40, that claims plaintiff was transferred to an out-of-state prison, where there were no formal grievance forms available to plaintiff.

It is obvious that counsel was aware of paragraph forty (40), as well as paragraph forty-one (41) in said amended complaint. [32]

The only plausible explanation for counsel not including this issue as an affirmative defense in the answer [101], unless counsel was informed that plaintiff never received the formal DOC Level Two grievance appeal form, and thought it was a futile issue to include as a defense, especially after they said not during investigations.

If this Court has ruled on the defendants' motion for summary judgment, plaintiff would appreciate if the clerk of the court send him a copy of the order, so he can review the Court's ruling in the defendants' motion, and know what issues he must address on appeal.

Furthermore, plaintiff exhausted all available administrative remedies in this case; if plaintiff makes any mistake or oversight, the defendants are quick to penalize him for it.

WHEREFORE, the defendants should not be allowed to amend this affirmative defense in their answer, and the motion to amend should be denied on the failure to exhaust administrative remedies issue.

RESPECTFULLY SUBMITTED,
The Plaintiff Pro Se.

Mr. Shawn L. Robinson
#430720 - 0501503529
P.O. Box 861
Trenton, NJ  08625-0861

### CERTIFICATION

I hereby certify that on this 09th day of October 2007, that a copy of the foregoing will be placed into a sealed legal envelope and personally giving to 1-Right's prison staff to be mailed to the following:

Ms. Ann E. Lynch, Esq.
Attorney General Office
110 Sherman Street
Hartford, CT  06105-2294

Mr. Robert A. Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT  06880-4739

MR. SHAWN L. ROBINSON
The Plaintiff Pro Se