UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| SHAWN L. ROBINSON, | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| -VS- | ) | NO. 3:02-CV-1943(CFD)(TPS) |
| MICHAEL L. HOLLAND, ET AL., | ) | 05TH OCTOBER 2007 |
| Defendants. | ) | |

**AFFIDAVIT TO SUPPORT MOTION FOR APPOINMENT OF COUNSEL**

Plaintiff Shawn L. Robinson, being duly sworn, deposes and says:

1. I am the pro se plaintiff in the above entitled civil action. I make out this affidavit in support of my motion for appointment of pro bono counsel.

2. The complaint in this case alleges that plaintiff was brutally beaten and tortured by a gang of prison guards without provocation, while others watched and failed to intervene, including supervisory prison officials.

3. It also alleges that supervisory officials were fully aware of the violent propensities of some of the defendants and prison guards who worked at Northern CI, and are liable for failing to take action to control them.

4. Plaintiff was subsequently denied adequate and prompt medical care and treatment by the defendants and others, in attempt to cover up this crime.

5. Also plaintiff was arbitrarily removed from general population and vindictively placed into punitive and administrative segregation

without being charged of violating any prohibited act, nor was there ever any present allegation or incident to justify their arbitration to increase plaintiff's security risk level from Level Four(4) up to Level Five(5), so he could be placed into Northern CI's Disciplinary Restrictive Housing Unit on administrative segregation.

6. This is a complex case, because it contains several different legal claims with each claim involving a different set of defendants that correlate and intertwine with each other.

7. Plaintiff desires a jury trial, and this case involves medical issues that will require expert testimony.

8. Plaintiff has never had the opportunity to receive a G.E.D. or high school diploma, and only has a seventh grade education.

9. Plaintiff was transferred out the State of Connecticut, and is presently being confined in a maximum security prison in New Jersey, in which their law library is inadequate and the law books and legal materials in it are out dated. For this reason, plaintiff has very limited access to legal materials and has no ability to investigate the facts of the case, by locating and interviewing those who were eyewitnesse.

10. After all of this time, plaintiff does not quite understand why the court has not help him obtain legal counsel in this case.

11. Plaintiff has never filed abusive or excessive pleadings with the court, nor has he tried to harass or annoy the defendants.

12. It has been very difficult for plaintiff to litigate this case in court, due to the defendants and prison employees interfering and tampering with his legal mail and general correspondence, as well as his personal property and legal materials.

13. This case is not frivolous, or just another simple prison case about some poor living conditions or restrictions on constitutional rights or his civil liberties. This case deals with severe physical and mental injuries.

14. Although Defendant Michael L. Holland is presently doing time, the defendants have successfully avoided criminal prosecution for beaten and torturing Plaintiff Shawn L. Robinson. If plaintif don't get any legal representation, the defendants might also escape this civil action against them.

15. Plaintiff was unable to take any depositions on the defendants or potential witnesses, because he does not have legal counsel.

16. These defendants have abused and used their position and power as prison officials, so they can impede plaintiff's presentation of evidence against them, as well as taking advantage of the fact that plaintiff does not have legal representation in this case.

17. If this Honorable Court takes into consideration, that it will be almost impossible to force the defendants to allow the plaintiff full access of all the phsical evidence that's in their possession, due to security reasons.

18. The defendants do not allow plaintiff full access to the court or any of his witness and the evidence that is in their possession.

19. The defendants have the upper hand, because of plaintiff being a prisoner under their constraints, and they have full control of all evidence against them, including plaintiff's witnesses.

20. Plaintiff has done all he possibly can do on his own, and what the prison defendants will allow.

21. If counsel is appointed in this case, it will facilitate these

proceedings, and help plaintiff accurately and properly articulate his legal claims, as well as present all of the evidence at trial.

22. As set forth within the Memorandum of Law submitted with the motion and these facts, along with the legal merit of plaintiff's claims, support the appoinment of counsel to represent plaintiff.

WHEREFORE: the plaintiff's motion for the appointment of pro bono counsel should be granted.

RESPECTFULLY SUBMITTED,
The Plaintiff Pro Se.

Mr. Shawn L. Robinson
#430720 - OSO1503529
P.O. Box 861
Trenton, NJ  08625-0861

## CERTIFICATION

I hereby certify that on this 05th day of October 2007, that a copy of the foregoing will be placed into a sealed legal envelope and personally giving to 1-Right's prison staff to be mailed to the following:

Ms. Ann E. Lynch, Esq.
Attorney General Office
110 Sherman Street
Hartford, CT  06105-2294

Mr. Robert A Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT  06880-4739

MR. SHAWN L. ROBINSON
The Plaintiff  Pro Se