UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN L. ROBINSON, | CIVIL ACTION |
| Plaintiff, | NO. 3:02-CV-1943(CFD)(TPS) |
| -VS- | |
| MICHAEL L. HOLLAND, ET AL., | 05TH OCTOBER 2007 |
| Defendants. | |

**MEMORANDUM OF LAW TO SUPPORT PLAINTIFF'S
MOTION FOR APPOINTMENT OF PRO BONO COUNSEL**

Statement of the Case

    Plaintiff Shawn L. Robinson filed this civil action on October 31, 2002, pursuant to 42 U.S.C. 1983 against Michael L. Holland and others who acting under color of state law, ordinance, regulations, charter, custom or usage, have violated plaintiff's civil and due process rights by intentionally and unlawfully subjecting plaintiff to mental and physical torture and cruel and unusual punishment, including the deliberate denial and indifference to prompt adequate medical treatment, as well as the unlawful placement into punitive and administrative segregation. These actions further violated the Eight and Fourteenth Amendments to the United States Constitution.

Statement of Facts

    On November 8, 1999, the Connecticut Department of Correction transferred plaintiff out-of-state to Wallens Ridge State Prison in Big Stone Gap, Virginia, along with two (2) bus loads of other Conn state prisoners. But before plaintiff had the opportunity to get on

the prison transportation bus from TransCor America, the defendants at Northern Correctional Institution in Somers, Connecticut without any provocation brutally beat and tortured the plaintiff, after the transportation defendants from TransCor America had stripped search him and secured him in full transportation restraints.

Plaintiff was totally defenseless, and could not get anyone to intervene or get him any medical treatment for his injuries.

Prior to November 8, 1999, plaintiff was being unjustly housed at NCI - Somers on administrative segregation.

Northern Correctional Institution (NCI) was a supermax prison, and was mainly being used as one big restrictive housing unit, that only housed level five (5) male prisoners.

This included state prisoners sentenced to death; prisoners on administrative segregation and chronic discipline or any other close custody status.

Plaintiff had been a level four (4) Connecticut state prisoner for over ten (10) years, until he was transferred back to the State of Connecticut Department of Correction in 1997.

Once plaintiff was transferred back into the Conn Department of Correction; he was immediately placed in punitive segregation with no kind of disciplinary charge or hearing.

There were never any new or recent allegation or charge to even initiate or justify the plaintiff's placement on administrative segregation, pursuant to the Department of Correction's Admin. Dir. No. 9.2, Inmate Classification and the classification manual.

But plaintiff's security risk level was arbitrarily increased to a Level Five, and he was placed on administrative segregation at

Northern CI for something that occurred seven years before Northern was ever built or this administrative segregation policy and program being implemented and promulgated by the Department of Correction.

Furthermore, plaintiff had already been penalized for this same incident in 1990 when he was falsely accused of participating in an alleged riot and assaulting DOC Staff David Serkowsky.

Plaintiff was only transferred to Northern for revenge, as well as for unjust disciplinary and punitive measures.

After plaintiff was transferred to Northern, the Department of Correction allowed DOC Staff David Serkowsky to start working there at Northern CI, and matters just got worse for plaintiff.

All of the prison guards and staff working there at Northern CI were made fully aware of plaintiff's criminal conviction and forty-five (45) years sentence for allegedly assaulting David Serkowsky.

**LEGAL ARGUMENT**

THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

In deciding whether to appoint counsel for an indigent litigant the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir 1991)(citation omitted), cert. denied, 112 S.Ct 1995 (1992). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 173 (2d Cir. 1989). Each of these factors weighs in favor of appointing counsel in this

case for plaintiff, before he proceeds to trial.

1. Factual complexity: Plaintiff alleges that a gang of prison guards physically abused him, while others stood by and watched. He also asserts that certain prison supervisors were on notice of the violent propensities of some of those guards working at Northern CI and did nothing about them. Also, plaintiff was denied health care, after being severely beaten and injured, and still is being denied medical treatment for these injuries.

Finally, plaintiff claims the denial of established due process rights, when the defendants arbitrarily increased his security risk level, and placed him in segregaton without any charge.

In addition, one of the plaintiff's claims involves the denial of medical care and treatment; it will probably be necessary to present a medical expert witness or to cross-examine medical expert witnesses called by the defendants or both. The presence of medical or other issues requiring expert testimony supports appoinment of counsel. Moore v. Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992); Tucker v. Randall, 948 F.2d 388, 392 (7th Cir. 1991)

2. The plaintiff's ability to investigate: Plaintiff is a State of Connecticut prisoner, who is presently being incarcerated out of state in the State of New Jersey maximum security prison and has no ability to investigate the facts. For example, he is unable to identify, locate and interview the prisoners who were in the gym and on the bus with him, and witnessed some or all of this assault, when they all were transferred out of state. This is a factor, that several courts have cited in appointing counsel. Tucker v. Randall,

948 F.2d 388, 391-92 (7th Cir. 1991); Gatson v. Coughlin, 679 F.Sup 270, 273 (W.D.N.Y. 1988); Armstrong v. Snyder, 103 F.R.D. 96, 105 (E.D.Wis. 1984). In addition, this case will require considerable discovery concerning the identity of witnesses, the guards' reports and statements about the incident, the history of the guards with prior records of assaults, and the plaintiff's medical history. See Tucker v. Dickey, 613 F.Supp. 1124, 1133-34 (W.D.Wis. 1985) (A need for discovery supported appointment of counsel).

3. The ability of the indigent to present his claim: Plaintiff is an indigent prisoner with no professional legal training, a main factor that supports the appointment of counsel. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984. In addition, he is confined with very limited access to legal materials. Rays v. Johnson, 969 F.2d 700, 703-4 (8th Cir. 1992) (citing lack of access to a law library a factor supporting appointment of counsel).

4. Legal complexity: The large number of defendants, some whom are supervisory officials, presents some very complex legal issues determining which of these defendants were sufficiently personally involved in the constitutional violations to be held liable. In addition, the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop. See Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991)(citing jury demand as a factor supporting appointment of counsel), cert. denied 112 S.Ct. 1995 (1992).

5. Merit of the case: The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The unprovoked and injurious beating alleged in the complaint clearly states an

Eighth Amendment violation. See Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992). The allegations of plaintiff being denied health care and treatment, the U.S. Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoners' medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). The unjustified placement in punitive and administrative segregation on no conviction of a disciplinary charge, and to arbitrarily withhold statutory good time are all plain violations of due process. Ponte v. Real, 471 U.S. 491, 497 (1985); Superintendent v. Hill, 472 U.S. 445, 457, 105 S.Ct 2768 (1985); Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct 2963 1974). On its face, plaintiff has meritorious case.

## CONCLUSION

For the foregoing reasons, the court should grant plaintiff's motion and appoint counsel in this case.

RESPECTFULLY SUBMITTED,
The Plaintiff Pro Se.

Mr. Shawn L. Robinson
#430720 - OS01503529
P.O. Box 861
Trenton, NJ  08625-0861

## CERTIFICATION

I hereby certify that on this 05th day of October 2007, that a copy of the foregoing will be placed into a sealed legal envelope and personally giving to 1-Right's prison staff to be mailed to the following:

Ms. Ann E. Lynch, Esq.          Mr. Robert A. Rhodes, Esq.
Attorney General Office          Halloran & Sage, LLP
110 Sherman Street               315 Post Road West
Hartford, CT  06105-2294         Westport, CT  06880-4739

MR. SHAWN L. ROBINSON
The Plaintiff Pro Se