02cv1943 m.Recon

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN L. ROBINSON<br>PLAINTIFF | : | CIV.NO.<br>3:02 CV 1943 (CFD)(TPS) |
| V. | : | |
| MICHAEL L. HOLLAND, ET AL<br>DEFENDANTS | :<br>: | 15 NOVEMBER, 2007 |

**MOTION TO RECONSIDER THE COURT'S ORDER**
**GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) and Rule 7(c) of the Local Rules of Civil Procedure, the plaintiff requests the court to reconsider the order dated September 5, 2007, granting defendants', Zierdt, Reid, Napier, Ryan, Bendelow, Tavarez and Plute, Motion for Summary Judgment.

A memorandum in support of this motion is attached hereto.

RESPECTFULLY SUBMITTED,

By________________________
Shawn Robinson, PRO SE
#430720
P.O. Box 861
Trenton, NJ 08625-0861

On the Motion
Jessica J. York, Esq.
Inmate's Legal Assistance Program
78 Oak Street
Hartford, CT 06106
Fed. Bar. No.:CT 20666

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following counsel on this 25 day of November, 2007:

Robert Rhodes, Esq.
Halloran and Sage, LLP
315 Post Road West
Westport, CT 06880

Ann E. Lynch, Esq.
Attorney General's Office
110 Sherman Street
Hartford, CT 06105

Shawn Robinson, PRO SE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN L. ROBINSON
PLAINTIFF
V.
MICHAEL L. HOLLAND, ET AL
DEFENDANTS

: CIV.NO. 3:02 CV 1943 (CFD)(TPS)

: 15 NOVEMBER, 2007

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER**

Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) and Rule 7(c) of the Local Rules of Civil Procedure, the plaintiff moves the court to reconsider its order granting defendants' Motion for Summary Judgment.

## I. PROCEDURAL HISTORY AND STATEMENT OF FACTS

The plaintiff, Shawn Robinson, first filed his Complaint in this matter on or about October 31, 2002, (Court Doc. No. 2).

The Court then, on December 12, 2002, ordered the plaintiff to file an amended complaint within twenty (20) days to describe the methods in which the plaintiff had exhausted his administrative remedies, (Court Doc. No. 6). After filing for and being granted additional time within which to comply with the Court's order, the plaintiff filed his First Amended Complaint on April 7, 2003, (Court Doc. No. 18).

In his Amended Complaint, filed pursuant to Court order, the plaintiff named defendants Reid, Napier, Bendelow, Tavarez, Ryan and Plute, as well as a John Doe defendant, as employees of Transcor America, Inc. (Court Doc. No. 18, ¶5). The plaintiff went on to describe how after the assault on him by Connecticut Department of Correction employees, he was placed on a bus under the custody of the Transcor employee defendants and requested to said defendants that he be transported to a hospital for medical treatment. (Id. ¶26- 27).

While waiting for the Court to rule on his Motion to Proceed *In Forma Pauperis*, the plaintiff filed a Second Amended Complaint on or about January 5, 2004; wherein, he named defendants Zierdt, Napier, Bendelow, Tavarez, Ryan and Plute, as well as a John Doe defendant as employees of Transcor America, Inc. (Court Doc. No. 21, ¶5). Again, the plaintiff described how after the assault on him by Connecticut Department of Correction employees, he was placed on a bus under the custody of the Transcor employee defendants and requested to said defendants that he be transported to a hospital for medical treatment. (Id. ¶26- 27).

The Court then struck plaintiff's Second Amended Complaint for failure to request leave to amend on September 21, 2004 and ordered that the operative complaint in this matter be plaintiff's First Amended Complaint filed on April 7, 2003. (Court Doc. No. 24).

Plaintiff then filed a Motion to Amend and a Third Amended Complaint, identical to his Second Amended Complaint on December 23, 2004. (Court Doc. No. 30). Plaintiff's Motion to Amend was granted on January 4, 2005, (Court Doc. No. 31), which includes that one defendant, Zierdt, was added to the action.

On December 13, 2006, the defendants, Zierdt, Reid, Napier, Ryan, Bendelow and Tavarez, filed a Motion for Summary Judgment as to all Counts of plaintiff's Third Amended Complaint against said defendants. (Court Doc. No. 144).

On September 5, 2007, the Court entered an Order granting defendants' Motion for Summary Judgment as to defendants Zierdt, Reid, Napier, Ryan, Bendelow and Tavarez on the grounds that the claims against said defendants are time-barred.

The plaintiff respectfully asks that the Court reconsider its Order granting the defendants' Motion for Summary Judgment. (Court Doc. No. 178).

## II. LEGAL ARGUMENT

### A. The Statute of Limitations Had not Accrued until the Plaintiff Knew the Names of the Defendants or Should Be Tolled.

"Until the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury,' the statute of limitations does not commence to run." (Internal

citation omitted.) Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980), citing United States v. Kubrick, 444 U.S. 111, 100 S.Ct. 352, 259, 62 L.Ed. 2d 259 (1979).

In the above captioned matter, the plaintiff attempted to obtain the necessary information about the defendants, including the proper names of those Transcor employees present at the time of the assault on November 8, 1999, long before the statute of limitations ran in this matter. The plaintiff wrote directly to the company, once he was apprised of the name of the company, in order to obtain the names of the employees that were assigned to his transport from Connecticut to Virginia. (See Plaintiff's Third Amended Complaint, ¶40, Affidavit of Shawn Robinson, ¶7, Exhibit 1 of Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, Deposition of Shawn Robinson, p. 50, l. 11-21, p. 51, l. 2-5, Exhibit 2 of Plaintiff's Opposition Memorandum). The company, including the defendant employees, did not respond to the plaintiff's correspondence, thus, preventing the plaintiff from ascertaining the proper names of those individual employees who were directly involved in the November 8, 1999 incident. Once the plaintiff obtained the basic information on Transcor defendants' names, he immediately attempted to amend his complaint to include those names.

The plaintiff did not know "who ha[d] inflicted the injury," until he filed his Second Amended Complaint. Id. Therefore, the statute of limitations should be tolled until the date

that the plaintiff was provided the names of the Transcor employees.

Moreover, "a defendant 'may be equitably estopped from asserting the statute of limitations 'in cases where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused [the plaintiff] to delay in bringing his lawsuit.'" Wall v. Construction & Gen. Laborers' Union, Local 230, 224 F.3d 168, 176 (2d Cir. 2000), citing Buttry v. General Signal Corp., 68 F.3d 1488, 1493 (2d Cir. 1995) (quoting Cerbone v. International Ladies' Garment Workers' Union, 768 F.2d 45, 50 (2d Cir. 1985)). The Court in Wall further defines the test for equitable estoppel as: "(i) 'the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it'; and (ii) 'the plaintiff reasonably relied on that misrepresentation to his detriment.'" Id. at 176, citing Buttry, 68 F.3d at 1493.

In this matter, the defendants' non-action, in refusing to provide the plaintiff with the basic information necessary to proceed, was a dilatory tactic designed to prevent the plaintiff from filing the above-captioned matter against the Transcor defendants within the statute of limitations. The plaintiff should not now be penalized for the defendants' evasive actions.

For these reasons, the plaintiff respectfully asks that the Court reconsider its decision to grant summary judgment as to defendants Zierdt, Reid, Napier, Ryan, Bendelow, Tavarez and Plute.

## III. CONCLUSION

Wherefore, the plaintiff respectfully asks that the Court reconsider its Order dated September 5, 2007, granting defendants' Motion for Summary Judgment.

RESPECTFULLY SUBMITTED,

By____________________

Shawn Robinson, PRO SE
#430720
P.O. Box 861
Trenton, NJ 08625-0861

____________________

On the Memorandum
Jessica J. York, Esq.
Inmate's Legal Assistance Program
78 Oak Street
Hartford, CT 06106
Fed. Bar. No.:CT 20666

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following counsel on this 15 day of November, 2007:

Robert Rhodes, Esq.
Halloran and Sage, LLP
315 Post Road West
Westport, CT 06880

Ann E. Lynch, Esq.
Attorney General's Office
110 Sherman Street
Hartford, CT 06105

Shawn Robinson, PRO SE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

[illegible],

Plaintiff,

-vs-

[illegible], ET AL.,

Defendants.

CIVIL ACTION

NO. 3:02-CV-1943(CFD)(TPS)

[illegible] NOV [illegible] 2007

DECLARATION IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION

[illegible]

I, the undersigned, being duly sworn, hereby deposes and says:

1. I am the plaintiff in the above captioned civil action. I make this declaration in support of my motion for reconsideration of [illegible] ruling [Doc.#[illegible]] dated September 5, 2007, granting defendants' motion for summary judgment. [Doc.#[illegible]]

2. On June 1, 2000, I finally [illegible] the injury I sustained on my [illegible] November [illegible]. (See Exhibit 1.)

3. [illegible], informed me that the injury can only be corrected with an operation.

4. Despite the continuation of [illegible] treatment by the defendants, [illegible]

[illegible]

5. [illegible] the statute of limitation [illegible]

person who is incarcerated, until they are released. I would really like to cite this statute, but there are no Connecticut state legal material or law books available here, and most of my legal material was destroyed by prison staff.

6. Commander Wearing and their transportation officers were fully aware of my intention to litigate this matter in court, because the letters that I wrote them, clearly expressed my feelings and plans. Also, after I was beaten and denied medical care, I asked Defendant [illegible] and his co-workers their names. But he refused to tell me. Instead of trying to help me, he would not be my witness.

7. Through Freedom of Information Act, I was able to come across an incident report that shows [illegible] being "directly involved" with DOC staff at Northern CI using unlawful force on me, when he took a short tether from the belly chain to the leg restraints, in which only caused a lot more pressure on my injured back. See Exhibit [illegible].

I hereby declare under penalty of perjury that the above statement is true and correct, pursuant to 28 USC 1746.

Affiant,

Mr. [illegible] L. Johnson

CERTIFICATION

I hereby certify that on this 13th day of November [illegible]7, [illegible] a copy of the foregoing (Declaration of [illegible]) will be placed into a sealed legal envelope and personally hand to the unit staff [illegible] Housing Unit, [illegible] mailed to the following:

[illegible], Esq.
[illegible] General Office
[illegible] Street
Hartford, CT [illegible]

[illegible], Esq.
[illegible]
[illegible]
[illegible], CT [illegible]

[illegible]

RECEIVED OPEN FROM UNIT STAFF B. HILL ON 16TH SEPT 2007 (SR)

EXHIBIT A.

ST FRANCIS MEDICAL CENTER
601 HAMILTON AVE TRENTON, NJ 08629
(609) 599-5000
**Department of Radiology**

**RE: ROBINSON, SHAWN**
**DOB:** [redacted]
**SEX:** M
**LOCATION:** Outpatient

**ORD #:** 90001 **Date of Exam:** 06/04/2007
**MRN #:** 324576 **Discharge Dt:**
**ADM #:** 400700377685
**Accession #:** 1203408

*****Final Report*****

**REFERRING PHYSICIAN:** NEW JERSEY STATE PRISON
CMS MEDICAL UNIT, POST OFFICE BO
2ND AND CASS STREETS
TRENTON, NJ 08625

**Procedure Reason**: LOW BACK PAIN

**Exam: FCT 2131 - CT LUMBAR SPINE WO/CONTRAST**

**Date: Jun 4 2007**

**RESULT:** CT scan of the lumbar spine 06/04/07

Diagnosis: Back pain

Thin section axial tomographic images are obtained through the lumbar spine . The axial data set was then reviewed interactively on a 3-D workstation. The axial data set is reviewed in multiple planes, including the sagittal and coronal plane.

The visualized vertebral bodies are well mineralized and normal in height at all levels. Alignment is normal. The pedicles and posterior elements are intact.

Although soft tissue contrast is limited, there is evidence for mild and diffuse annular bulge at the L3-L4 and L4-L5 levels, which may contribute to mild central canal compromise.

I suspect the presence of a small central disc protrusion at L5-S1, which may contribute to mild central canal compromise.

There is no significant degenerative facet change or hypertrophy. There is no bony central canal or neural foraminal stenosis.

**IMPRESSION:** Impression:
1. Although evaluation of the discs is suboptimal on this examination, the possibility of a small central disc protrusion at L5-S1 is raised. Clinical correlation is necessary to determine the significance of this finding.
2. Mild degenerative disc bulge is visible at L3-L4 and L4-L5 levels.
3. There is no evidence for significant spondylosis, and no evidence for bony central canal or foraminal stenosis.

RECEIVED OPEN FROM UNIT STAFF B. HILL ON 16TH SEPT 2007. (SB)

# ST FRANCIS MEDICAL CENTER

601 HAMILTON AVE TRENTON, NJ 08629
(609) 599-5000
**Department of Radiology**

**RE: ROBINSON, SHAWN**
**DOB:** [redacted]
**SEX:** M
**LOCATION:** Outpatient

**ORD #:** 90001 **Date of Exam:** 06/04/2007
**MRN #:** 324576 **Discharge Dt:**
**ADM #:** 400700377685
**Accession #:** 1203408

**Thank you for choosing St. Francis Medical Center**

Interpreting Physician: DANIEL J. COHEN MD M.D.
**Addending Physician: COHEN MD M.D., DANIEL J.**

Signoff Date: Jun 4 2007 12:20PM Transcribed by: PSC Transcribed Date: Jun 4 2007 12:20PM End Proc Dtime:Jun 4 2007 11:48AM

Robinson class file
148844

# TRANSCOR AMERICA INCIDENT REPORT

Report Faxed:

Vehicle accident ___ Escape ___ Prisoner incident ___ Use of Force ___ Medical ___

EXHIBIT B

| LOCATION | DATE | TIME | AGENTS |
|---|---|---|---|
| Took place Northern Corr. Facility Somers Conn. | 11-10-99 | 15.15 | Cpl. Bryan D. Bendelow #429 |
| RESPONDING DEPT / OFFICER / REPORT # | MANIFEST # | ~~VAN #~~ Bus | |
| | | 405 | |

PRISONERS INVOLVED

| | | |
|---|---|---|
| 1. | 5. | 9. |
| 2. | 6. | 10. |
| 3 | 7. | 11. |
| 4. | 8. | 12. |

| OWNER/DRIVER OF OTHER VEHICLE | ADDRESS | PHONE | |
|---|---|---|---|
| | | DL # | |

| OTHER INDIVIDUALS INVOLVED | ADDRESS | PHONE |
|---|---|---|
| 1. | | |
| | | |
| 2. | | |
| | | |

INCIDENT DESCRIPTION

On 11-8-99 our mass move Team picked up 38 inmates at Northern Corr. Facility in Somers Conn. toward the end of loading the inmates they said they had an Inmate that was being hostile, when they brought the Inmate to the Stripping room I and the C.E.R.T Team went into the room where I then restrained the Inmate after finishing they told me that they had to get a picture of him, I said that was fine and then they took him to

INCIDENT DESCRIPTION CONT.

another Room to take his picture, I then went to the Restroom to wash my hands, while waiting in the hall way I Could hear the officers telling him to open his eyes so they Could take the picture a few minutes later they then Came through the door Carring the Inmate while waiting for the door to open to go into the Selly port the Inmate was kicking and resisting the officers, so I then put further restraints from his belly chain to his leg restrains to keep from kicking around to get him to the bus, after getting on the bus we took the short chain off of the Inmate, and the Inmate said that he was assaulted and needed medical attention, when we got to the next facility to pick up our last two Inmates we sent him to the facilities medical dept. where they released him saying he was fit for travel,

SKETCH OF AREA WHERE INCIDENT OCCURRED

SPECIAL NOTES

AGENT SIGNATURE

DATE

CERTIFICATION

[illegible] 2007, [illegible]

[illegible]

[illegible]