**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SHAWN ROBINSON, | : | |
| Plaintiff, | : | CIVIL NO. 3:02CV1943(CFD)(TPS) |
| | : | |
| V. | : | |
| | : | |
| | : | |
| MICHAEL L. HOLLAND, ET AL. | : | DECEMBER 14, 2007 |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR RECONSIDERATION RE: GRANTING OF SUMMARY JUDGMENT

### I.    INTRODUCTION

The plaintiff, Shawn Robinson, has moved for reconsideration of the court's decision granting summary judgment in favor of JOHN ZIERDT, JR., HENRY SCOTT REID, ANTHONY NAPIER, DAVID RYAN, II, B.D. BENDELOW and JOSE TAVAREZ ("Transcor Defendants").  The plaintiff now claims that the statute of limitations should have been tolled because he claims that he was unaware of the names of the Transcor Defendants.  The plaintiff now appears to claim that he ultimately became aware of these names when he received the response to the Freedom of Information request he filed with the State of Connecticut.  The plaintiff also claims that Transcor did not respond to the plaintiff's letter in which he asked for their assistance in the present lawsuit.  The defendants object to the Motion for Reconsideration because the plaintiff has not established grounds for tolling the statute of limitations as to the Transcor Defendants.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

II.    ARGUMENT

The statute of limitations cannot be tolled or extended in this matter because there are no claims or evidence of any fraudulent concealment of material facts by the defendants, JOHN ZIERDT, JR., HENRY SCOTT REID, ANTHONY NAPIER, DAVID RYAN, II, B.D. BENDELOW and JOSE TAVAREZ.

To prove fraudulent concealment under Connecticut law, the plaintiff must demonstrate: (1) the defendant's actual awareness, rather than imputed knowledge, of facts necessary to establish plaintiff's cause of action; (2) the defendant's intentional concealment of facts from the plaintiff, and (3) the defendant engaged in the concealment of facts for the purpose of obtaining delay on the plaintiff's part in filing a complaint on the cause of action.  Martinelli v. Bridgeport Roman Catholic Diocesan Corp., 196 F.3d 409, 420 (2d Cir. 1999).  "Generally, mere silence or failure to disclose does not constitute such fraudulent concealment as will suspend the statute of limitations.  Some actual trick or artifice to prevent knowledge of the fact or inquiry with respect thereto, some affirmative act of concealment, or some misrepresentation to exclude suspicion and prevent injury, must be shown."  Johnson v. Wadia, Super. Ct., judicial district of Stamford, Stamford, 1991 Conn. Super. LEXIS 669 at 9, CV 85 0075560 S (March 28, 1991)(Lewis, J.), citing 54 C.J.S., Limitations of Actions, § 90, p. 130.  See also 51 Am Jur 2d, Limitations of Actions, § 148, p. 719 and § 149, p. 721. Specifically, fraudulent concealment cannot be supposed or presumed.

"To meet this burden it is not sufficient for the plaintiffs to prove merely that it was more likely than not that the defendants had concealed the cause of action.  Instead,

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

the plaintiff must prove fraudulent concealment by the more exacting standard of clear, precise, and unequivocal evidence." Bartone v. Robert L. Day Co., 232 Conn. 527, 533 (1995)(citations omitted).  "It has accordingly been held that the party seeking to toll the statute of limitations must explain why due diligence did not lead or could not have led to the discovery of the facts and the cause of action."  51 Am Jur 2d, § 148, p. 721.

A § 1983 claim accrues "when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm."  Veal v. Gercai, 23 F.3d 722, 724 (2d Cir. 1994). Additionally, Connecticut's statute of repose, C.G.S. § 52-584, limits the period for filing actions for wanton conduct to three years from the date of the alleged conduct.

In the present case, the plaintiff knew of the alleged conduct on the day in which he claims to have been assaulted, November 8, 2007.  The plaintiff, at some point in time, then submitted a Freedom of Information request to the State of Connecticut, and, as a result, he claims that he learned the names of the Transcor Defendants.  The plaintiff already admitted in his deposition that none of the Transcor Defendants were involved in the alleged assault, that none of the Transcor Defendants injured the plaintiff, and that none of the Transcor Defendants acted in concert with the employees of the Department of Corrections who allegedly assaulted the plaintiff.  (See "Statement of Facts Not In Dispute" dated December 13, 2006, at pars. 6-10.)

Now the plaintiff appears to claim that Bendelow injured his back by administering a restraining tether, despite the plaintiff's prior testimony cited above, as well as, his testimony that the tether restraint administered by Bendelow was placed on

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

the plaintiff *after* the alleged assault by the DOC officers.  (See "Deposition Testimony of Shawn Robinson" at p. 33, lns. 18-25, p. 34, lns. 1-4, attached as Exhibit A to "Statement of Facts Not In Dispute" dated December 13, 2006.)  To the extent to which the plaintiff's affidavit clearly contradicts his prior deposition testimony, it should not be considered by the Court.  " [I]t is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment. " Buttry v. General Signal Corp., 68 F.3d 1488, 1493 (2d Cir.1995).

The plaintiff also claims that he wrote a letter to Transcor seeking their assistance in prosecuting the present action, and that Transcor did not respond. Specifically, the plaintiff testified that, in writing to the president of Transcor, "[the plaintiff] didn't want *Connecticut* to get away with what they did to me, man, and I asked for [Transcor's] help, their assistance because I feel since they was not directly involved or attacking me, the didn't call – they didn't inflict me with these injuries, then I could get their help." (See "Deposition Testimony of Shawn Robinson" at p. 56, lns. 8-21, attached as Exhibit A, of "Statement of Facts Not In Dispute" dated December 13, 2006.)  The failure of Transcor to respond to this request does not constitute a misrepresentation, trick or artifice to intentionally conceal any material facts in this case.

None of these allegations constitute fraudulent concealment of any facts by the JOHN ZIERDT, JR., HENRY SCOTT REID, ANTHONY NAPIER, DAVID RYAN, II, B.D. BENDELOW and JOSE TAVAREZ.  Transcor itself is not a defendant, and its failure to respond to the plaintiff's request for assistance in his claims against the State of Connecticut cannot be used against the individual defendants.  Nonetheless, mere

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

silence by Transcor would not be sufficient to demonstrate fraudulent concealment. None of the individual defendants had any communications or contact with the defendant after November 8, 2007, and did nothing to fraudulently conceal any information from the plaintiff.

Further, the plaintiff had three years to obtain the information which he ultimately obtained through a Freedom of Information request. The plaintiff cites to an incident report completed by the defendant Bendelow to support his argument that he discovered facts about Bendelow after the expiration of the statute of limitations. The plaintiff does not indicate when and how he received this report. However, this report does not support any claim of fraudulent concealment. In fact, the existence of this report demonstrates that Bendelow did not attempt to conceal anything. More importantly, Bendelow gave a statement to the State of Connecticut Department of Public Safety on January 24, 2000. (See Exhibit A.) This statement, which was a public record accessible to the plaintiff, also clearly demonstrates that Bendelow did not attempt to conceal anything.

The undersigned defendants had nothing to do with the plaintiff's Freedom of Information Request and did nothing to impede this request. There is absolutely no reason or justification for the plaintiff's failure to obtain this information during the pendency of the three year statute of limitations. Therefore, there is no reason or justification to extend or toll the statute of limitations in this matter.

315 Post Road West
Westport, CT 06880

5

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

III.    CONCLUSION

For the foregoing reasons, the plaintiff's Motion for Reconsideration should be denied.

DEFENDANTS,
JOHN ZIERDT, JR., HENRY
SCOTT REID, ANTHONY NAPIER,
DAVID RYAN, II, B.D. BENDELOW
AND JOSE TAVAREZ

By _____
ROBERT A. RHODES of
HALLORAN & SAGE LLP
Fed. Bar #ct 13583
315 Post Road West
Westport, CT 06880
(203) 227-2855

315 Post Road West
Westport, CT 06880

6
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

## CERTIFICATION OF SERVICE

This is to certify that on this 14th day of December, 2007, a true copy of the foregoing was sent via first class mail, postage prepaid, to all counsel and pro se parties of record as follows:

Plaintiff, Shawn Robinson, pro se:

Shawn Robinson
oso 1503529-430720
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625-0861

Various defendants, c/o:
Ann E. Lynch, Esq.
Attorney General's Office
110 Sherman Street
Hartford, CT 06105

Robert A. Rhodes

1095592v 1
315 Post Road West
Westport, CT 06880

7

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

EXHIBIT ____A____

STATE OF CONNECTICUT            Case Number: C99-323568
DEPARTMENT OF PUBLIC SAFETY     Date: 01/24/00
DIVISION OF STATE POLICE        Time Started: 1135 hrs.
                                Time Ended:   1230 hrs.

### WITNESS STATEMENT OF  Bryan D. Bendelow

I   Bryan D. Bendelow                                          date of birth,   10/10/75
of    Transcor America                   , town/city of  Nashville, TN
Tel. (615) 251-7008
make the following statement without fear, threat, or promise. I have been advised that any statement(s) made herein
which I do not believe to be true, and which statement is intended to mislead a public servant in the performance of
his/her official function, is a crime under C.G.S. section 53a-157.

---

I am employed by Transcor America of Nashville, TN, where I have worked for about 4 years.
Transcor is an agency that transports and extradites inmates from one state to another. I drive a bus
for Transcor America.

About two months ago, I was in Connecticut for the purpose of transporting 40 inmates from
Northern Correctional Institution to Wallens Ridge Prison in Virginia. On this date while at Northern,
I was also assigned to search and secure the inmates who were leaving Northern before boarding
the bus. About halfway through the boarding procedure, I was told by some of the DOC officers that
the last two inmates that they were going to bring down may cause a problem, so they would be
brought out last.

Prior to boarding the bus, an inmate would be brought to a cell, where I, along with two DOC
SERT team members would process the inmate. I would strip search each inmate who was brought
to the cell, then I would secure the inmate in leg irons, belly chains, and handcuffs. The inmate
would then be escorted onto the waiting Transcor bus by the DOC SERT team members, as another
inmate was brought to the cell for processing. Thirty-eight inmates were secured and boarded the
bus without any real problems, other than the typical verbal exchanges that sometimes occurred
between the inmates and DOC officers.

One of the last inmates, a black inmate who I don't know by name, was escorted and brought
to the cell by the DOC officers. He was told to face the wall so they could remove their restraints
from him. Once the restraints were removed, the inmate turned around and gave the officers the
finger and began swearing at them. He was then told to face the wall again and comply with my
orders, which he did. I stripped searched the inmate and then secured him with leg irons, belly
chain, and handcuffs and he was told to sit on the bench in the cell. I told the officers that I was
done and was going to wash my hands before getting on the bus, at which time the inmate stated
that he had to go to the bathroom. I told him to go ahead and left the cell, leaving the inmate with the
DOC officers. I believe there may have been three officers with the inmate. As I left the cell, one of
the officers told me they had to get a picture of the inmate.  I continued down the hall to the
bathroom. While I was in the bathroom, I could hear the officers tell the inmate to open his eyes so

---

By affixing my signature to this statement, I acknowledge that I have read it or have had it read to me and it is true to the
best of my knowledge and belief.

Witness: _____        Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained
therein.

I notarized, endorse here:_____

Page 1 of 2

STATE OF CONNECTICUT        Case Number: C99-323568
DEPARTMENT OF PUBLIC SAFETY
DIVISION OF STATE POLICE

WITNESS STATEMENT OF Bryan D. Bendelow

---

they could take the picture. I could hear the inmate yelling at the officers. It sounded as if the inmate was not obeying their orders. As I was returning from the bathroom, several officers were physically carrying him from the processing room to the sallyport, where I secured the inmate with a short chain to further restrain him. The inmate had been kicking and trying to free himself from the DOC officers who were attempting to carry him out to the bus. Once he was further secured, he was carried from the sallyport onto the bus. Other than observing the officers trying to restrain the inmate while he was kicking and wiggling around, I did not see any officer strike the inmate.

Once he was carried onto the bus by the DOC SERT team, the officers left the bus and the black inmate was secured in a seat behind the driver's bunk. While I was driving the bus from Northern to Walker, I heard the inmate ask Sgt. Reid for some water and paper towels to rinse his eyes out because he was maced. I did not smell any mace. He was provided with water and towels by Sgt. Reid. He also requested medical assistance by non-DOC personnel, and requested to see a federal marshal because he was assaulted. He was told that he could get medical assistance upon our arrival at Walker CI, where we were going to meet another bus.

Upon our arrival at Walker, Sgt. Reid told Sgt. Ryan that an inmate said he was maced at Northern and wanted to see medical personnel. Th inmate was escorted from the bus to the medical unit in Walker. I remained on the bus. After he was examined at Walker, the inmate was brought back onto the bus, at which time some white inmate stated that he also wanted to see medical because he was assaulted at Northern. He was also taken to medical then re-boarded the bus a short time later, at which time we pulled out to head for Virginia.

We did not have a problem with any of the inmates during the trip from Connecticut to Virginia. The black inmate who stated that he had been assaulted and maced in Connecticut was the first one to be taken off the bus at Wallens Ridge Prison in Virginia, at which time I noticed that one of his eyes was very red.

By affixing my signature to this statement, I acknowledge that I have read it or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

I notarized, endorse here:_____