UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| SHAWN ROBINSON | : | PRISONER<br>CIVIL NO. 3:02CV1943(CFD)(TPS) |
| V. | : |  |
| MICHAEL L. HOLLAND, ET AL. | : | MARCH 24, 2008 |

## DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff moves for reconsideration of the court's ruling on plaintiff's motion for entry of a default judgment against defendant Holland. The other defendants in this matter, Wawryzyk, Sabettini, Deary, Norwood, Falk, Faucher, Rhodes, Manley, Faneuff, Seiffert, Kearney, Correia, Lynch, Strozier, Ames, Felton, Mitchell, Kuhlman, Thomas, Smith, Daire, Chapman, Germond, Bernard, Schreindorfer, Wilcox, Pepe, and Myers ("Wawryzk defendants") object to plaintiff's motion for reconsideration.

As a preliminary matter, it must be noted that the decision whether to grant a default judgment rests within the sound discretion of the district court. Shah v. New York State Dep't of Civ. Serv.., 168 F.3d 610, 615 (2d Cir. 1999); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). In addition, it is well settled, there is a strong preference for resolving disputes on the merits. American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 62 (2d Cir. N.Y. 1996). Plaintiff offers no compelling reason as to why this court should change how it exercised its discretion.

Plaintiff does reference that "presently DOC Staff and Officials are Depriving me of My property and Legal Materials. . ." Motion to Reconsider p. 2. As is evidenced from the attached, plaintiff is being provided with access to the law library and is

sending and receiving legal mail. Moreover, it appears his property issues pertained to 23 cassette tapes which were sent out by him in 2004.

Moreover, plaintiff has not certified a copy of his motion for reconsideration to the defendant Holland. Thus, this motion should not be granted as no notice of it has been provided to the defendant it affects.

Finally, in his Third Amended complaint, plaintiff alleges that defendants acted jointly, in conspiracy and in concert with each other. Defendants deny that joint liability applies in this case. However, given plaintiff's allegations, the court properly denied the motion for default judgment. A court should not default some but not all defendants in litigation where joint liability is sought. Frow v. De La Vega, 82 U.S. 552, 21 L. Ed. 60 (1872). In Frow, eight defendants were accused of jointly defrauding the plaintiff. 82 U.S. at 552-53. One defendant, Frow, defaulted, while the rest proceeded to trial and prevailed against the plaintiff. See id. at 553. The plaintiff then sought to enforce the default judgment against Frow, who appealed. See id. Finding the situation "unseemly and absurd, as well as unauthorized by law," the Supreme Court set aside the default judgment. Id. at 554.

Although defendants disagree that joint liability applies in this matter, given plaintiff's allegations of joint liability, the court appropriately exercised its discretion in

denying plaintiff's motion for the entry of a default judgment. Accordingly, plaintiff's motion for reconsideration should be denied.

                                                DEFENDANTS,
                                                Wawryzyk et al

                                                RICHARD BLUMENTHAL
                                                ATTORNEY GENERAL

                                          BY: /s/_____
                                                Ann E. Lynch
                                                Assistant Attorney General
                                                Federal Bar No. ct08326
                                                110 Sherman Street
                                                Hartford, CT  06105
                                                Telephone No.:  (860) 808-5450
                                                Fax No.:  (860) 808-5591
                                                E-Mail: ann.lynch@po.state.ct.us

## **CERTIFICATION**

        I hereby certify that a copy of the foregoing was mailed to the following on this 24th day of March, 2008:

Shawn Robinson, No. oso1503529-430720
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625-0861

Robert Rhodes, Esq.
Halloran & Sage, LLP
315 Post Road West
Westport, CT  06880

                                                /s/_____
                                                Ann E. Lynch
                                                Assistant Attorney General