UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN ROBINSON                   :
                                 :           PRISONER
    v.                           :   CASE NO. 3:02CV1943(CFD)
                                 :
MICHAEL HOLLAND, et al.          :

### RULING AND ORDER

In this civil rights action, plaintiff claims that he was assaulted and denied medical care just prior to his transport from Connecticut to Virginia. Plaintiff seeks reconsideration of the court's September 5, 2007 rulings granting defendants' motion for summary judgment as to all claims against defendants Zacharewicz, Lajoie and Knapp [Doc. #179] and all claims against defendants Zierdt, Reid, Napier, Ryan, Bendelow and Tavarez ("the Transcor defendants") [Doc. #178]. For the reasons that follow, both motions are denied.

A motion for reconsideration must be filed and served within ten days from the date of filing of the decision from which reconsideration is sought. The motion must be accompanied by a memorandum concisely stating the facts or controlling decisions the moving party believes the court overlooked. D. Conn. L. Civ. R. 7(c).

Plaintiff seeks reconsideration of rulings filed on September 5, 2007. Thus, he had until September 19, 2007, to file and serve his motions for reconsideration. Plaintiff's motions are dated November 15, 2007, nearly two months too late.

In addition, the first motion [Doc. #205] does not include the required memorandum.

Even if the motions were timely, they would be denied. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision.  See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Reconsideration will be granted only when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).  A motion for reconsideration may not be used to relitigate an issue the court already has decided.  See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007).

In the first motion [Doc. #205], plaintiff seeks reconsideration of the decision granting summary judgment on the claims against defendants Zacharewicz, Knapp and Lajoie.  He attaches to his motion copies of reports purportedly showing that defendants Zacharewicz and Knapp were present when he was assaulted.  The incident reports do show that each defendant was present in the area where plaintiff allegedly was assaulted.  The

reports indicate, however, that neither defendant witnessed an assault, the use of mace, or any evidence that mace had been used.  These reports were prepared in November 1999 and March 2000.  Plaintiff fails to show that this information could not have been discovered earlier had he exercised due diligence.  See Fidelity Partners, Inc. v. First Trust Co. of New York, 58 F. Supp. 2d 55, 59 (S.D.N.Y. 1999) (listing elements plaintiff must show for reconsideration based on newly discovered evidence).  Thus, the reports do not constitute newly discovered evidence and do not warrant reconsideration of the prior ruling.

In addition, the reports fail to support Robinson's claim against these defendants, namely that defendants Zacharewicz and Knapp knew that correctional staff planned to assault Robinson on November 8, 1999.  Plaintiff still fails to establish a causal connection between any action by these defendants and his injuries.  See Doc. #179 at 12.  Thus, his motion for reconsideration fails as to defendants Zacharewicz and Knapp.

Plaintiff moves for reconsideration of the ruling regarding defendant Lajoie by repeating his argument opposing summary judgment, that defendant Lajoie knew that his subordinates would assault plaintiff and tried to cover up the assault.  A motion for reconsideration is not a vehicle to reassert claims already presented and decided.  See SPGGC, 408 F. Supp. 2d at 91.  Thus, plaintiff's arguments also are insufficient as to defendant

Lajoie.

In his second motion [Doc. #206], plaintiff seeks reconsideration of the court's determination that the claims against the Transcor defendants are time-barred.[1]  The court found that the limitations period expired on November 8, 2002. Plaintiff filed his original complaint within the limitations period, but did not name any of the Transcor defendants. Although he included "John Doe" defendants, he stated that all such John Doe defendants were employees of the Connecticut Department of Correction.  Plaintiff first named Transcor defendants when he filed his amended complaint on April 1, 2003, after the limitations period expired.

Plaintiff argues that the limitations period did not commence until he learned the names of the defendants.  Plaintiff provides no authority to support this assertion.  The decision he cites concerns whether the limitations period on a medical malpractice claim begins when the treatment was provided or when

---

[1] Plaintiff also filed this motion pursuant to Rule 60(b), Fed. R. Civ. P, which provides relief from a final judgment or order.  Plaintiff invokes the "catch-all" provision, Section 60(b)(6). No judgment has entered in this case. A ruling granting a motion for summary judgment for some defendants is not a final order from which an appeal may be taken as of right. See Fed. R. Civ. P. 54(b) (providing that, absent entry of a partial judgment, an order adjudicating fewer that all claims does not end the action as to any claim or defendant); Lillbask ex rel. Mauclaire v. Sergi, 193 F. Supp. 2d 503, 517 n.8 (D. Conn. 2002) (noting that ruling granting summary judgment in favor of some, but not all, defendants is not a final order).  Thus, any request for relief pursuant to Rule 60(b) is denied as premature.

the plaintiff became aware of the claim, i.e., that he had been injured as a result of that treatment.  See Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980).  The case does not hold that the statute of limitations commences only when plaintiff learns the identity of each defendant.  Indeed, such a holding would be contrary to Second Circuit precedent that an amended pleading does not relate back to the filing of the original complaint where a defendant was not included in the original complaint because plaintiff did not know the identity of that defendant.  See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469-70 (2d Cir. 1995), op'n mod'd and aff'd, 74 F.3d 1366, 1367 (2d Cir. 1996).  Here, plaintiff was aware of his claims as soon as they occurred.  Accordingly, this argument is without merit.

Plaintiff also argues that the limitations period should be equitably tolled until he learned the names of the Transcor defendants.  He alleges that he wrote to Transcor when he learned the company's name, seeking the names of the employees assigned to transport inmates from Connecticut to Virginia.  Plaintiff argues that the failure of Transcor to respond to his letter constitutes fraudulent concealment.

The Second Circuit applies equitable tolling in cases filed by prisoners only in "'rare and exceptional circumstances,' where . . . 'extraordinary circumstances' prevented a party from timely performing a required act, and that the party 'acted with

reasonable diligence throughout the period he [sought] to toll.'" Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quoting Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (internal quotation marks omitted), cert. denied, 546 U.S. 961 (2005)), cert. denied, 547 U.S. 1101 (2006).

Plaintiff alleges that the Transcor defendants fraudulently concealed their identities. Where a federal court borrows a state statute of limitations, the court also borrows the applicable state law tolling rules unless those rules are inconsistent with, or would frustrate the purposes of, the federal law. Board of Regents v. Tomanio, 446 U.S. 478, 485 (1980). To invoke the doctrine of fraudulent concealment in Connecticut, plaintiff must establish the defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish plaintiff's claim and intentional concealment of these facts from plaintiff by the defendant for the purpose of delaying the filing of plaintiff's complaint. Martinelli v. Bridgeport Roman Catholic Diocesan Corp., 196 F.3d 409, 419 (2d Cir. 1999). Where, as here, there is no fiduciary duty, plaintiff must show an affirmative act of concealment, not mere silence. See Falls Church Group, Ltd. v. Tyler, Cooper and Alcorn, LLP, 281 Conn. 84, 107 (2007).

Transcor is not a defendant in this case. Plaintiff has not shown that any Transcor defendant affirmatively concealed his

identity from plaintiff for the purpose of delaying the filing of this action. Thus, plaintiff fails to demonstrate fraudulent concealment.

In addition, the Transcor defendants pointed to the January 2000 witness statement that defendant Bendelow gave to Connecticut State Police in connection with its investigation of the incident. Plaintiff has provided no reason why he could not have obtained this statement and filed suit within the limitations period. The court concludes that plaintiff fails to demonstrate that he acted diligently. Thus, equitable tolling is not warranted in this case.

In conclusion, plaintiff's motions for reconsideration [**Docs. ## 205, 206**] are **DENIED**.

**SO ORDERED** this 30th day of April 2008, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge